# EXHIBIT A

Thomas F. Fitzpatrick
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038
tfitzpatrick@goodwinprocter.com

John C. Englander
Douglas C. Doskocil
Michael G. Strapp
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231
jenglander@goodwinprocter.com
ddoskocil@goodwinprocter.com
mstrapp@goodwinprocter.com

Greg H. Gardella
FISH & RICHARDSON P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Tel.: 612-335-5070
Fax: 612-288-9696
ggardella@fr.com

Attorneys for Applied, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, GERALD Z. YIN, AIHUA CHEN, RYOJI TODAKA, AND LEE LUO, <br><br> Defendants. | Case No.: C 07 05248 PVT <br><br> **PLAINTIFF'S FIRST REQUEST TO DEFENDANTS FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS AND TANGIBLE THINGS** |

# PLAINTIFF'S FIRST REQUESTS TO DEFENDANTS FOR THE PRODUCTION AND INSPECTION OF DOCUMENTS AND TANGIBLE THINGS

Plaintiff Applied Materials, Inc. ("Applied") hereby requests, pursuant to Fed. R. Civ. P. 34, that the defendants Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd., Advanced Micro-Fabrication Equipment Inc., Asia, Gerald Z. Yin, AiHua Chen, Ryoji Todaka, and Lee Lou (collectively, "Defendants") produce the documents and things described below for inspection and copying in accord with the following definitions and instructions. All documents and things to be produced should be produced within 30 days to the offices of Goodwin Procter LLP, Exchange Place, Boston, Massachusetts, 02109, and directed to the attention of Michael Strapp.

## Definitions

1) "You" and "Your" as used herein refers to each individual Defendant answering these interrogatories, and all persons, agents, attorneys, representatives, consultants or other persons or entities purporting to act on their behalf.

2) "Applied" shall refer to plaintiff Applied Materials, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on its behalf.

3) "AMEC" shall refer to defendant Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd., and its present and former officers, directors, employees, attorneys, agents, representatives, parent, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on its behalf.

4) "AMEC Asia" shall refer to defendant Advanced Micro-Fabrication Equipment Inc., Asia, and its present and former officers, directors, employees, attorneys, agents, representatives, parent, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on its behalf.

5) "Yin" shall refer to defendant Gerald Z. Yin.

6) "Chen" shall refer to defendant AiHua Chen.

1

7) "Todaka" shall refer to defendant Ryoji Todaka.

8) "Luo" shall refer to defendant Lee Luo.

9) "Former employee defendants" shall refer to defendants Gerald Z. Yin ("Yin"), AiHua Chen ("Chen"), Ryoji Todaka ("Todaka") and Lee Luo ("Luo"), and anyone acting or purporting to act on their behalf.

10) The term "document" includes, without limitation, the full range of material discoverable under Rule 34 of the Federal Rules of Civil Procedure, including email, whether from a personal or professional account. This includes physical documents and things as well as electronically stored and machine-readable files in any magnetic or electronic medium, and data or data fragments that may be found in such media even though not associated with any particular electronic file. Such media include, without limitation, hard drives, floppy diskettes, Zip disks, tapes, CD-ROMs, DVD-ROMs, flash memory, and the like. The term "document" also includes, without limitation, any file system data and "metadata" that is embedded in or associated with electronic files, including file history data (creation dates, modification dates, print dates, save dates, deletion dates, deleted or recoverable data, directory structure data, save locations, etc.), edit/undo history, document profile data, and embedded comments. It also includes, without limitation, originals and all nonidentical copies.

11) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and shall include any correspondence, contact, discussion, or any other kind of written, oral (either face-to-face or telephonic) or electronic exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more persons or entities.

12) The term "concerning" is used herein in its broadest sense and includes, though is not limited to, referring to, addressed to, addressed from, addressing, describing, evidencing, relating to, involving, about, mentioning, containing, embodying or constituting, directly or indirectly.

2

13) "Digital storage devices" should be construed to include CD and DVD data disks, portable USB storage devices, external hard drives, and/or magnetic media.

14) "Email accounts" should be construed to include web-based email accounts as well as network-based email accounts and repositories of stored emails.

15) "Etch tool" or "Etch machine" means any apparatus for removing material from a substrate such as a semiconductor wafer.

