# EXHIBIT B

1  Thomas F. Fitzpatrick
2  GOODWIN PROCTER LLP
   181 Lytton Avenue
3  Palo Alto, CA 94301
   Tel.: 650-752-3144
4  Fax: 650-853-1038
   tfitzpatrick@goodwinprocter.com
5
   John C. Englander
6  Douglas C. Doskocil
   Michael G. Strapp
7  GOODWIN PROCTER LLP
   53 State Street
8  Boston, Massachusetts 02109
   Tel.: 617.570.1000
9  Fax: 617.523.1231
   jenglander@goodwinprocter.com
10 ddoskocil@goodwinprocter.com
   mstrapp@goodwinprocter.com
11
   Greg H. Gardella
12 FISH & RICHARDSON P.C.
   60 South Sixth Street
13 3300 Dain Rauscher Plaza
   Minneapolis, MN 55402
14 Tel.: 612-335-5070
   Fax: 612-288-9696
15 ggardella@fr.com

16 Attorneys for Applied, Inc.

17                        UNITED STATES DISTRICT COURT
                          NORTHERN DISTRICT OF CALIFORNIA
18                                SAN JOSE DIVISION

19 APPLIED MATERIALS, INC.,                    Case No.: C 07 05248 PVT
20         Plaintiff,
21
           v.                                  **PLAINTIFF'S FIRST SET OF
22                                             INTERROGATORIES TO DEFENDANTS**
23 ADVANCED MICRO-FABRICATION
   EQUIPMENT (SHANGHAI) CO., LTD.,
24 ADVANCED MICRO-FABRICATION
   EQUIPMENT INC., ASIA, GERALD Z. YIN,
25 AIHUA CHEN, RYOJI TODAKA, AND LEE
   LUO,
26
27         Defendants.
28

# PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Applied Materials, Inc. ("Applied") hereby requests that defendants Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd., Advanced Micro-Fabrication Equipment Inc., Asia, Gerald Z. Yin, AiHua Chen, Ryoji Todaka, and Lee Lou (collectively, "Defendants") each individually answer the interrogatories set forth below, separately and fully, in writing and under oath, within thirty (30) days after service of these interrogatories.

## Definitions

1) "You" and "Your" as used herein refers to each individual Defendant answering these interrogatories, and all persons, agents, attorneys, representatives, consultants or other persons or entities purporting to act on their behalf.

2) "Applied" shall refer to plaintiff Applied Materials, Inc., and its present and former officers, directors, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on its behalf.

3) "AMEC" shall refer to defendant Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd., and its present and former officers, directors, employees, attorneys, agents, representatives, parent, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on its behalf.

4) "AMEC Asia" shall refer to defendant Advanced Micro-Fabrication Equipment Inc., Asia, and its present and former officers, directors, employees, attorneys, agents, representatives, parent, subsidiaries, affiliates, assignees, predecessors in interest, successors in interest, and anyone acting or purporting to act on its behalf.

5) "Yin" shall refer to defendant Gerald Z. Yin.

6) "Chen" shall refer to defendant AiHua Chen.

7) "Todaka" shall refer to defendant Ryoji Todaka.

1

8)  "Luo" shall refer to defendant Lee Luo.

9)  "Former employee defendants" shall refer to defendants Gerald Z. Yin ("Yin"), AiHua Chen ("Chen"), Ryoji Todaka ("Todaka") and Lee Luo ("Luo"), and anyone acting or purporting to act on their behalf.

10) The term "document" includes, without limitation, the full range of material discoverable under Rule 34 of the Federal Rules of Civil Procedure. This includes physical documents and things as well as electronically stored and machine-readable files in any magnetic or electronic medium, and data or data fragments that may be found in such media even though not associated with any particular electronic file. Such media include, without limitation, hard drives, floppy diskettes, Zip disks, tapes, CD-ROMs, DVD-ROMs, flash memory, and the like. The term "document" also includes, without limitation, any file system data and "metadata" that is embedded in or associated with electronic files, including file history data (creation dates, modification dates, print dates, save dates, deletion dates, deleted or recoverable data, directory structure data, save locations, etc.), edit/undo history, document profile data, and embedded comments. It also includes, without limitation, originals and all nonidentical copies.

