1  HAROLD J. MCELHINNY (CA SBN 66781)
   HMcElhinny@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522

5  MARC DAVID PETERS (CA SBN 211725)
   MDPeters@mofo.com
6  DAVID M. ALBAN (CA SBN 238955)
   DAlban@mofo.com
7  MORRISON & FOERSTER LLP
   755 Page Mill Road
8  Palo Alto, CA 94304-1018
   Telephone: 650-813-5600
9  Facsimile: 650-494-0792

10 Attorneys for Defendant
   ADVANCED MICRO-FABRICATION EQUIPMENT INC.
11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                        SAN JOSE DIVISION

15

16 APPLIED MATERIALS, INC.,                 Case No.   C07 05248 JW

17                     Plaintiff,            **DECLARATION OF HUAIYU XU
                                             IN SUPPORT OF MOTION TO
18      v.                                   DISMISS**

19 ADVANCED MICRO-FABRICATION              Date:              January 7, 2008
   EQUIPMENT (SHANGHAI) CO., LTD.,         Time:              9:00 a.m.
20 ADVANCED MICRO-FABRICATION             Courtroom: 8, 4th Floor
   EQUIPMENT, INC., ASIA, ADVANCED
21 MICRO-FABRICATION EQUIPMENT, INC.,

22                     Defendants.

23

24

25

26

27

28

   DECLARATION OF HUAIYU XU IN SUPPORT OF MOTION TO DISMISS                    1
   CASE NO. C07 05248 JW
   tk-259761

1    I, Huaiyu Xu, do declare as follows:

2    1.    I am an attorney with the Shanghai Hanzhi Law Firm in the People's Republic of

3    China ("PRC"). I am admitted to practice law in the PRC. In 2003, I received my LLM degree

4    from Fudan University, Shanghai. I have been working as a licensed attorney since 2005.

5    2.    I have been asked to provide an opinion as to whether the claims of the above

6    captioned lawsuit, styled *Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment*

7    *(Shanghai) Co., Ltd., Advanced Micro-Fabrication Equipment, Inc., Asia, and Advanced Micro-*

8    *Fabrication Equipment, Inc.* (hereinafter "California Lawsuit"), could be filed in the courts of the

9    PRC. My opinion, which is set forth below, is based on my training and experience as a lawyer

10   in the PRC and my knowledge of the Code of Civil Procedure of the PRC and the laws of the

11   PRC concerning contracts, torts, and trade secrets.

12   3.    I have not made any independent investigation of the facts of the California

13   Lawsuit. In forming my opinions, I have been asked to assume that the facts set forth in

14   Paragraph 4, and I have based my opinions on these facts.

15   4.    The assumptions on which I base my opinions are as follows:

16       a.    The Plaintiff is a United States corporation having its principal place of

17             business in California.

18       b.    Advanced-Micro Fabrication Equipment Inc. China (中微半导体设备（上

19             海）有限公司) is a cooperative joint venture organized under the laws of

20             the PRC having its principal place of business in Shanghai.

21       c.    Advanced-Micro Fabrication Equipment, Inc. is a corporation organized

22             under the laws of the Cayman Islands having its principal place of business

23             in Shanghai.

24       d.    Advanced-Micro Fabrication Equipment, Inc. Asia is a corporation

25             organized under the laws of the Cayman Islands having its principal place

26             of business in Shanghai.

27

28

e.  The principal business of Advanced-Micro Fabrication Equipment Inc. China is the design and development of equipment used to produce microchips.  The principal business of the Plaintiff is the same.

f.  Plaintiff alleges that Defendants employ a number of individuals that previously worked for Plaintiff.

g.  The Plaintiff has asserted claims for misappropriation of trade secrets and conversion.  Plaintiff alleges that Defendants have acquired Plaintiff's trade secrets from Plaintiff's former employees, now employed by the Defendants in the PRC.  The Plaintiff alleges that Defendants have used and disclosed the alleged trade secrets in the PRC by, among other things, disclosing the alleged secrets by filing two Chinese patent applications. The Plaintiff also alleges that the alleged trade secrets were later disclosed in two U.S. and two Japanese patent applications filed by the Defendants that claimed priority to the earlier Chinese patent applications.

h.  The Plaintiff has also asserted a claim for interference with contract. Plaintiff alleges that Defendants have caused former employees to breach their employment contracts by disclosing alleged trade secret information to Defendants in the PRC.  Plaintiff alleges that the former employees signed the alleged contracts in California.

i.  Plaintiff also alleges that Defendants misuse of trade secret information has allowed Defendants to unfairly compete in the marketplace.

j.  Plaintiff seeks unspecified monetary damages, an injunction prohibiting the use of Plaintiff's alleged trade secrets, and title to the six patent applications.

