Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.:  650-752-3144
Fax:  650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
Douglas C. Doskocil (*pro hac vice*)
ddoskocil@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax: 617.523.1231

Greg H. Gardella
gardella@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402
Tel.:  612-335-5070
Fax:  612-288-9696

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. <br> Defendants. | Case No.  C07 05248 JW (PVT) <br><br> **NOTICE OF MOTION AND MOTION OF PLAINTIFF APPLIED MATERIALS TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER** <br><br> Date:         January 8, 2008 <br> Time          10:00 a.m. <br> Dept:         Mag. Judge Patricia Trumbull |

NOTICE OF MOTION AND MOTION OF PLAINTIFF APPLIED MATERIALS TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER– CASE NO. C07-05248 JW

LIBA/1852470.1

1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on January 8, 2008, at 10:00 a.m., in the Courtroom of the Honorable Patricia Trumbull, located at 280 South 1st Street, San Jose, California, or as soon thereafter as counsel may be heard, plaintiff Applied Materials, Inc. ("Applied") will and hereby does move to enter a Confidentiality Order and Interim Protective Order.

Applied's motion is based on this Notice of Motion and Motion, the simultaneously served and filed Memorandum that follows herein, the pleadings and documents referenced therein, and other evidence that may be presented at the hearing.

## MOTION OF PLAINTIFF APPLIED MATERIALS TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER

Plaintiff Applied Materials ("Applied") hereby moves this court, pursuant to Fed. R. Civ. P. 26(c), to enter two Orders with respect to the confidentiality of materials to be exchanged between the parties in this case:[1]

1. A "Confidentiality Order" with respect to the "trade secret list" to be supplied by Applied Materials (See Exhibit A), and

2. An "Interim Protective Order" (See Exhibit B).

While the parties have conferred at length about these two Orders, they have been unable to reach agreement. The reasons these Orders are needed (and the reasons for the unfortunate complexity), are discussed in more detail below. In brief, Applied seeks these confidentiality orders so that it can provide its trade secret list to AMEC, and move this case forward. AMEC is resisting, by taking unreasonable positions as to who at AMEC should have access to the list of Applied secrets. As shown below, Applied's position is well supported by case law and reason, and the proposed orders ought to enter. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, (9th Cir. 1992).

---

[1] Applied brings this motion with respect to all defendants in this case, Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd., Advanced Micro-Fabrication Equipment, Asia, and Advanced Micro-Fabrication Equipment, Inc. (collectively "AMEC"). Applied notes that the parties have now agreed on the service issues, and that **all** defendants either have been served, or have agreed to waive service. Specifically, Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd., Advanced Micro-Fabrication Equipment, Asia have reached an agreement with Applied to waive service. Waivers will be filed shortly.

1.  **Applied's "Trade Secret List"**

In the Court's Order of November 19, 2007 denying, without prejudice, Applied's Motion for Expedited Discovery, the Court directed Applied to "disclose[] to defendants all trade secrets it is alleging have been misappropriated." While Applied does not believe that the California Code of Civil Procedure Section 2019.210 applies in Federal Court[2], Applied is, and has been, prepared to provide a trade secret list to AMEC for months. The hold up, however, is that Applied cannot disclose a list of its trade secrets to AMEC without a suitable agreement and order protecting the confidentiality of the list. To that end, Applied supplied a proposed protective order to defendants way back on October 15. Defendants did not respond to Applied's proposal until after this Court entered its November 19th Order, and the parties have since engaged in negotiations.

The current positions of the parties as to the confidentiality of the trade secret list are as follows: Applied is prepared to (indeed, **wants to)** provide the list to AMEC's outside counsel, Morrison & Foerster. Applied has proposed that, in addition to Morrison & Foerster, the list also may be shown to three AMEC officers – AMEC's Vice President and General Counsel, Matt Ruby; AMEC's Chairman of the Board and Chief Executive Officer, Gerald Yin; and AMEC's Executive Vice President, Stephen Chen. Yin and Chen are each former Applied employees and each are scientists who are very knowledgeable about the technologies involved in the litigation. Of course, Applied's provision of its trade secret list to these persons would be subject to an appropriate confidentiality agreement, pursuant to which the individuals could not show or disclose the list to anyone else, and could only use the list for purposes of this litigation. The particular terms of this Confidentiality Order, which we have tried to keep very straightforward, are in Exhibit A.

AMEC's position with respect to the trade secret list is that it needs to be able to show the list not only to these three AMEC employees, but also to **every** AMEC employee whom Applied contends had knowledge of the trade secrets at issue.

Applied's position, limiting the disclosure to outside counsel and the three identified

---

[2] In particular, Section 2019.210 cannot be applied, either directly or as a guide, so as to impair Applied's discovery rights under the Federal Rules of Civil Procedure, Rules 8 and 26.

AMEC employees, is eminently reasonable. Applied is confronted with the problem that it needs to disclose its highly confidential trade secret materials to an opposing party who is also a direct competitor. The potential injury from further disclosure (inadvertent or otherwise) of Applied's trade secrets in this case would be great, because, *inter alia*, the information could be used to duplicate Applied's products, compete for its customers, or interfere with its business plan and thereby gain a competitive advantage in the marketplace.

