# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC.,<br><br>Defendants. | Case No. C07-05248 JW<br><br>**[PROPOSED] CONFIDENTIALITY ORDER** |

## [PROPOSED] CONFIDENTIALITY ORDER

To facilitate the prompt resolution of disputes over confidentiality of the document entitled "Applied Materials Inc.'s Identification of Trade Secrets" (and/or any amended "Identification of Trade Secrets") (hereafter "the Trade Secrets List"), which Applied Materials, Inc. ("Applied") has agreed to provide in this litigation, to adequately protect proprietary information contained therein that Applied is entitled to keep confidential, and to ensure that Defendants Advanced Micro-Fabrication Equipment (Shanghai) Co. Ltd., Advanced Micro-Fabrication Equipment Inc. Asia, and Advanced Micro-Fabrication Equipment, Inc. (collectively "AMEC") are permitted reasonably necessary uses of the trade secrets list pursuant to Fed. R. Civ, P. 26(c), it is hereby ORDERED THAT:

A.   **AGREEMENT**

1.   Applied Materials agrees to provide to AMEC the Trade Secrets List. This Confidentiality Order will govern the confidentiality of the Trade Secrets List, and any amendments thereto, unless and until the Court modifies this Order or enters a superseding

Protective Order. The parties' agreement on this Confidentiality Order is without prejudice to the rights of any party to petition the Court to amend the terms of this Confidentiality Order.

**B.   INFORMATION SUBJECT TO THIS ORDER**

2.   The Trade Secrets List shall be designated as "HIGHLY CONFIDENTIAL." The Trade Secrets List may be used only for purposes of this litigation.

**C.   PERSONS AUTHORIZED TO RECEIVE THE TRADE SECRETS LIST**

3.   The Trade Secrets List may be disclosed only to:

    a)   A court of competent jurisdiction and any officers or employees of such a court, such as clerks, court reporters, or interpreters, whose functions require them to have access to such information;

    b)   Morrison & Foerster, AMEC's outside litigation counsel, including supporting personnel employed or retained by such counsel;

    c)   Matt Ruby, AMEC's Vice President and General Counsel; Gerald Z. Yin, AMEC's Chairman of the Board and Chief Executive Officer; and AiHua Chen, AMEC's Executive Vice President.

4.   The Trade Secrets List may be disclosed only to those persons identified in sections (a) through (c) of Paragraph 3 herein, and in accordance with the conditions on those sections as set forth in Paragraphs 5-6 below.

**D.   LIMITATIONS ON THE USE OF THE TRADE SECRETS LIST**

5.   The Trade Secrets List shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. Any recipient of the Trade Secrets List shall carefully maintain such information so as to preclude access by unauthorized persons, and shall exercise at least the same degree of care in handling such information as is exercised by the recipient with respect to its own Confidential information.

6.   In the event of any inadvertent or unintentional disclosure of the Trade Secrets List other than in a manner authorized by this Confidentiality Order, counsel for AMEC shall

immediately notify counsel for Applied of all the pertinent facts, and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Trade Secrets List from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Trade Secrets List in any form.

**E.  MISCELLANEOUS PROVISIONS**

7.  In the event that any party having possession, custody or control of the Trade Secrets List receives a subpoena, discovery request, or other process to produce such information in another legal proceeding, such party shall promptly notify counsel for Applied.  Applied shall have the burden of resisting or defending against the subpoena, discovery request, or other process, at its own expense.  The party receiving the subpoena, discovery request, or other process shall cooperate with Applied in such efforts, but shall be entitled to comply with the subpoena, discovery request, or other process in the event that Applied is unsuccessful in resisting or defending against it.

8.  Within sixty (60) days after the termination of this litigation, AMEC shall, at its option, either return to Applied or destroy the Trade Secrets List.

9.  This Confidentiality Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Confidentiality Order, when convenience or necessity requires.

10.  The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Confidentiality Order.  All disputes concerning Confidential Information produced under the protection of this Confidentiality Order shall be resolved by the United States District Court for the Northern District of California.

11.  This Confidentiality Order shall remain in full force and effect after the termination of this litigation or until cancelled or otherwise modified by order of this Court.

12.  The Parties Agree to abide by this Confidentiality Order once it is signed by both parties.

1  IT IS SO ORDERED.

2

3   Dated _____, 2007

4

5                                              _____
                                               Magistrate Judge Patricia V. Trumbull
6                                              United States District Court
                                               Northern District of California
7