# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC.,<br><br>Defendants. | Case No. C07-05248 JW<br><br>**[PROPOSED] INTERIM PROTECTIVE ORDER** |

## [PROPOSED] INTERIM PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect proprietary information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ, P. 26(c), it is hereby ORDERED THAT:

**A.    INTERIM AGREEMENT ONLY**

1.    The parties have reached agreement on an Interim Protective Order as set forth herein, and the Court is satisfied with its terms.  This Protective Order will govern the confidentiality of materials disclosed in discovery unless and until the Court modifies this Order or enters a superseding Protective Order.  The parties' agreement on this Interim Protective Order is without prejudice to the rights of any party to petition the Court to amend the terms of this Interim Protective Order.

**B.     INFORMATION SUBJECT TO THIS ORDER**

2.      For purposes of this Order, "Confidential Information" shall mean all information, documents and things, except as provided in Paragraph 3, produced for or disclosed to a receiving party that the producing party (whether a party to this action or a non-party), consider to constitute or to contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and which has been designated by the producing party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as provided below.  Any Confidential Information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of litigation between these parties.

3.      Notwithstanding Paragraph 2, the following information is not Confidential Information and shall not be designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY,"

a) any information that at the time of disclosure to a receiving party is in the public domain;

b) any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing party; and

c) any information obtained by the receiving party, prior to or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party,

Nothing in this Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information described above in subparagraphs (a)-(c) of this Paragraph.

4.      Subject to the provisions of this Order, a producing party may designate Confidential Information as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY."  The "ATTORNEYS' EYES ONLY" designations shall be reserved for Confidential Information that is especially sensitive and could cause significant competitive harm if disclosed to an unauthorized party, including without limitation technical, research and development, and financial information.

Any designation of information, documents or things as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall be made in good faith and not to impose burden or delay on an opposing party or for tactical or other advantage in litigation.

5.  A producing party may designate any document or tangible thing containing or including any Confidential Information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by marking it with such designation prior to or at the time the producing party furnishes copies to the receiving party.

6.  A party (or a non-party deponent) may designate any deposition transcript, in whole or in part, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by an appropriate statement at the time such testimony is given or thereafter by notifying the other parties in writing of the portions of such testimony to be so designated within thirty (30) days from the date of the deposition. Upon such request, the reporter shall mark the original and all copies of the transcript as designated. Unless the parties otherwise agree, the entire transcript of all depositions shall be deemed designated as "ATTORNEYS' EYES ONLY" for thirty (30) days from the date of the deposition. Thereafter, only those portions designated as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" shall be treated as such.

7.  All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraphs 5 and 6, may be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the producing party by informing the receiving party of the designation in writing.

8.  Any designation of Confidential Information that is inadvertently or unintentionally omitted may be corrected by written notification to counsel for the receiving party, and the receiving party shall thereafter treat the materials as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," as appropriate, and such material shall be subject to this Order as if it had been originally so designated. If prior to receiving such notification, the receiving party has disseminated the Confidential Information to persons not authorized to receive it hereunder, it shall make a reasonable effort to retrieve such Confidential Information and, if applicable, to ensure that the recipients maintain the confidentiality of the Confidential Information in accordance with the specified

designation, but shall have no other responsibility or obligation with respect to the information disseminated.

## C. **PRIVILEGED INFORMATION**

9.  Nothing in this Order shall require disclosure of material that a party contends is protected from disclosure by the attorney-client privilege or work product doctrine or any other applicable privilege. Any party may move the Court for an Order directing the disclosure of such material as appropriate.

10. Inadvertent or unintentional production or disclosure of documents (including physical objects) or information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, such privilege or protection, provided that, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional production or disclosure, the producing party designates any such documents as within the attorney-client privilege or work product doctrine or other applicable privilege and requests return of such documents to the producing party. Upon such a request by the producing party, the receiving party immediately shall return all copies of such inadvertently or unintentionally produced document(s). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product doctrine or other applicable privilege designation by making an appropriate motion to the Court. The receiving party may not retain any inadvertently produced documents pending the Court's resolution of such a motion.

## D. **DISCOVERY RULES REMAIN UNCHANGED**

11. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Northern District of California.

## E. **PROSECUTION BAR**

12. Any person receiving information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not prepare or prosecute any patent application on behalf of any party to this action concerning any technology related to any apparatus for depositing material

onto the surface of a substrate such as a semiconductor wafer ("CVD tools") or any apparatus for removing material from a substrate such as a semiconductor wafer ("etch tools"), or otherwise participate in proceedings before the patent office relating to such an application, from the time of receipt of such information through and including one (1) year following the termination of this litigation.  This paragraph shall not be construed, however, to prevent such persons from generally discussing patents or applications concerning any technology related to either CVD and/or etch tools with other persons engaged in the prosecution or preparation of new patent applications relating to such technology, provided that no information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may be directly or indirectly disclosed to such other persons.

