Thomas F. Fitzpatrick, State Bar No. 193565
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
Douglas C. Doskocil (*pro hac vice*)
ddoskocil@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617-570-1000
Fax: 617-523-1231

Attorneys for Applied Materials, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. <br><br> Defendants. | Case No. C07 05248 JW (PVT) <br><br> **DECLARATION OF THOMAS F. FITZPATRICK IN SUPPORT OF MOTION TO SHORTEN TIME FOR HEARING** |

I, Thomas F. Fitzpatrick, hereby declare and state as follows:

1) I am a partner in the law firm of Goodwin1Procter. LLP and am admitted to practice in the Federal Bar in the Northern District of California. I am counsel of record for Plaintiff, Applied Materials Inc. ("Applied") in the above-captioned case. I make this declaration of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently to the matters set forth herein.

2) I submit this declaration in support of Plaintiff Applied's Motion to Shorten Time for Hearing. Applied seeks an expedited hearing on its renewed motion for expedited discovery.

3) This expedited discovery is necessary and appropriate because Defendants have misappropriated Applied's trade secrets and in doing so have caused, and are causing, Applied irreparable harm. Defendants have already publicly disclosed Applied trade secrets in patent applications and will likely disclose additional Applied trade secrets in new patent applications and in other publications. Because much of the critical evidence regarding Defendants' misappropriation is in Defendants' exclusive possession, Applied seeks expedited discovery to learn the full extent of Defendants' wrongful conduct and to prevent Applied's confidential information and trade secrets from further misuse or destruction. Applied's expedited discovery regarding Defendants' contacts with California and corporate structure is also necessary because of the personal jurisdiction arguments raised in Defendants' motion to dismiss.

4) Expedited discovery is appropriate and necessary here, because (1) key evidence of Defendants' misappropriations and other breaches is only in Defendants' possession; (2) Applied is being irreparably harmed by Defendants' actions; (3) Defendants actions to date indicate that the further misuse and destruction of Applied trade secrets and confidential information is likely and imminent; and (4) Applied must respond to Defendants' assertions and arguments regarding personal jurisdiction, raised in Defendants' motion to dismiss, a motion currently scheduled to be heard on February 11, 2008. The expedited discovery Applied seeks will aid Applied and the Court in understanding the nature and scope of Defendants' violations, provide Applied with the information it needs to prevent further destruction of the secrecy of key Applied technology, and permit Applied to respond to the jurisdictional arguments raised in Defendants' motion to dismiss.

6) In voicemail messages and email messages left on December 27, 2007, I asked Defendants' counsel, Mr. Harold McElhinny, Mr. Marc Peters and Mr. Ken Kuwayti whether Defendants will agree to a January 22, 2008 hearing, and an expedited briefing schedule. I spoke with Mr. Ken Kuwayti on December 27 and again on December 28, 2007, regarding Applied's requested discovery and the request for an order shortening time. Defendant's counsel would not agree on an expedited hearing or briefing schedule.

7) There have been no previous time modifications in this case, save the Court's Order of October 17, 2007, which involved a hearing which did not occur. The request should have no effect on the current case schedule, which sets the initial case management conference for February 5, 2008.

Dated: December 28, 2007                         Respectfully Submitted,

/s/ Thomas F. Fitzpatrick
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jnglander@goodwinprocter.com
Douglas C. Doskocil (*pro hac vice*)
doskocil@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617-570-1000
Fax: 617-523-1231

Attorneys for Plaintiff
APPLIED MATERIALS, INC