HAROLD J. MCELHINNY (CA SBN 66781)
HMcElhinny@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

MARC DAVID PETERS (CA SBN 211725)
MDPeters@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792

Attorneys for Defendants
ADVANCED MICRO-FABRICATION EQUIPMENT
(SHANGHAI) CO., LTD., ADVANCED MICRO-
FABRICATION EQUIPMENT, INC., ASIA, ADVANCED
MICRO-FABRICATION EQUIPMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT, INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC.<br><br>Defendants. | Case No. C07 05248 JW (PVT)<br><br>**DEFENDANTS' OPPOSITION TO APPLIED'S MOTION TO SHORTEN TIME FOR HEARING**<br><br>Date:   TBD<br>Time:   TBD<br>Ctrm:   5 (Mag. Judge Patricia V. Trumbull) |

Defendants Advanced Micro-Fabrication Equipment Inc. China, Advanced Micro-Fabrication Equipment, Inc., Asia, and Advanced Micro-Fabrication Equipment, Inc. oppose Applied's motion to shorten time for a hearing on Applied's Renewed Motion for Expedited Discovery.

## I.    APPLIED HAS NOT SHOWN GOOD CAUSE TO SHORTEN TIME

Applied has not demonstrated good cause for its second motion to expedite discovery to be heard on shortened time.

There is no reason for Applied's motion to be heard on an expedited basis.  Discovery in this case is set to begin no later than January 14, 2008, the last day for the parties to meet and confer under Federal Rule of Civil Procedure 26(f)(1).  As a result, discovery will begin before even an expedited hearing would occur, and the Defendants' discovery responses will be due before the time specified in Applied's proposed order for the expedited discovery.  Under the circumstances, Applied's renewed motion to expedite discovery and the accompanying motion to shorten time are an unnecessary burden on both the Court and the Defendants.[1]  Whatever Applied is trying to obtain, it is not "expedited" discovery.

Applied's purported need for trade secret discovery does not warrant the motion to shorten time.  Applied is correct that the AMEC defendants contest the sufficiency of Applied's trade secret list.  Applied has failed to identify its trade secrets with particularity, despite the fact that it was ordered by this Court on November 19, 2007 to "certify that it has disclosed to Defendants all trade secrets it is alleging have been misappropriated" in connection with any renewed motion for expedited discovery.  The fact that the AMEC defendants intend to raise this issue with the Court does not justify expedited discovery.  To the contrary, Applied's failure to provide an adequate trade secret list dictates that the non-jurisdictional discovery should not proceed until such time as Applied has identified its trade secrets with the requisite particularity.  The insufficiency of Applied's trade secret list—an issue that is central to Applied's motion for expedited discovery—is an important and complex issue that should not be decided based on an abbreviated briefing schedule, particularly one that gives the Court only one business day to prepare for the hearing.  Applied also fails to mention that Defendants' counsel offered to

---

[1] While Applied contends that its proposed schedule "provides Defendants two weeks to respond," Applied Motion at 1, the brief was not served until just before the close of business on Friday, December 28, immediately before the New Year's weekend.  In addition, while the Court ordinarily has two weeks to consider the briefing and prepare for the hearing, Applied's proposed schedule provides only one court day.

1   eliminate the need for litigating this issue by having Applied present a 30(b)(6) deposition

2   witness on its trade secrets, but Applied refused to do so.  Declaration of Kenneth A. Kuwayti In

3   Support Of Defendants' Opposition To Applied's Motion To Shorten Time For Hearing, ¶ 3.

4          The lone case on which Applied relies is *Teleflora, LLC v. Florists' Transworld Delivery,*

5   *Inc.*, No. C 03-05858 JW, 2004 WL 1844847 (N.D. Cal., Aug. 18, 2004).  To the extent *Teleflora*

6   is applicable, it suggests that Applied's motion should be denied.  *Teleflora* involved a motion for

7   a preliminary injunction in which the plaintiff was unable to establish any wrongful use or

8   disclosure of trade secrets, and therefore could not obtain a preliminary injunction on that basis.

9   *Id.* at *6-7 (N.D. Cal., Aug. 18, 2004).  Like the *Teleflora* plaintiff, Applied has not shown that

10  any AMEC entity is using any Applied confidential information that is "separate from matters of

11  general knowledge in the trade or of special knowledge of those persons skilled in the trade."  *Id.*

12  at *7.  The lack of specificity in Applied's trade secret list shows that Applied's purported trade

13  secrets are ***not*** separate from such public knowledge.

14         With respect to expedited jurisdictional discovery, Applied's argument that it is needed to

15  respond to AMEC Inc.'s motion to dismiss is contradicted by the fact that, under the schedule

16  chosen by Applied, it will not obtain that discovery until ***one month after*** its opposition is due.

17  That makes no sense.  Applied also fails to mention that the AMEC defendants offered to provide

18  a 30(b)(6) witness on the extent of their contacts with California before the due date for Applied's

19  opposition brief.  Applied has declined this offer, but the parties are continuing to have meet and

20  confer discussions on the scope of the document production for such a deposition.  Kuwayti

21  Declaration, ¶ 2.  Applied apparently is interested in continuing those discussions, but went ahead

22  and filed its motion anyway.

23         Finally, Applied's suggestion that the Defendants have somehow tried to delay this

24  proceeding is baseless.  On November 1, 2007, AMEC Inc. and AMEC China stipulated to

25  expedited treatment of Applied's previous motion for expedited discovery, and the Defendants

26  chose to accept service rather than contest it, which potentially could have delayed these

27  proceedings for months.  Further, as noted above, the Defendants have offered to try to resolve

28  the dispute over the trade secret list by deposition so that discovery could move forward, and have

offered to produce their own 30(b)(6) witness on the jurisdictional issues.  The Defendants are not willing, however, to stipulate to an order shortening time where there is no need for expedited briefing, and where Defendants' ability to adequately respond to the issues raised by Applied's motion will be prejudiced as a result.

## II.    THE MOTION IS NOT PROPERLY SUPPORTED BY A COMPETENT DECLARATION

Applied's motion should also be denied because it is not supported by an admissible declaration.  The testimony in the Fitzpatrick Declaration lacks foundation and is not based on Mr. Fitzpatrick's personal knowledge.  Fed. R. Evid. 403, 702(a).  Mr. Fitzpatrick assumes that Applied's allegations are true, and merely repeats those allegations in his declaration.  Applied has failed to show that there is a potential for imminent harm that would justify expedited treatment.

For all of the above reasons, the AMEC defendants respectfully request that the Court deny Applied's motion to shorten time, and that the Court hear Applied's renewed motion for expedited discovery on the schedule provided for in the Local Rules.


Dated: January 2, 2008

HAROLD J. MCELHINNY
MARC DAVID PETERS
MORRISON & FOERSTER LLP

By:  /s/ Marc David Peters
        Marc David Peters

Attorneys for Defendants
ADVANCED MICRO-FABRICATION
EQUIPMENT (SHANGHAI) CO., LTD.,
ADVANCED MICRO-FABRICATION
EQUIPMENT, INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC.