Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
Douglas C. Doskocil (*pro hac vice*)
ddoskocil@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617-570-1000
Fax: 617-523-1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC.,<br><br>　　　　　Defendants. | Case No. C 07 05248 JW (PVT)<br><br>**REPLY IN SUPPORT OF MOTION TO SHORTEN TIME FOR HEARING**<br><br>**Date: January 22, 2008<br>Time: 10:00 a.m.<br>Ctrm: 5 (Mag. Judge Patricia V. Trumbull)** |

Applied seeks an expedited briefing schedule and hearing on its Renewed Motion for Expedited Discovery because it is being harmed by the ongoing and imminent disclosure of its trade secrets by Defendants and to obtain discovery to respond to the allegations raised in Defendants' Motion to Dismiss. Applied's need for an expedited briefing schedule and hearing is underscored by Defendants' pronouncement in their Opposition to Applied's Motion to Shorten Time that they will not provide Applied with *any* trade secret discovery because of Applied's purported "failure to provide an adequate trade secret list." Opposition at 2. Although discovery technically should begin on January 14, 2008, as Defendants concede in their Opposition, Defendants' stated intent to withhold *any* substantive discovery on the trade secrets claims at the heart of this case means that neither expedited discovery nor discovery taken according to the timeline set forth in the Federal Rules will proceed without a Court order instructing Defendants to cease their delay tactics.[1] If the Court does not resolve this dispute on a shortened time basis, Applied will be forced to conduct additional (and doubtlessly unproductive) meetings with Defendants in an effort to resolve the parties' discovery impasse and to file motions to compel both the discovery it has already sought on an expedited basis and the discovery it intends to seek later this month.

Defendants' stated basis for opposing Applied's Motion to Shorten Time and for refusing to provide discovery is that Applied's trade secret list does not comply with the strictures of California Code of Civil Procedure § 2019.210. This, too, is an issue that the Court should decide on an expedited basis as the outcome of the parties' dispute regarding the applicability of § 2019.210 will affect the timing and scope of discovery in this case. As set forth in Applied's Renewed Motion for Expedited Discovery, § 2019.210 cannot be applied in a manner that is inconsistent with the Federal Rules of Civil Procedure. AMEC's efforts to introduce delay and complexity into the discovery process by engrafting § 2019.210 into federal practice must be rejected. *See* Renewed Motion for Expedited Discovery at 11-14.[2]

---

[1] Defendants' argument that expedited discovery is unnecessary because the parties may commence normal discovery on January 14, 2008 is disingenuous in light of Defendants' decision to withhold all trade secret-related discovery, regardless of whether that discovery is sought on an expedited basis.

[2] AMEC's half-hearted attempt to "avoid" litigation over this issue consists not of a proposal to provide Applied with

1

1  Additionally, Applied seeks an expedited briefing schedule and hearing to resolve the
2  parties' dispute concerning the jurisdictional discovery that Applied needs to respond to
3  Defendants' Motion to Dismiss. Although Defendants do not contend in their opposition papers
4  that Applied is not entitled to this discovery, they have yet to agree to provide Applied with most
5  of the document discovery that it needs to evaluate the merits of Defendants' jurisdictional
6  arguments.[3] Defendants should not be permitted to allege jurisdictional defects, file a motion to
7  dismiss, and then prevent Applied from reviewing the relevant documents that will permit it to
8  respond to Defendants' motion. Instead, the Court should grant Applied's Motion to Shorten
9  Time and Applied's Renewed Motion for Expedited Discovery, so that Applied can procure all the
10 documents its needs to defend against Defendants' motion to dismiss and the parties can begin
11 discovery in earnest without being bogged down any further by Defendants' delay tactics.

## **CONCLUSION**

For the foregoing reasons, Applied respectfully requests that this Court order that Defendants file any opposition to Applied's Renewed Motion for Expedited Discovery no later than January 11, 2008, that Applied file any reply to any such opposition by no later than January 17, 2008, and that a hearing be set on the Motion for January 22, 2008.

---

discovery, but rather with a request that Applied provide AMEC with a Rule 30(b)(6) witness to testify about its trade secrets. Such a proposal is obviously a non-starter; if anything, it is a declaration of victory, not compromise.

[3] Defendants' offer of a Rule 30(b)(6) deponent is hollow without the documents necessary to cross-examine such a witness.

2

Dated: January 7, 2008

Respectfully submitted,

Applied Materials, Inc.

By its attorneys,

/s/ Thomas F. Fitzpatrick
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
Douglas C. Doskocil (*pro hac vice*)
ddoskocil@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617-570-1000
Fax: 617-523-1231