ORIGINAL

1  HAROLD J. MCELHINNY (CA SBN 66781)
   HMcElhinny@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522

5  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
6  MARC DAVID PETERS (CA SBN 211725)
   MDPeters@mofo.com
7  MORRISON & FOERSTER LLP
   755 Page Mill Road
8  Palo Alto, CA 94304-1018
   Telephone: 650-813-5600
9  Facsimile: 650-494-0792

10 Attorneys for Defendants
   ADVANCED MICRO-FABRICATION EQUIPMENT, INC.
11 CHINA, ADVANCED MICRO-FABRICATION
   EQUIPMENT, INC. ASIA, and ADVANCED MICRO-
12 FABRICATION EQUIPMENT INC.

FILED

2008 JAN -8 P 3: 24

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT, INC. CHINA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC.,<br><br>Defendants. | Case No.   C 07-05248 JW (PVT)<br><br>**AMEC DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER**<br><br>Date:    TBD<br>Time:   TBD<br>Courtroom: 5<br>The Honorable Patricia Trumbull |

**REDACTED VERSION**

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

# INTRODUCTION

At its core, Plaintiff's motion presents the fundamental question of whether an individual accused of misappropriating a trade secret should be allowed to be informed of the allegation against him so that his new employer can defend against the charge. Since this motion was filed, the parties have been able to resolve all of the issues except for one: whether individuals who formerly worked for Plaintiff Applied Materials, Inc. ("Applied"), and are now employed by Defendants, should be permitted to view Applied's description of the particular trade secret that they are alleged to have taken.[1] Applied's position is that, notwithstanding the fact that these individuals supposedly had access to the trade secrets before, they may not now be informed as to what they allegedly stole.

Applied's position should be rejected for two reasons. First, Applied's proposed restriction would greatly prejudice the Defendants' ability to defend themselves in this action. The Defendants need to be able to describe the alleged trade secrets to these individuals in order to determine whether they did in fact have access to them while at Applied, to obtain their assistance in determining whether the information qualifies as a trade secret, and to prepare them for deposition and trial. Second, there will be no prejudice to Applied from this disclosure, since Applied contends that each of these individuals already had access to the trade secrets and has made use of them, and because Applied's trade secret list does not contain confidential information in any event.[2]

The Court should deny Plaintiff's motion and enter a confidentiality order that will allow the parties to litigate this case fully and fairly. That order should permit Applied's trade secret list to be shared with those individuals that Applied identifies as already being aware of them.

---

[1] On December 21, 2007 the parties agreed to a Stipulated Protective Order (Doc. No. 65) that resolved all of the issues raised in Plaintiff's motion except for the treatment of Plaintiff's trade secret disclosure, which is reserved for determination by the Court in paragraph 16.3 of the Stipulated Protective Order. Because the other issues are now moot, Defendants limit their opposition to the treatment of Plaintiff's trade secret disclosure.

[2] Applied's trade secret list does not comply with the Court's November 19, 2007 order, which required Applied to "certify that it has disclosed to Defendants all trade secrets it is alleging have been misappropriated" in connection with any renewed motion for expedited discovery. Instead, Applied purports to reserve for itself the right to supplement or amend—that is, file the "real" list—later.

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

1

# ARGUMENT

## I. DEFENDANTS WILL BE SEVERELY PREJUDICED IF THEY CANNOT SHARE APPLIED'S DESCRIPTIONS OF ITS TRADE SECRETS WITH THE INDIVIDUALS ACCUSED OF TAKING THEM

In order to defend themselves in this case, Defendants Advanced Micro-Fabrication Equipment, Inc. China, Advanced Micro-Fabrication Equipment, Inc. Asia, and Advanced Micro-Fabrication Equipment, Inc. (collectively, the "AMEC Defendants" or "Defendants") will require the full assistance and input of the individuals that Applied accuses of misappropriation. The AMEC Defendants must be allowed to disclose to each individual the description of the alleged trade secrets they are alleged to have taken so that they can respond to Applied's claims that these individuals had access to the trade secrets while working at Applied, that the information qualifies for trade secret protection because Applied took the necessary protective measures, that the information is not generally known, and that the individuals wrongfully took the information. Moreover, since these individuals are likely to be deposed and to testify at trial, the AMEC Defendants need to be able to discuss with them what they allegedly took so that they are prepared to respond to the charge. Courts will allow the disclosure of confidential information where the information "is necessary to prepare the case for trial," *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007), and where failure to disclose such information would "actually prejudice presentation of the [defendant]'s case," *Intel Corp. v. Via Techs., Inc.*, 198 F.R.D. 525, 528 (N.D. Cal. 2000); *see also Carpenter Tech. Corp. v. Armco, Inc.*, 132 F.R.D. 24, 28 (E.D. Pa. 1990) (permitting disclosure of previously unknown trade secrets to in-house counsel because of the technical nature of the case and the specialized knowledge of in-house counsel).

