Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
Douglas C. Doskocil (*pro hac vice*)
ddoskocil@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. <br><br> Defendants. | Case No. C07 05248 JW (PVT) <br><br> **APPLIED'S REPLY IN SUPPORT OF MOTION TO ENTER CONFIDENTIALITY ORDER AND INTERIM PROTECTIVE ORDER** <br><br> Date:   January 22, 2008 <br> Time:   10:00 a.m. <br> Dept:   Mag. Judge Patricia Trumbull |

**REDACTED VERSION**

## INTRODUCTION

The parties have agreed to a Stipulated Protective Order that resolves all issues raised in Applied's motion except for the treatment of Applied's trade secret list. To resolve this sole remaining point of dispute, Applied has proposed sharing its trade secret list with in-house and outside counsel for Defendants, with Defendants' experts, and with three executives employed by Defendants, including two individuals formerly employed by Applied. Applied's proposal is eminently reasonable and is, in fact, more liberal than the treatment of this issue in other cases. Under Applied's proposal, Defendants would have the ability to defend themselves in this action as they would be permitted to consult with outside technical experts, key internal technical executives, as well as in-house and outside legal counsel. Defendants' proposal, on the other hand, which would require Applied to share its trade secret list with essentially all of its former employees now employed by Defendants, lacks any basis in case law or the Federal Rules and would put Applied's confidential, proprietary information at a great and unnecessary risk.

## ARGUMENT

### I.  Defendants' Claims Of Prejudice Are Overstated

Defendants' claim that Applied's proposed treatment of the trade secret list "would greatly prejudice" their ability to defend themselves is vastly overstated. Under Applied's proposal, Defendants would be able to circulate Applied's highly confidential trade secret list to (a) Defendants' outside counsel and their support staff; (b) Defendants' Vice President and General Counsel, Matt Ruby; (c) Defendants' Chairman and Chief Executive Officer, Gerald Yin, a former high-level Applied employee; (d) Defendants' Executive Vice President, Stephen Chen, also a former high-level Applied employee; and (e) any experts retained by Defendants who signed the Protective Order in this case. By sharing Applied's trade secret list with attorneys, experts, and executives, including ex-Applied employees, Defendants will have ample opportunity to defend against Applied's trade secret claims. *See, e.g., RPA Int'l Pty Ltd. v. Compact Int'l Inc.*, No. 06cv1147 WQH(AJB), 2007 WL 4105725, at *2-3 (S.D. Cal. Nov. 16, 2007) (denying motion to modify protective order to provide access to trade secret information to pro se defendant because defendant's expert could review materials). Indeed, Defendants cannot dispute that Applied's

proposal is significantly more liberal than the treatment of this issue in other cases. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1471 (9th Cir. 1992) (refusing to allow plaintiff's in-house counsel, who was involved in "competitive decision-making," access to protected documents); *Intel Corp. v. Via Tech., Inc.*, 198 F.R.D. 525, 528-32 (N.D. Cal. 2000) (denying plaintiff's motion to modify protective order where in-house counsel's claimed need for the information to advise the plaintiff and manage the litigation was insufficient to grant access to the defendant's confidential information where defendant was a direct competitor and would be competitively disadvantaged by such disclosure; protective order need be modified only if it "actually prejudice[s] presentation of the moving party's case, not merely increase[s] the difficulty of managing the litigation."). In *Nutratech, Inc. v. Syntech Int'l, Inc.*, 242 F.R.D. 552 (C. D. Cal. 2007), for example, the court agreed that it is common for protective orders to limit "access to sensitive information to counsel and their experts." *Id.* at 555 (citing *Safe Flight Instrument Corp. v. Sundstrand Data Control*, 682 F. Supp. 20, 22 (D. Del. 1988) (court, noting that weight of precedent was in favor of "attorney's eyes only" protective order, agreed that defendant need not show confidential documents to president of plaintiff corporation because president might "consciously or subconsciously abuse the confidential information in discovery")).

Tellingly, Defendants do not cite a single case to support their novel proposition that Applied be ordered to share a confidential trade secret list with employees of companies who directly compete with Applied in the market for Etch and CVD tools. No such case exists because it is beyond dispute that a plaintiff in a trade secret case would risk great injury from disclosure (inadvertent or otherwise) of its trade secrets as, for example, the information could be used to duplicate its products, compete for its customers, or interfere with its business plan and thereby gain a competitive advantage in the marketplace. In short, Defendants' employees could use the information gleaned from Applied's trade secret list to unfairly benefit Defendants.

