UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., et al.,<br><br>          Defendants. | Case No.: C 07-5248 JW (PVT)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF CONFIDENTIALITY ORDER** |

On December 14, 2007, Plaintiff filed a motion for entry of a confidentiality order.[1] Defendants opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED.

The court imposed the requirement that Plaintiff disclose to Defendants all trade secrets it is alleging have been misappropriated solely as a matter of case management[2] in order to: 1) assist both

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] The court takes no position on whether CCP § 2019.210 applies in federal court. The court's order requiring such disclosure is essentially a protective order. Under F.R.C.P. 26(c) and the inherent discretion of a court to manage its own discovery, a court may *sua sponte* issue a protective order. *See, e.g., Coleman v. Schwarzenegger*, 2007 WL 4276554, *1 (N.D.Cal. 2007); *see also Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980) (district courts have "broad discretion to make discovery . . . . and evidentiary rulings conducive to the conduct of a fair and orderly trial").

ORDER, *page 1*

1  the parties and the court in determining the appropriate scope of discovery and in determining
2  whether particular discovery requests fall within that scope; and 2) avoid any disputes regarding
3  whether or not Plaintiff is using the discovery process as a means to obtain the Defendant's trade
4  secrets.³ *See, e.g., Computer Economics, Inc. v. Gartner Group Inc.*, 50 F.Supp.2d 980, 985 (S.D.
5  Cal. l999) (discussing the rationale underlying CCP § 2019.210 (which at the time was numbered
6  2019(d)).

7  In light of the purposes of this court's order requiring Plaintiff to disclose the trade secrets it
8  alleges were misappropriated, Plaintiff's proposed form of order is sufficient at this juncture. The
9  question of which of Defendants' employees may ultimately see Plaintiff's trade secret list is not yet
10 ripe. As the parties determine–through formal or informal discovery–which of Plaintiff's former
11 employees may have had access to some or all of the trade secrets, the parties may seek modification
12 of the Confidentiality Order to allow disclosure to those individuals if warranted.⁴

13 Dated: *1/18/08*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3]  In this latter regard, this trade secret disclosure requirement protects *both* parties. It protects Defendant from the possibility of Plaintiff engaging in a fishing expedition. It also protects Plaintiff from claims that Plaintiff did not know a particular trade secret until discovering it from Defendant.

[4]  The parties also appear to dispute the adequacy of Plaintiff's trade secret disclosure, however the question of whether Plaintiff's trade secret disclosure is sufficiently specific is not properly before the court at this time. That question may be brought before the court in either a motion by Defendant(s) to compel a more specific disclosure, or a motion by Plaintiff to confirm its compliance with the disclosure requirement imposed by the court.