16) "CVD tool" or "CVD machine" means any apparatus for depositing material onto the surface of a substrate such as a semiconductor wafer.

17) "Rotating Pedestal" shall refer to a rotating and articulating pedestal in a chamber of a CVD tool.

18) "Multi-Frequency RF Sources and Matching Network" shall refer to the use of dual, triple, or more frequency RF sources, where each of the frequencies differ by a factor of at least four, along with a matching network, in a plasma chamber.

19) "TEOS Line Source Temperature Control" shall refer to use of a 110°C temperature setting for the tetraethyl orthosilicate (TEOS) gas line in a TEOS vaporization test for a CVD tool.

20) In construing these definitions, instructions, and document requests: (i) the singular shall include the plural and the plural shall include the singular; (ii) "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of an interrogatory all information that might otherwise be construed to be outside its scope; (iii) verb tenses shall be interpreted to include past, present and future tenses; and (iv) the words "any" and "all" shall be read to mean each and every.

21) When referring to a person, "to identify" means to give the person's full name, present or last known address and telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be stated in response to subsequent discovery requesting the identification of that person.

3

22) When referring to documents, "to identify" means to give the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

23) When referring to communications, "to identify" means to give the (a) type of communication; (b) general subject matter; (c) date of the communication; and (d) participants in the communication.

## INSTRUCTIONS

1) Documents and things either: (i) should be produced separately for each inspection demand or, alternatively, be identified as produced with respect to the particular inspection demand to which they are responsive; or (ii) should be produced as kept in the usual course of business, along with copies of the folders or other containers in which the documents are kept.

2) These document requests seek the production of all non-identical copies of responsive documents, including drafts and copies upon which notes have been made. In producing the documents requested, please furnish all documents within your possession, custody, or control, regardless of whether such documents are possessed directly by you or by your attorneys, spouse, agents, employees, or representatives.

3) If any document cannot be produced in full, please produce such document to the extent possible, state the reason for the inability to produce the remainder of the document, and state whatever information, knowledge, or belief you have concerning the unproduced portion of the document, including without limitation the general subject matter of the unproduced portion.

4) In the event any document responsive to these Requests is withheld from production based upon a claim of attorney-client, work-product, or any other privilege or immunity, explain the basis of the privilege or other protection you are claiming and provide a general description of the nature of the document you are withholding.

4

5) These requests are continuing. In the event that you become aware, after responding to these requests, of any information which will augment or modify your initial responses, please immediately furnish supplemental responses to Plaintiff's attorneys, as is required by Federal Rule of Civil Procedure 26(e).

6) The defendants are instructed not to spoliate or allow the spoliation of electronic evidence pending discovery in this matter. In particular, defendants must not delete or alter the contents of: (1) any email accounts to which they have access or over which they have possession, custody, or control; (2) any data stored on electronic devices in their possession, custody, or control, including but not limited to data stored on the hard drives of computers and data stored on any storage media in their possession, custody, or control; and (3) data stored in any personal digital assistant, BlackBerry, or flash memory device in their possession, custody, or control.

## DOCUMENTS AND THINGS TO BE PRODUCED

Request No. 1

All documents concerning any and all patent applications (whether currently pending or not) filed by You concerning any technology related to either CVD and/or etch tools, including but not limited to:

1) All documents concerning the conception, reduction to practice or invention of the subject matter disclosed by AMEC in Chinese Patent Application No. 200510028563.2 filed on August 5, 2005, U.S. Patent Application No. 11/441,291, filed May 24, 2006, and Japanese Patent Application No. 2006-214829 August 7, 2006, including but limited to, documents concerning the person[s] who conceived of the inventions, documents concerning the date of conception, and documents concerning the date of disclosure of the inventions to any third party;

2) All documents concerning the conception, reduction to practice or invention of the subject matter disclosed by AMEC in Chinese Patent Application No.