11) "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), and shall include any correspondence, contact, discussion, or any other kind of written, oral (either face-to-face or telephonic) or electronic exchange or transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more persons or entities.

12) The term "concerning" is used herein in its broadest sense and includes, though is not limited to, referring to, addressed to, addressed from, addressing, describing, evidencing, relating to, involving, about, mentioning, containing, embodying or constituting, directly or indirectly.

13) "Etch tool" or "Etch machine" means any apparatus for removing material from a substrate such as a semiconductor wafer.

2

1  14)  "CVD tool" or "CVD machine" means any apparatus for depositing material onto the surface of a substrate such as a semiconductor wafer.

15)  "Rotating Pedestal" shall refer to a rotating and articulating pedestal in a chamber of a CVD tool.

16)  "Multi-Frequency RF Sources and Matching Network" shall refer to the use of dual, triple, or more frequency RF sources, where each of the frequencies differ by a factor of at least four, along with a matching network, in a plasma chamber.

17)  "TEOS Line Source Temperature Control" shall refer to use of a 110°C temperature setting for the tetraethyl orthosilicate (TEOS) gas line in a TEOS vaporization test for a CVD tool.

18)  In construing these definitions, instructions, and interrogatories: (i) the singular shall include the plural and the plural shall include the singular; (ii) "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of an interrogatory all information that might otherwise be construed to be outside its scope; (iii) verb tenses shall be interpreted to include past, present and future tenses; and (iv) the words "any" and "all" shall be read to mean each and every.

19)  When referring to a person, "to identify" means to give the person's full name, present or last known address and telephone number, and, when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person needs to be stated in response to subsequent discovery requesting the identification of that person.

20)  When referring to documents, "to identify" means to give the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

21)  When referring to communications, "to identify" means to give the (a) type of communication; (b) general subject matter; (c) date of the communication; and (d) participants in the communication.

3

## INSTRUCTIONS

1) These interrogatories call for all information in your possession, custody, or control, or in the possession, custody, or control of your attorneys, agents, employees, officers, directors, or representatives, or other persons acting under your authorization, employment, direction, or control.

2) If you are unable to answer any of these interrogatories in full after exercising due diligence to secure the information requested, you should answer to the extent possible, explain why you are unable to answer in full, and provide whatever information that you have concerning the unanswered portion.

3) If you object to any interrogatory, state the ground(s) of the objection with sufficient specificity to permit the determination of the basis(es) for such objection. Objection to a portion of any interrogatory does not relieve you of the duty to respond to the parts that you do not object to.

4) If you withhold any information because you claim that it is protected by the work product doctrine or the attorney-client or any other privilege or protection, identify the information by description, date, author or source and subject matter, and state the ground(s) on which you base your claim of privilege or protection.

5) In the event that an interrogatory answer requires, in whole or part, consultation of a document which is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by: (a) the last known custodian; (b) date of destruction or discard; (c) the manner of destruction or discard; (d) the reason(s) for destruction or discard; (e) the efforts made to locate any documents that have been lost or misplaced; (f) a statement describing the document, including a summary of its contents; (g) the identity of its author(s); and (f) persons to whom it was sent or shown.

6) If you answer any interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Fed. R. Civ. P. 33(d): (a) identify any such records

4

by their corresponding Bates Number(s) or otherwise to allow the documents to be easily identified; (b) make available any computerized information or summaries thereof that you either have or can adduce; (c) provide any relevant compilations, abstracts or summaries in your possession, custody, or control; and (d) provide copies of those records concurrently with service of the answers to these interrogatories.

7) These interrogatories are deemed to be continuing, and pursuant to the obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure, you are required to promptly supplement your responses with information as requested herein that may become known or available to you after the date of your initial answers to these interrogatories.