5.  Based on the foregoing, it is my opinion that the California Lawsuit could be filed and maintained in the PRC.

6.  The laws of the PRC recognize a property interest in trade and commercial secrets and provide a private right of action and civil and criminal penalties for their misappropriation.

DECLARATION OF HUAIYU XU IN SUPPORT OF MOTION TO DISMISS
CASE NO. C07 05248 JW
tk-259761

3

1    Article 10 of the PRC Anti-Unfair Competition Law states: "The business operator shall not

2    infringe other's trade and commercial secrets by adoption of the following methods: (1)

3    acquisition of other's trade and commercial secrets by misappropriation, seduction, threats or

4    other improper means . . . ." Article 20 of the PRC Anti-Unfair Competition Law states: "The

5    business operator, whose rights and lawful interest is harmed by unfair-competition activities,

6    shall have the right to file civil litigation with the competent people's court." Article 219 of the

7    PRC Criminal Law states: "The person conducting any of the following activities, resulting in

8    significant losses to the right holder of the business secrets, shall be subject to 3-year

9    imprisonment, . . . (1) acquisition of other's trade and commercial secrets by misappropriation,

10   seduction, threats or other improper means . . . ."

11        7.       While PRC law does not have a specific cause of action for interference with

12   contract, the facts alleged by Plaintiff in this cause of action could be used to assert a claim under

13   the PRC Anti-Unfair Competition Law. Article 10 of the PRC Anti-Unfair Competition Law

14   states: "The business operator shall not infringe other's trade and commercial secrets by adoption

15   of the following methods: . . . (3) In violation of the agreement or the right holder's non-

16   disclosure requirements on trade and commercial secrets, disclose, use or permit others to use the

17   right holder's trade and commercial secrets that it has obtained. If a third party knows or should

18   have known the above illegal conducts, the acquisition, use or disclosure of others' trade and

19   commercial secrets by such third party shall be deemed to have infringed other's trade and

20   commercial secrets." For such violations, the civil and criminal remedies available are the same

21   as those identified in paragraph 6 above.

22        8.       The laws of the PRC recognize a private right of action for conversion. Article

23   117 of the PRC General Principles of Civil Law states: "If a person takes possession of the

24   country's, unit's or other person's properties, such person shall return the property to its owner, or

25   if such return is practically impossible, compensate the owner..." Article 134 of the PRC General

26   Principles of Civil Law states: "The methods for a person to bear civil liabilities include: ...(4)

27   Return of property;...." Article 1 of the Several Rules on Implementation of Laws in People's

28

1  Court Hearing of Patent Related Cases states: "The people's court shall accept the following cases

2  related to patent: (1) disputes in patent application rights; (2) disputes in patent ownership;..."

3       9.     Based on the foregoing, it can be concluded that the Plaintiff could bring a lawsuit

4  for the above claims in the First Intermediate People's Court of Shanghai Municipality.

5  According to Article 1 of the Rules on Several Issues concerning Jurisdiction over Foreign-

6  related Civil and Commercial Cases, the intermediate people's court located in the municipalities

7  directly controlled by the PRC central government shall have jurisdiction over the first trial of

8  foreign-related civil and commercial cases.

9       10.    The procedures governing trials and appeals in the courts of the PRC are codified

10  in the PRC Code of Civil Procedures and in subsequent opinions of the Supreme People's Court,

11  which is the court of last resort in the PRC. The rules relating to evidence are codified in the

12  Several Rules of the Supreme Peoples Court on Evidence in Civil Procedure.

13       11.    Once the lawsuit was filed, the court would have 7 days to determine whether it

14  would accept the case. The court should accept the case, unless the acts alleged fail to meet the

15  four conditions as listed in Article 108 of the PRC Code of Civil Procedures, such as if the acts

16  about which the plaintiff is complaining do not give rise to any claim by the plaintiff against the

17  defendant under the laws of the PRC.