Applied's position allows a limited number of key AMEC personnel to see Applied's trade secret list, so that AMEC is alerted to the charges against it and can take steps to defend itself. Applied's position is **more liberal** than the treatment of this issue in other cases.[3] Indeed, courts routinely limit disclosure of confidential trade secrets documents to "outside attorneys' eyes only" where the opposing party is a direct competitor. In *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, (9th Cir. 1992), for example, the Court refused to allow the plaintiff's in-house counsel, who was involved in "competitive decision-making," access to protected documents even though the plaintiff's outside counsel had withdrawn from the case because of the risk that counsel would inadvertently disclose confidential information to the client. *Id*. at 1471. *See also Intel Corp. v. Via Tech., Inc.,* 198 F.R.D. 525, 528-32 (N.D. Cal. 2000) (denying plaintiff's motion to modify protective order where the in-house counsel's claimed need for the information to advise the plaintiff and manage the litigation was insufficient to grant access to the defendant's confidential information where defendant was a direct competitor and would be competitively disadvantaged by such disclosure); *Nutratech, Inc. v. Syntech Int'l, Inc*., 242 F.R.D. 552, 556 (C. D. Cal. 2007) (ordering that the protective order provide that the disclosure of Defendant's customer and supplier lists be limited to "attorney's eyes only" where parties were direct competitors).

AMEC's position, on the other hand, is entirely unreasonable. All that is currently at issue is Applied's desire to provide the trade secret list to AMEC, while appropriately protecting the

---

[3] Applied has adopted this position to attempt to avoid unnecessary motion practice, and because Yin and Chen already had access to these secrets while at Applied. Applied's willingness to allow Yin and Chen to see the list should not be viewed as agreement that they may see other Applied secrets as the case progresses.

confidentiality of the list. AMEC, however, is trying to use this threshold procedure as a discovery device, seeking to extract representations from Applied as to who at AMEC had knowledge of the trade secrets identified. Notably, Applied does not even know the answer to AMEC's questions; it is not privy to a list of all AMEC's employees, and even if it were it would take a considerable amount of time and effort for Applied even to provide an approximate answer to the question.[4] Such tactics need not be injected into a straightforward discussion of the terms of Confidentiality Order.

In short, the proposed Confidentiality Order ought to be entered, so that Applied can provide its trade secret list to AMEC and move this case forward.

2. **Interim Protective Order**

Unlike the trade secret list, the parties are not really at odds with respect to the Proposed Interim Protective Order. *See* Exhibit B. Fundamentally, the Order provides, on an interim basis while the parties negotiate further, that any information disclosed in this litigation will be marked "Attorneys Eyes Only," and be available only to outside counsel and to the parties' experts (subject to a prescreening process for the experts, *see* Ex. B, ¶¶ 13, 15). Applied understands that defendants agree to these terms.

Nevertheless, the reason the Interim Protective Order has not been agreed upon and submitted to the Court is because defendants insist that the Interim Protective Order **cannot** apply to Applied's "trade secret list." In other words, defendants will not agree to the Interim Protective Order because, if they did, Applied could submit its trade secret list to them, and the trade secret list would be protected by the Interim Protective Order while the parties continued to negotiate the issue of who, other than outside counsel, could see the trade secret list. Defendants want to delay their receipt of the trade secret list because, by doing so, they hope to delay Applied from seeking discovery.

---

[4] No doubt AMEC will argue that Applied ought to know the answer to this question already, and that since Applied is contending these individuals previously had access to secrets, Applied is revealing nothing new by allowing them to see the secrets. But such arguments are sophistry; there is much discovery to be done before Applied could answer the question accurately, and defendants no doubt will contest Applied's contentions along the way. Applied's point is that this is not the time for, or the issue on which to hinge, these debates.

In order to move this case forward, Applied's trade secret list, and the parties' documents, need to be protected. The proposed Orders are eminently reasonable. If amendment is needed in the future, the mechanism of course exists for the parties to seek, and for the Court to make, changes to these Orders. Applied asks the Court to enter the Orders at it earliest convenience.

Dated: December 14, 2007                    Respectfully submitted,

                                            Applied Materials, Inc.

                                            By its attorneys,


                                            /s/ Thomas F. Fitzpatrick
                                            Thomas F. Fitzpatrick
                                            tfitzpatrick@goodwinprocter.com
                                            GOODWIN PROCTER LLP
                                            181 Lytton Avenue
                                            Palo Alto, CA 94301
                                            Tel.: 650-752-3144
                                            Fax: 650-853-1038

                                            John C. Englander (*pro hac vice*)
                                            jenglander@goodwinprocter.com
                                            Douglas C. Doskocil (*pro hac vice*)
                                            ddoskocil@goodwinprocter.com
                                            Michael G. Strapp (*pro hac vice*)
                                            mstrapp@goodwinprocter.com
                                            GOODWIN PROCTER LLP
                                            53 State Street
                                            Boston, Massachusetts  02109
                                            Tel.: 617.570.1000
                                            Fax: 617.523.1231

                                            Greg H. Gardella
                                            gardella@fr.com
                                            FISH & RICHARDSON P.C.
                                            60 South Sixth Street
                                            3300 Dain Rauscher Plaza
                                            Minneapolis, MN 55402
                                            Tel.: 612-335-5070
                                            Fax: 612-288-9696