**F.    PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION**

13. Confidential Information designated as "CONFIDENTIAL" may be disclosed only to:

   a) A court of competent jurisdiction and any officers or employees of such a court, such as clerks, court reporters, or interpreters, whose functions require them to have access to such information;

   b) Outside litigation counsel for the parties, including supporting personnel employed or retained by such counsel, such as paralegals, translators, secretaries, clerks, stenographers or videographers, document copying or scanning services, data entry or data processing staff, graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, and non-technical jury or trial consulting services, including mock jurors, retained by counsel;

   c) Outside expert witnesses or consultants with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, and their respective secretarial, clerical, and supporting personnel, provided that disclosure to such persons shall be made only on the conditions set forth in Paragraphs 15 and 16 below; and

   d) Stephen Adams and Don F. Kumamoto of Applied, and two additional

designated in-house counsel for Defendants, if applicable, and their respective secretarial and clerical personnel, provided that disclosure to such persons shall be made only on the conditions set forth in Paragraphs 15 and 16 below.

e)     Five designated employees of plaintiff and five designated employees of defendants, and their respective secretarial and clerical personnel, provided that disclosure to such persons shall be made only on the conditions set forth in Paragraphs 15 and 16 below.

14.     Confidential Information designated as "ATTORNEYS' EYES ONLY" may be disclosed only to those persons identified in sections (a) through (c) of Paragraph 13 herein, and in accordance with the conditions on those sections as set forth in Paragraphs 15 and 16 below.

15.     Confidential Information shall not be disclosed to persons identified in Paragraph 13(c) or 13(d) above unless the requirements of this Paragraph 15 are satisfied. Before any Confidential Information may be disclosed, the person to whom the disclosure is to be made shall first complete and sign the form attached hereto as Appendix A stating that he or she has read and understands this Order and agrees to be bound by its terms, a copy of the completed and signed Appendix A shall then be sent to counsel for the party that produced the Confidential Information. With respect to a person identified in paragraph 13(c), a copy of the person's resume or *curriculum vitae* shall also be sent to counsel for the producing party, including information adequate to identify the person's current employer and recent employment history, a list of publications, and a list of consulting engagements in the previous two years that specifies the party for whom the person is or was engaged. In the event any such engagements are confidential, such list may specify the fact of the engagement without revealing any confidential information. No Confidential Information may be disclosed to a person identified in Paragraphs 13(c) until 10 business days after Appendix A and all other required information has been sent to counsel for the producing party. The producing party may object to the disclosure of Confidential Information to such person by notifying the opposing party in writing at any time within this 10-day period. If such objection is made, the party seeking to disclose the Confidential Information may seek to resolve the matter with counsel for the producing party, and the parties shall use their best efforts to resolve such matter without court action. If such

efforts are unsuccessful, the parry seeking to disclose the Confidential Information may file a motion with the Court requesting permission to disclose the information to such person. No Confidential Information shall be disclosed to such person until the matter has been ruled upon by the Court or otherwise resolved.

16. The restrictions on the use or disclosure of Confidential Information established by this Interim Protective Order apply only to a party receiving such information from another party or a non-party. A party is free to use its own information as it pleases. Furthermore, nothing in this Interim Protective Order shall prohibit the use or disclosure of any Confidential Information otherwise subject to this Interim Protective Order for any purpose if the party who designated such information as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," consents to such use or disclosure.

17. Nothing in this Interim Protective Order shall prevent or otherwise restrict outside counsel from rendering advice to their respective clients and, in the course thereof, relying generally on Confidential Information; provided, however, that in rendering such advice counsel shall not disclose, reveal or describe any such materials except insofar as may be permitted under the terms of this Order.

18. Nothing in this Interim Protective Order shall prohibit the disclosure of Confidential Information contained in a document to the person(s) who authored the document or to whom the document was addressed or person(s) copied thereon.

G. **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

19. The parties shall use reasonable care when designating documents or information as "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY." The acceptance by a party of documents or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute an agreement, admission, or concession, or permit an inference, that the materials are in fact properly subject to protection under Fed. R Civ. P. 26(c) or on any other basis.

20. A receiving party may at any time challenge the producing party's designation of a document or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," by making a request in writing to the producing party's counsel that such designation be cancelled or modified,

identifying the particular documents or information that the receiving party contends were improperly designated.  A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation at the time made, and a failure to do so shall not be used as a basis for opposing a subsequent challenge thereto.  The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party may move the Court for an order canceling or modifying the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," designation.  The claimed designation shall remain operative and respected by all parties and non-parties pending the Court's ruling.

### H.  LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION

21.    Confidential Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  Any recipient of any Confidential Information shall carefully maintain such information so as to preclude access by unauthorized persons, and shall exercise at least the same degree of care in handling such information as is exercised by the recipient with respect to its own Confidential information.

22.    In the event of any inadvertent or unintentional disclosure of Confidential Information other than in a manner authorized by this Interim Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Confidential Information from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the Confidential Material in any form.