A recent example from this case shows just how critical it is for the Defendants to be able to share this information with the accused individuals as soon as possible. Applied submitted a declaration in support of its motion for expedited discovery claiming that REDACTED ███████████████████████████████████████████████ Declaration of Nir Merry in Support of Plaintiff's Motion for Expedited Discovery and Preservation of Evidence

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

2

("Merry Dec.") (Doc. No. 41), ¶¶ 6-7. When counsel for AMEC requested permission to disclose the contents of this sealed declaration to Dr. Luo in order to examine the basis of Applied's allegation, Applied agreed. With Dr. Luo's active participation in investigating this issue, AMEC was able to respond with published patents showing that the purportedly secret technology described by Mr. Merry has long since been in the public domain. *See* Declaration Of Marc Peters (Doc. No. 48), attached to Sur-reply to Plaintiff's Motion to Expedite Discovery And Preserve Evidence (Doc. No. 47). Without Dr. Luo's input, AMEC simply could not have responded so directly or so immediately.

## II. APPLIED WILL NOT BE PREJUDICED IF INDIVIDUALS ACCUSED OF STEALING A PARTICULAR TRADE SECRET ARE ALLOWED TO SEE THE DESCRIPTION OF THAT TRADE SECRET

Weighed against the prejudice that the Defendants will suffer if they are not allowed to share the trade secret disclosures with the relevant individual employees, Applied cannot claim to suffer any harm from such disclosure. As the party seeking entry of a protective order, Applied must show good cause for issuance of the order and bears the burden of showing that specific prejudice or harm would result from the disclosure of each document or item of information that it seeks to protect. Fed. R. Civ. P. 26(c)(7); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Applied has not met that burden here, both because Applied claims that these individuals are already aware of the alleged trade secrets and have made use of them, and because the information on Applied's trade secret list is not confidential in the first place.

### A. There Will Be No Harm To Applied From Sharing Its Trade Secret Descriptions With The Individuals It Identifies As Having Already Been Aware Of Those Trade Secrets.

Applied will not be harmed if its trade secret descriptions are shared with those individuals that Applied claims were already aware of those alleged trade secrets. The three cases cited by Applied do not even consider this question. Rather, all three cases involved the issue of whether confidential information should be shared with individuals who did not previously have exposure to it. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992) (assessing whether defendants' source code could be shared with plaintiff's in-house counsel in

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

3

copyright infringement case); *Intel Corp.*, 198 F.R.D. at 525 (disclosure of proprietary information to in-house counsel in patent infringement case); *Nutratech, Inc.*, 242 F.R.D. at 552 (disclosure of revenue and sales information and customer/supplier lists to company president in trademark case).

The courts in the three cases relied upon by Applied were therefore evaluating the impact of disclosing previously unknown confidential information to the respective defendants. Here, the fundamental accusation made by Applied's complaint is that its former employees were already familiar with its trade secrets and made use of them when they went to work for the AMEC Defendants. Applied's claim that it will be prejudiced because "the information could be used to duplicate Applied's products, compete for its customers, or interfere with its business plan and thereby gain a competitive advantage," Applied's Motion at 4:4-7, ignores the fact that (i) this risk already exists as to those individuals who supposedly are aware of the information, and (ii) Applied is contending in this lawsuit, subject to Rule 11 liability, that these individuals have already used its information improperly.

Another important distinction between this case and the three cases on which Applied relies is that, in precluding disclosure in those cases, the Court was not preventing an individual alleged to have taken information from being informed of what he allegedly stole. In *Brown Bag Software*, the court laid out a balancing test to be used in intellectual property cases where trade secrets are tangentially involved. In such cases, the court generally must balance the risk of disclosure to competitors against the risk that a protective order will impair litigation of the claims. *Brown Bag Software*, 960 F.2d at 1470. Here, the scale tips decidedly in favor of AMEC because of the prejudice that AMEC will suffer if it cannot describe the trade secrets to the individuals accused of stealing them.