Defendants' claim of "great prejudice" also rings hollow because Applied's amended complaint does not accuse individuals employed by Defendants of anything. It is the AMEC corporate defendants that Applied contends have misappropriated its trade secrets, not all ex-Applied employees currently employed by Defendants. Applied should not be required to hand

over its confidential trade secret list to a host of Defendants' employees when those individuals are not even parties to this lawsuit.

### II. Defendants Are Improperly Trying To Parlay The Dispute About A Protective Order Into A Substantive Referendum On Applied's Trade Secret List

Defendants cannot credibly claim that Applied will not be prejudiced by (1) providing Defendants with a list of all of Applied's former employees who had access to the trade secrets and (2) permitting Defendants to disclose Applied's trade secret list to those employees. First, Defendants' proposal amounts to a burdensome interrogatory to Applied regarding the ex-Applied employees who had knowledge of Applied's trade secrets while at Applied. Defendants, however, won't actually seek this information in the form of an interrogatory because doing so would undermine their efforts at delaying discovery regarding Applied's claim for trade secret misappropriation. Moreover, even if Defendants were to propound an interrogatory seeking this information, Applied is not yet in a position to answer such an interrogatory since it is not privy to a list of all of Defendants' employees. Indeed, even if Applied had access to such a list, it would take Applied a considerable amount of time and effort even to provide an approximate answer to the question.

Second, Defendants' argument that the information on Applied's trade secret list is not confidential in the first place is both wrong on the facts and inappropriately raised by Defendants in the guise of its opposition to Applied's protective order motion. As an initial matter, California Code of Civil Procedure Section 2019.210 does not apply in Federal Court. In particular, and as set forth in greater detail in Applied's Renewed Motion for Expedited Discovery, Section 2019.210 cannot be applied, either directly or as a guide, so as to impair Applied's discovery rights under the Federal Rules of Civil Procedure, Rules 8 and 26. But importantly, regardless of whether Section 2019.210 applies here, a showing that information is a trade secret "is unnecessary, as it is sufficient … to show that the information is confidential and that harm may result from the disclosure to individuals other than attorneys and experts." *Nutratech*, 242 F.R.D. at 555 n.4 (citing Fed. R. Civ. P. 26(c)(7)).

What is more, Defendants conveniently ignore the fact that Applied's list *does* include

highly specific, confidential, detailed descriptions of the particular trade secrets that Defendants have misappropriated. For example,

REDACTED

[1] Defendants' argument that Applied's trade secret list is undeserving of protection rests entirely on its willful decision to ignore the detailed, confidential information on the trade secret list. Contrary to Defendants' claim, Applied's trade secret list complies with the Court's November 19, 2007 order, and an order requiring Applied to disclose the contents of its list to its competitors' employees would be highly prejudicial to Applied as it would require Applied to disclose to Defendants' employees the detailed confidential information spelled out in Applied's trade secret list.

The Federal Rules contemplate the need for a protective order like the one proposed by Applied in exactly these circumstances. Federal Rule 26(c)(7) provides for a court order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"; *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (the law "gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or other commercial information"). Under Defendants' twisted logic, any party who brought a trade secret claim against a competitor would be forced to share the intimate details of all its trade secrets with the employees of its competitor. This proposal would be a strong disincentive for parties to seek judicial redress for trade secret misappropriation, a result contrary to the Federal Rules, which

---

[1] Defendants' claim that the information in the first two trade secrets on Applied's list "has actually been public for years" is unsupported by credible evidence and contrary to fact. Defendants' argument simply underscores its strategy to use the trade secret list as a means to delay and prevent discovery.

contemplate protective orders to protect a party's trade secrets, and to the law of the Ninth Circuit, which requires a court in a trade secret case to carefully protect a party's confidential trade secret information. *See, e.g., Brown Bag Software*, 960 F.2d at 1471 (protective order struck reasonable balance by shielding in-house counsel from personal knowledge of a competitor's trade secrets).

In sum, Defendants' opposition is only their latest salvo in an ongoing effort to delay discovery. Applied respectfully requests that the Court take this opportunity to put an end to Defendants' efforts to use § 2019.210 as a tool to delay and prevent discovery by ordering Defendants to provide Applied with the substantive discovery it has sought in document requests and interrogatories. Further, the Court should adopt Applied's proposal regarding the confidentiality of the trade secret list it has provided to Defendants in accord with the Court's November 19, 2007 Order.

Dated: January 15, 2008

Respectfully submitted,

Applied Materials, Inc.

By its attorneys,

/s/ Michael G. Strapp
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
Douglas C. Doskocil (*pro hac vice*)
ddoskocil@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231