5

200510028564.7 filed on August 5, 2005, U.S. Patent Application No. 11/350,022, filed February 8, 2006, and Japanese Patent Application No. 2006213916, filed August 4, 2006, including but not limited to, documents concerning the person[s] who conceived of the inventions, documents concerning the date of conception, and documents concerning the date of disclosure of the inventions to any third party;

3) All documents concerning the incorporation of any of the subject matter disclosed by AMEC in Chinese Patent Application No. 200510028563.2 filed on August 5, 2005, U.S. Patent Application No. 11/441,291, filed May 24, 2006, and Japanese Patent Application No. 2006-214829 August 7, 2006 in any AMEC products;

4) All documents concerning the incorporation of any of the subject matter disclosed by AMEC in Chinese Patent Application No. 200510028564.7 filed on August 5, 2005, U.S. Patent Application No. 11/350,022, filed February 8, 2006, and Japanese Patent Application No. 2006213916, filed August 4, 2006 in any AMEC products;

5) All documents concerning the incorporation of any of the subject matter disclosed by AMEC in any other patent application concerning any technology related to either CVD and/or etch tools in any AMEC products.

Request No. 2

All documents of all individual defendants concerning their employment with Applied, including but not limited to Employment Agreements, Termination Certifications, and Notice of Termination forms.

Request No. 3

All documents of all individual defendants that were created, generated, and/or that came into any individual defendant's possession while he or she was employed at Applied, including but not limited to email correspondence and files.

6

Request No. 4

All AMEC Employment Agreements for each AMEC employee who was formerly employed by Applied.

Request No. 5

All documents concerning AMEC's registration with the Chinese government as a Chinese foreign cooperative venture on May 31, 2004 at the Shanghai Pudong New Area Administration for Industry and Commerce.

Request No. 6

All documents concerning the disclosure of any invention by any individual defendant to AMEC or any other party since AMEC was founded.

Request No. 7

All documents concerning each and every manufacturer, supplier, partner, or distributor for each AMEC etch and CVD tool, including but not limited to supplier lists, purchase agreements, proposals, and/or NDAs.

Request No. 8

All documents concerning contracts with non-AMEC entities, and any specifications provided to non-AMEC entities concerning the design, development, manufacturing, test and/or evaluation of any feature of AMEC's etch and CVD tools.

Request No. 9

All documents concerning the sale and/or evaluation of any AMEC etch or CVD tool, including but not limited to sales contracts, nondisclosure agreements, evaluation agreements,

7

terms of sale, and any and all documents sufficient to identify the party purchasing and/or evaluating the AMEC etch or CVD tool, the date on which AMEC first contacted that party, and the nature of any such communications.

Request No. 10

Any and all equipment manuals, user manuals, user guides, configuration guides, service manuals, developer's manuals, technical specifications, reference manuals, flow diagrams, blueprints and drawings related to each AMEC etch or CVD tool used to make semiconductor wafers or other microelectronic components.

Request No. 11

All documents concerning the conception, development, design, specifications, and manufacture of AMEC's CVD tools used to make semiconductor wafers or other microelectronic components, including but not limited to CVD tools incorporating Rotating Pedestal[s].

Request No. 12

All documents concerning the conception, development, design, specifications, and manufacture of AMEC's etch tools used to make semiconductor wafers or other microelectronic components, including but not limited to etch tools incorporating Multi-Frequency RF Sources and Matching Network[s].

Request No. 13

All documents concerning the conception, development, design, specifications, and manufacture of AMEC's tools used to make semiconductor wafers or other microelectronic components, including but not limited to tools incorporating TEOS Line Source Temperature Control.

8

Request No. 14

All documents concerning, reflecting, constituting or memorializing any and all rules, procedures, policies, guidelines, and training AMEC has adopted regarding treatment and use of its own and other parties' trade secrets and/or confidential information.

**DOCUMENTS AND THINGS TO BE MADE AVAILABLE FOR INSPECTION AND COPYING**

Request No. 1

Computers, hard drives, digital storage devices, and email accounts in the control and possession of Defendants.
9

1 | Respectfully submitted,

APPLIED MATERIALS, INC.,

By its attorneys,

*/s/ T. F. Fitzpatrick/*

Thomas F. Fitzpatrick
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038
tfitzpatrick@goodwinprocter.com

John C. Englander
Douglas C. Doskocil
Michael G. Strapp
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Greg H. Gardella
FISH & RICHARDSON P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Tel.: 612-335-5070
Fax: 612-288-9696
ggardella@fr.com

Dated: October 15, 2007

LIBA/1836273.1

10