8) The defendants are instructed not to spoliate or allow the spoliation of electronic evidence pending discovery in this matter. In particular, defendants must not delete or alter the contents of: (1) any email accounts to which they have access or over which they have possession, custody, or control; (2) any data stored on electronic devices in their possession, custody, or control, including but not limited to data stored on the hard drives of computers and data stored on any storage media in their possession, custody, or control; and (3) data stored in any personal digital assistant, BlackBerry, or flash memory device in their possession, custody, or control.

## **INTERROGATORIES**

Interrogatory No. 1

Identify (by product or service name, model number, trademark, trade name, internal designation, code name, project name, marketing name, version number and any other unique designation) each CVD tool you have designed, developed, or manufactured.

Interrogatory No. 2

Separately for each CVD tool identified in response to Interrogatory No. 1:

5

A. State whether the tool has been manufactured, sold, placed for evaluation, exported, offered for sale, used and/or distributed by You, and identify the person most knowledgeable regarding the same.

B. For those tools that You have sold or placed for evaluation, identify the model number of each tool sold or placed for evaluation and to whom the tool was sold or placed for evaluation, the date of sale or placement, and identify the person most knowledgeable regarding the same.

C. Identify by Bates ranges all documents concerning the tool, including but not limited to functional or design specifications, blueprints, schematics, or technical diagrams of the tool.

D. Provide a narrative description of how You designed, developed and conceived of the tool, including the dates on which these events occurred and the people involved in the events, and identify the person most knowledgeable regarding the same.

Interrogatory No. 3

Identify (by product or service name, model number, trademark, trade name, internal designation, code name, project name, marketing name, version number and any other unique designation) each etch tool you have designed, developed, or manufactured, including but not limited to etch tools incorporating Multi-Frequency RF Sources and Matching Network[s].

Interrogatory No. 4

Separately for each etch tool identified in response to Interrogatory No. 3:

A. State whether the tool has been manufactured, sold, placed for evaluation, exported, offered for sale, used and/or distributed by You, and identify the person most knowledgeable regarding the same.

B. For those tools that You have sold or placed for evaluation, identify the model number of each tool sold or placed for evaluation and to whom the tool was sold or placed for

6

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No.: C 07 05248 PVT

evaluation, the date of sale or placement, and identify the person most knowledgeable regarding the same.

C. Identify by Bates ranges all documents concerning the tool, including but not limited to functional or design specifications, blueprints, schematics, or technical diagrams of the tool.

D. Provide a narrative description of how You designed, developed and conceived of the tool, including the dates on which these events occurred and the people involved in the events, and identify the person most knowledgeable regarding the same.

Interrogatory No. 5

Identify all actual or potential suppliers related to any technology concerning AMEC etch and CVD tools. For each supplier:

A. Identify the product supplied or to be supplied (by product or service name, model number, trademark, trade name, internal designation, code name, project name, marketing name, version number and any other unique designation);

B. Identify the date on which You first communicated with the supplier;

C. Identify by Bates Ranges all documents concerning the supplier and your communications with the supplier.

Interrogatory No. 6

Describe in detail Your computer, network and filing system, including but not limited to the network location of all files concerning any ex-Applied employees who currently work at AMEC.

7

Respectfully submitted,
APPLIED MATERIALS, INC.,

By its attorneys,

/s/ Thomas F. Fitzpatrick

Thomas F. Fitzpatrick
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038
tfitzpatrick@goodwinprocter.com

John C. Englander (BBO # 542532)
Douglas C. Doskocil (BBO # 558949)
Michael Strapp (BBO # 653884)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Greg H. Gardella
FISH & RICHARDSON P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Tel.: 612-335-5070
Fax: 612-288-9696
ggardella@fr.com

Attorneys for Applied , Inc.

October 15, 2007

LIBA/1836877.1

8

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS
Case No.: C 07 05248 PVT