18       12.    Once the court accepts the lawsuit, the parties will be notified. The plaintiff and

19  defendant shall file all evidence in support of claims with the court within such a period of time

20  as (i) mutually agreed by the parties and recognized by the court, or (ii) designated by the court.

21  According to Article 33 of the Rules on Evidence in Civil Cases, where designated by the court,

22  the time limit of filing evidence shall be no shorter than thirty (30) days. In most cases, the time

23  limit of filing evidence is designated by the court. Prior to the trial, the court may, upon

24  application by either party, organize the exchange of the evidence produced by both parties.

25       13.    After being accepted by the court, the case will be set for trial. The date of first

26  hearing will be decided by the judge without any statutory requirement on the timing.

27       14.    The trial will be held before no less than a three-judge panel. One of the judges,

28  typically a more senior judge, will be the presiding judge. At the trial, the parties have the right

DECLARATION OF HUAIYU XU IN SUPPORT OF MOTION TO DISMISS    5
CASE NO. C07 05248 JW
tk-259761

1    to call and cross-examine witnesses and to introduce documentary evidence and other evidence as

2    allowed by Article 125 of the PRC Code of Civil Procedures.  Article 125 of the PRC Code of

3    Civil Procedures states: "With the permission of the court, the parties may question witnesses,

4    expert witnesses and inspectors. . . ."

5        15.    The courts in the PRC have the power to take an active role in gathering and

6    obtaining evidence. The court has the power to compel the production of documents by non-party

7    witnesses and to require unwilling non-party witnesses to testify. The court's power is nationwide

8    in scope. Thus, the First Intermediate People's Court of Shanghai Municipality could require the

9    production of documents located or compel the testimony of a witness residing anywhere in the

10    PRC.

11        16.    Additionally, if a witness genuinely faces difficulty in being present at the court,

12    the court may accept written testimony from that witness, including a written statement or a

13    deposition taken under United States law. As the pre-condition for the court's acceptance, the

14    evidence produced in the territory of the United States shall meet the mandatory requirements on

15    notarization and legalization. Article 70 of the PRC Code of Civil Procedures states: "If a witness

16    genuinely faces difficulty in being present at the court, the court may accept written testimony

17    from that witness." Article 11 of the Rules on Evidence in Civil Cases states: "If any evidence

18    from a party is produced outside the territory of the PRC, it shall be subject to notarization by the

19    public notary and legalization by the Embassy or Consulate of the PRC in the country where it is

20    produced . . . ."

21        17.    Under the PRC legal regime, there is no statutory limit on the period of time

22    within which a judgment on a foreign-related civil case shall be rendered. After the trial is

23    concluded, the judges of the trial panel will discuss internally all the facts and legal issues in the

24    case, and then enter a judgment. Depending on the complexity of different cases, the duration of

25    this deliberation period might vary from case to case. From my own experiences, in some cases

26    without any complex factual disputes or post-trial legal issues, the court may enter a judgment in

27    a period even shorter than thirty (30) days. Once a judgment is entered, the court shall, according

28

1  to the provisions on service of judicial documents, i.e., Articles 77 through 84 of the PRC Code of

2  Civil Procedures, serve the judgment in writing to the parties.

3       18.    Any party without a domicile in the PRC, if unsatisfied with the judgment by the

4  intermediate people's court, shall have the right to appeal to the high people's court within thirty

5  (30) days upon receipt of the judgment. Failing to appeal within the aforesaid period, the

6  judgment of the first trial shall become final. During the appellate process, any party may submit

7  to the appellate court any kind of new evidence, including testimony, documents and video or

8  audio materials, etc., provided, however, that such new evidence shall be found after the court

9  hearing process in the first trial, or for such evidence, an application for the first trial court's

10  gathering and obtaining had been filed within the time limit for filing evidence but not accepted

11  by the court of the first trial, while the appellate court considers such application should be

12  accepted. The judgment of the appellate court should be final.

13      I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct this 30th day of November, 2007.

15

16                                _____

17                                Huaiyu Xu

18

19

20

21

22

23

24

25

26

27

28

1

**GENERAL ORDER 45 ATTESTATION**

2

I, Marc Peters, am the ECF User whose ID and password are being used to file the

3

Declaration Of Huaiyu Xu In Support Of Motion To Dismiss.  In compliance with General Order

4

45, X.B., I hereby attest that Huaiyu Xu has concurred in this filing.

5

6

    /s/  Marc David Peters
         Marc David Peters

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28