23.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Confidential Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)    A present director, officer, employee or agent of a producing party, or a person offered as a Rule 30(b)(6) deponent of a producing party may be examined and

may testify concerning all Confidential Information which has been produced by that party;

(b) A former director, officer, agent and/or employee of a producing party may be examined and may testify concerning all Confidential Information which has been produced by that party and which pertains to the period or periods of his or her employment;

(c) Other non-parties may be examined or testify concerning any document containing Confidential Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party;

(d) If a party wishes to use the other party's Confidential Information at the deposition of a witness who is not otherwise entitled to have access to such information under this Order, such party shall obtain the consent of the producing party in advance, and the failure of the examining attorney to obtain such consent shall not be grounds for delaying the deposition or progress of the deposition unless all parties attending the deposition consent;

(e) Where Confidential Material may be used at a deposition or revealed or referred to in a question at a deposition, the producing party may request that any person other than the witness, his or her attorney(s), or any person qualified to receive Confidential Information under this Order shall be excluded from the portion of the examination concerning such information. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party may require the attorney to provide a signed statement, substantially in the form of Appendix A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Confidential Information disclosed during the course of the examination.

24. Absent agreement of the parties in writing, no copy of any deposition which is

designated, in part or whole, as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be furnished by the court reporter to any person not authorized to receive such information under this Interim Protective Order, except that a transcript may be furnished to counsel for a non-party, if the furnished transcript is of the non-party's own deposition.

25. All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or which contain information so designated, shall be filed in accordance with Local Rules of the Northern District of California.

26. Nothing in this Order shall prohibit the transmission or communication of Confidential Information between or among qualified recipients

    a) by hand-delivery;

    b) in sealed envelopes or containers via mail or an established freight, delivery or messenger service; or

    c) by telephone, facsimile, e-mail or other electronic transmission system; where, under the circumstances, there is reasonable likelihood that the transmission will not be intercepted or misused by any person who is not a qualified recipient.

27. Confidential Information shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Confidential Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Confidential Information into machine readable form, provided that access to Confidential Information in whatever form stored or reproduced, shall be limited to qualified recipients.

I. **<u>NONPARTY USE OF THIS INTERIM PROTECTIVE ORDER</u>**

28. A nonparty producing information or material voluntarily or pursuant to a subpoena

or a court order may designate such material or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of this Interim Protective Order.

29. A nonparty's use of this Interim Protective Order to protect its Confidential Information does not entitle that nonparty access to Confidential Information produced by any party in this case.

## J.   MISCELLANEOUS PROVISIONS

30. In the event that any party having possession, custody or control of any Confidential Information receives a subpoena, discovery request, or other process to produce such information in another legal proceeding, such party shall promptly notify counsel for the party that produced the Confidential Information. The producing party asserting that the materials sought are Confidential Information shall have the burden of resisting or defending against the subpoena, discovery request, or other process, at its own expense.  The party receiving the subpoena, discovery request, or other process shall cooperate with the producing party in such efforts, but shall be entitled to comply with the subpoena, discovery request, or other process in the event that the producing party is unsuccessful in resisting or defending against it.

31. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

32. Within sixty (60) days after the termination of this litigation, each party shall, at its option, either return to the producing party or destroy all physical objects and documents containing Confidential Information which were received from the producing party, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to Confidential Information; provided that all Confidential Information not embodied in physical objects and documents shall remain subject to this Interim Protective Order.  Notwithstanding the foregoing, counsel shall be entitled to maintain complete copies of all pleadings, motions and trial and appellate briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (including document

1  productions) and exhibits thereto, expert reports (and exhibits thereto), deposition transcripts (and
2  exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or
3  trial.  Such materials shall not be used or disclosed except as permitted by this Interim Protective
4  Order.

5        33.    This Interim Protective Order is entered without prejudice to the right of any party to
6  apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this
7  Interim Protective Order, when convenience or necessity requires.

8        34.    The United States District Court for the Northern District of California is responsible
9  for the interpretation and enforcement of this Interim Protective Order.  All disputes concerning
10 Confidential Information produced under the protection of this Interim Protective Order shall be
11 resolved by the United States District Court for the Northern District of California.

12       35.    This Interim Protective Order shall remain in full force and effect after the
13 termination of this litigation or until cancelled or otherwise modified by order of this Court.

14       36.    The Parties Agree to abide by this Interim Protective Order once it is signed by both
15 parties.

1  IT IS SO ORDERED.

2

3  Dated _____, 2007

4
   _____
5  Magistrate Judge Patricia V. Trumbull
   United States District Court
6  Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# APPENDIX A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, GERALD Z. YIN, AIHUA CHEN, RYOJI TODAKA, AND LEE LUO, <br><br> Defendants. | Case No. C07-05248 PTV |

## CONFIDENTIALITY AGREEMENT

I, _____ state:

1) I reside at _____.

2) My present employer is _____.

3) My present occupation or job description is _____.

4) I have read the Protective Order in this action dated _____, 2007, and understand its provisions. As a condition precedent to receiving any Confidential Information, as defined in the Protective Order, I agree to abide by all provisions of the Protective Order and to subject myself to the personal jurisdiction of the United States District Court for the Northern District of California with respect to the enforcement of the provisions of the Protective Order. I understand that I am obligated, under the Protective Order, to hold in confidence and not disclose any Confidential Information except as permitted by the Protective Order.

5) I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information are to be returned to counsel who provided me with such material.

6) I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Order.

7) I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

8) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2007