Applied's suggestion that disclosure can be restricted to only AMEC executives Gerald Z. Yin and AiHua [Stephen] Chen because they allegedly have knowledge of any misappropriated trade secrets is incorrect and insufficient. Defendants are entitled to the fully informed assistance of all of the individuals accused of stealing the trade secrets and must have their assistance to

defend against the charge that they stole them. Dr. Yin is not one of those people—in Applied's previously filed declarations in this case concerning its first two trade secrets, for example, Applied did not identify Dr. Yin as one of the individuals who had any access to them. *See* Declarations of Nir Merry ("Merry Dec.") and Steve Shannon ("Shannon Dec.") in Support of Plaintiff's Motion for Expedited Discovery and Preservation of Evidence (Doc. Nos. 41-42). And Dr. Chen was alleged [REDACTED] along with Dr. Luo. *See id.*

It is typical for protective orders that govern the disclosure of "attorneys' eyes only" confidential information to strike a balance by permitting individuals who authored or received highly confidential documents to review them even if those persons are not attorneys. This type of provision is contained in the Northern District of California's form stipulated protective order, which permits disclosure of "attorneys-eyes only" confidential information to any individual who is the "author of the document or the original source of the information." Northern District Protective Order section 7.3(f). The parties have stipulated to a similar provision in the protective order in this case, agreeing that attorneys-eyes only information may be disclosed to "the author or a recipient of a document." Stipulated Protective Order (Doc. No. 65), ¶ 7.2(f). The same principle applies to the descriptions on Applied's list. This information should be shared with the individuals who are alleged to be aware of it already, both because restricting disclosure makes no sense, and because the knowing participation of the individuals who are most familiar with the trade secret or document is necessary for the defense of the case.

There will be no danger that the AMEC defendants will have to guess as to whether an individual employee previously had exposure to Applied's information. AMEC is proposing that Applied be ordered to identify, within a reasonable time, those current AMEC employees who it claims were aware of and misappropriated the trade secrets before disclosure is permitted. Specifically, AMEC proposes that the Protective Order include the following provision:

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

5

> 16.3 Trade Secret Disclosure. Within 14 days of the date of this Order, Applied will identify, for each secret listed on its Trade Secret List, each ex-Applied employee who had access to that secret when employed at Applied. This identification shall be supplemented promptly if Applied discovers new information, pursuant to Rule 26(e). The Trade Secret List shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and, notwithstanding the foregoing, may be disclosed only to: those persons identified in Section 7.3; Matt Ruby, AMEC's Vice President and General Counsel; Gerald Z. Yin, AMEC's Chairman of the Board and Chief Executive Officer; AiHua Chen, AMEC's Executive Vice President; and, on a per-trade-secret basis, any ex-Applied employee identified by Applied pursuant to this paragraph as already having had access to that alleged trade secret.

Applied objects to having to identify the AMEC employees who had access to Applied's trade secrets because "it does not even know the answer" to the question of "who at AMEC had knowledge of the trade secrets identified." Applied's Motion at 5. However, unless this lawsuit is frivolous, Applied must have a good faith basis for claiming that specific former employees had access to its trade secrets and took them.

Applied also complains that "there is much discovery to be done before Applied could answer the question accurately." Applied's Motion at 5 n.4. At this juncture, however, AMEC simply seeks an initial identification of the alleged wrongdoers, and an opportunity to investigate Applied's claims by disclosing the appropriate trade secret to each accused individual. The proposed order provides that Applied will supplement this identification if any further information comes to light pursuant to Federal Rule 26(e). Applied's previous filings suggest that Applied can provide an initial answer to this question. Without any discovery, Applied already identified three AMEC employees who allegedly had access to the first two items on its trade secret list. *See* Shannon Dec. (Doc. No. 42) at ¶ 6; Merry Dec. (Doc. No. 41) at ¶ 7. As described above, once AMEC had this information, it was able to show that the alleged information was not a trade secret at all.

The Court should amend paragraph 16.3 of the Stipulated Protective Order to include the AMEC Defendants' proposed language.

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

6

### B. There Is No Need To Restrict Access To Applied's Identification Of Trade Secrets Because It Contains No Confidential Information

An examination of the trade secret list itself underscores the weakness of Applied's argument. There is no reason to preclude the accused individuals from viewing Applied's trade secret list because it does not contain confidential information.

There are only two alleged secrets on the list for which Applied claims to have evidence of alleged misappropriation—numbers 1 and 2. However, Applied has told this Court that these trade secrets are now in the public domain because Defendants purportedly disclosed them in publicly available patent applications. Specifically, Applied claims as trade secret 1 on the list its use of REDACTED Previously, Applied submitted a declaration from one of its engineers, Steve Shannon, claiming that REDACTED. *Compare* Shannon Dec. (Doc. No. 42) at ¶ 4 *with* Trade Secret List at ¶ 2 (attached as Exhibit A to the Declaration of Kenneth A. Kuwayti in Opposition to Plaintiff's Motion to Enter Confidentiality Order).

Similarly, Applied claims as trade secret 2 REDACTED Trade Secret List at ¶ 2. Applied submitted a declaration from another engineer, Nir Merry, claiming that REDACTED *Compare* Trade Secret List at ¶ 2 *with* Merry Dec. (Doc. No. 41) at ¶ 5. Applied represented to the Court that by virtue of these two patent applications, these trade secrets were "publicly disclosed, and thereby destroyed." Applied's Renewed Motion for Expedited Discovery at 2 (Doc. No. 66). Applied cannot have it both ways. If this information is already in the public domain and trade secrecy has been destroyed, then Applied cannot claim that it is confidential and may not be viewed by the individuals who are alleged to have disclosed it.

Moreover, as Defendant AMEC-China (previously labeled "AMEC-Shanghai") demonstrated in opposing Applied's first motion for expedited discovery, this supposedly secret technical information has actually been public for years. Using three RF sources in a plasma

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER    7
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

1   chamber has been public since at least June 2002. Declaration Of Marc Peters (Doc. No. 48), ¶ 2
2   & Ex. A, attached to Sur-reply to Plaintiff's Motion to Expedite Discovery And Preserve
3   Evidence (Doc. No. 47). Applied itself published in June 2005 the idea that L-, $\pi$-, and T-
4   networks can be used in a matching network for a multi-frequency plasma chamber. *Id.*, ¶ 3 &
5   Ex. B (Doc. No. 48). Applied also published the concept of using rotating heaters in CVD tools
6   in 2002. *Id.*, ¶ 4 & Ex. C (Doc. No. 48).

7   Most of the other purported trade secrets on Applied's list do not identify any confidential
8   information at all, but rather list *categories* of information in which Applied contends that it has
9   trade secrets. For example, trade secret 4 is alleged to include [REDACTED]
10  [REDACTED]
11  Trade Secret List at ¶ 4. The Ninth Circuit has held that this manner of description is inadequate
12  as a matter of law. In *IMAX Corp. v. Cinema Technologies, Inc.*, the Ninth Circuit held that no
13  trade secret had been alleged where, as here, the plaintiff did not identify "precise numerical
14  dimensions and tolerances with sufficient particularity." *IMAX Corp.*, 152 F.3d 1161, 1168 (9th
15  Cir. 1998) (affirming grant of summary judgment of no liability for trade secret
16  misappropriation). [REDACTED]
17  [REDACTED]
18  [REDACTED]
19  [REDACTED]
20  [REDACTED] Applied can not seriously claim that the concept of [REDACTED]
21  [REDACTED] is confidential, or that disclosure of this
22  information will result in harm to Applied.
23  Similarly, Applied claims generally in its list that it has trade secrets in: (i) [REDACTED]
24  [REDACTED]
25  [REDACTED]
26  [REDACTED]
27  [REDACTED]
28  
OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER   8
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

**REDACTED**

These descriptions do little more than reaffirm Applied's belief that it possesses trade secrets, without even hinting at what those secrets may be. They contain no confidential information and are tantamount to Applied impermissibly claiming, with no explanation, that it generally possesses trade secrets. *See Diodes, Inc. v. Franzen*, 260 Cal. App. 2d 244, 252 (Cal. Ct. App. 1968) (affirming dismissal for failure to state a claim for trade secret misappropriation because "[a]n averment simply that the plaintiff has a 'secret process' is a bare legal conclusion"); *see also MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) (reversing grant of summary judgment to plaintiff in trade secret case where plaintiff did not specifically identify its alleged trade secrets in its software); *Oculus Innovative Scis., Inc. v. Nofil Corp.*, No. C 06-1686-SI, 2007 WL 4044867, *7 (N.D. Cal. Nov. 15, 2007) ("[T]he complainant should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies"). As with Applied's other disclosures, the information presented here is not confidential, and can in no way result in harm to Applied upon disclosure.

## CONCLUSION

The Defendants will be severely prejudiced in their defense of this action if they cannot disclose Applied's descriptions of its alleged trade secrets to the individuals accused of misappropriating them. In contrast, Applied has failed to demonstrate how it would be harmed by the disclosure of information that it alleges was already known to the individual AMEC employees, or that the information in its trade secret list is confidential. Accordingly, the Court should permit the AMEC employees who are alleged to have misappropriated these trade secrets

OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
REDACTED VERSION
CASE NO. C07-05248 JW (PVT)
pa-1218810

9

to view those secrets Applied claims that they had access to while they were working at Applied, and should enter the AMEC Defendants' proposed paragraph 16.3 to the Protective Order.

Dated: January 8, 2008

HAROLD J. MCELHINNY
KENNETH A. KUWAYTI
MARC DAVID PETERS
MORRISON & FOERSTER LLP

By:  /s/ Kenneth A. Kuwayti
   Kenneth A. Kuwayti

Attorneys for Defendants
ADVANCED MICRO-FABRICATION EQUIPMENT, INC. CHINA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. ASIA, and ADVANCED MICRO-FABRICATION EQUIPMENT INC.

1  HAROLD J. MCELHINNY (CA SBN 66781)
   HMcElhinny@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522

5  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
6  MARC DAVID PETERS (CA SBN 211725)
   MDPeters@mofo.com
7  MORRISON & FOERSTER LLP
   755 Page Mill Road
8  Palo Alto, CA 94304-1018
   Telephone: 650-813-5600
9  Facsimile: 650-494-0792

10 Attorneys for Defendants
   ADVANCED MICRO-FABRICATION EQUIPMENT, INC.
11 CHINA, ADVANCED MICRO-FABRICATION
   EQUIPMENT, INC. ASIA, and ADVANCED MICRO-
12 FABRICATION EQUIPMENT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT, INC. CHINA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC., <br><br> Defendants. | Case No.   C 07-05248 JW (PVT) <br><br> **[PROPOSED] ORDER REGARDING OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER** <br><br> Date:   TBD <br> Time:   TBD <br> Courtroom: 5 <br> The Honorable Patricia Trumbull |

[PROPOSED] ORDER REGARDING OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER
AND INTERIM PROTECTIVE ORDER
CASE NO. C07-05248 JW (PVT)
pa-1218822

1  This matter comes before the Court on Applied Materials, Inc.'s Motion to Enter Confidentiality Order. Having considered the arguments and evidence submitted and for good cause appearing:

IT IS HEREBY ORDERED THAT the Stipulated Protective Order, filed December 21, 2007, shall be entered (if not already) and further that Section 16.3 of that Order shall be amended to read:

16.3 <u>Trade Secret Disclosure</u>. Within 14 days of the date of this Order, Applied will identify, for each secret listed on its Trade Secret List, each ex-Applied employee who had access to that secret when employed at Applied. This identification shall be supplemented promptly if Applied discovers new information, pursuant to Rule 26(e). The Trade Secret List shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and, notwithstanding the foregoing, may be disclosed only to: those persons identified in Section 7.3; Matt Ruby, AMEC's Vice President and General Counsel; Gerald Z. Yin, AMEC's Chairman of the Board and Chief Executive Officer; AiHua Chen, AMEC's Executive Vice President; and, on a per-trade-secret basis, any ex-Applied employee identified by Applied pursuant to this paragraph as already having had access to that alleged trade secret.

Dated: _____

Honorable Patricia V. Trumbull
United States Magistrate Judge
Northern District of California

[PROPOSED] ORDER REGARDING OPPOSITION TO PLAINTIFF'S MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER
CASE NO. C07-05248 JW (PVT)
pa-1218822

1