1    HAROLD J. MCELHINNY (CA SBN 66781)
     HMcElhinny@mofo.com
2    MORRISON & FOERSTER LLP
     425 Market Street
3    San Francisco, California  94105-2482
     Telephone: 415.268.7000
4    Facsimile: 415.268.7522

5    MARC DAVID PETERS (CA SBN 211725)
     MDPeters@mofo.com
6    DAVID M. ALBAN (CA SBN 238955)
     DAlban@mofo.com
7    MORRISON & FOERSTER LLP
     755 Page Mill Road
8    Palo Alto, CA 94304-1018
     Telephone:  650-813-5600
9    Facsimile:  650-494-0792

10
     Attorneys for Defendant
11   ADVANCED MICRO-FABRICATION
     EQUIPMENT INC. CHINA
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                        SAN JOSE DIVISION

16

| | |
|---|---|
| 17  APPLIED MATERIALS, INC., | Case No.    C07 05248 JW (PVT) |
| 18                  Plaintiff, | **NOTICE OF MOTION, MOTION, AND MEMORANDUM IN** |
| 19         v. | **SUPPORT OF AMEC CHINA'S MOTION TO DISMISS FIRST** |
| 20  ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., | **AMENDED COMPLAINT** |
| 21  ADVANCED MICRO-FABRICATION EQUIPMENT, INC., ASIA, ADVANCED | Date:    February 25, 2008 Time:    9:00 a.m |
| 22  MICRO-FABRICATION EQUIPMENT, INC., | Ctrm:    8, 4th Floor |
| 23                  Defendants. | |

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2    PLEASE TAKE NOTICE THAT on February 25, 2008, at 9:00 a.m., in the Courtroom of

3    the Honorable James Ware, located at 280 South 1st Street, San Jose, California, or as soon

4    thereafter as counsel may be heard, Advanced Micro-Fabrication Equipment Inc. China ("AMEC

5    China," sued as "Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd.") will and hereby

6    does move to dismiss Plaintiff's First Amended Complaint ("FAC") for lack of personal

7    jurisdiction. AMEC China also joins in Advanced Micro-Fabrication Equipment, Inc.'s ("AMEC

8    Inc.") motion to dismiss for failure to state a claim and joins AMEC Inc.'s motion to dismiss the

9    action on the ground of *forum non conveniens*. (AMEC Inc.'s Motion to Dismiss First Amended

10   Complaint, Docket No. 54.)

11   AMEC China's motion is based on this Notice of Motion, the simultaneously served and

12   filed Memorandum, the simultaneously served and filed Declarations of Zhiyou Du and Marc

13   Peters, the pleadings and documents referenced therein, and other evidence that may be presented

14   at the hearing.

15

**MEMORANDUM**

16   **I.    INTRODUCTION**

17   AMEC China is a foreign corporation that conducts its business overseas. It has no

18   offices, property or sales in California, and Applied's claims do not arise out of or relate to any

19   contact AMEC China has or had with California. Nonetheless, Applied has attempted to premise

20   jurisdiction over AMEC China on the basis that former Applied employees now work at AMEC

21   China. Applied already dropped four of those former employees from this suit when it was

22   shown that their presence in the action destroyed diversity jurisdiction. Applied's effort to now

23   pin personal jurisdiction on the distant activities of foreign companies in China is equally flawed.

24   The mere hiring of a competitor's former employees to work in China is not intentional conduct

25   directed towards California, and accordingly the Court has no personal jurisdiction over AMEC

26   China.

27   AMEC China also joins in AMEC Inc.'s motion to dismiss the complaint for failure to

28   state a claim and for *forum non conveniens*. For the reasons stated in AMEC Inc's motion, the

California Uniform Trade Secret Act cannot be applied extra-territorially and the UTSA preempts the rest of Applied's claims. And under the doctrine of *forum non conveniens*, the Court should direct Applied Materials to pursue its claims in the People's Republic of China.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Court has personal jurisdiction over AMEC China.

2.  Whether Applied has stated a claim for violation of the California Uniform Trade Secret Act.

3.  Whether Applied's second, third, and fourth causes of action are preempted by the California Uniform Trade Secret Act.

4.  Whether the claims against AMEC China should be dismissed on *forum non conveniens* grounds and Applied instructed to pursue its claims in Chinese courts.

## III.    FACTUAL BACKGROUND

AMEC China designs and develops equipment for use in manufacturing semiconductors. (Declaration of Zhiyou Du in support of Advanced Micro-Fabrication Equipment China's Motion to Dismiss ¶ 3 (hereinafter "Du Decl.").) AMEC China is a joint venture between Advanced Micro-Fabrication Equipment Inc. Asia and Shanghai Ventures Capital Co., Ltd. (*Id.* ¶ 2.) It is organized under the laws of the People's Republic of China. (*Id.*) Its headquarters are in Shanghai and it does all its design and development there. (*Id.* ¶¶ 2-3.)

AMEC China does not have any offices or facilities in California. (*Id.* ¶ 5.) Nor does it own or lease any property in California. (*Id.*) All of its board meetings take place in China, and it maintains all its technology-related and employment-related documents there as well. (*Id.* ¶¶ 3-4.) It has not sold or shipped products to customers located in California. (*Id.* ¶ 5.) AMEC China does not pay California state taxes or United States federal taxes. (*Id.* ¶ 7.) Nor is it licensed to do business in the State. (*Id.*)

AMEC China obtains parts for its equipment from hundreds of suppliers located around the world. AMEC China currently has about a dozen current suppliers in the Northern District of California, and about the same number of past part suppliers located in the Northern District. (*Id.* ¶ 6.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    THE CASE MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER AMEC CHINA

In a case based on diversity jurisdiction, "a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  California permits the exercise of personal jurisdiction on any basis not inconsistent with the United States Constitution.  Cal. Civ. Proc. Code § 410.10.  Accordingly, whether the Court has personal jurisdiction over AMEC China thus depends on whether Applied can show sufficient "minimum contacts" of AMEC China with California.  *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The degree to which a court can exercise jurisdiction depends on the nature and extent of a defendant's contacts with the forum state.  A court may exercise specific jurisdiction only if, among other things, the plaintiff's claim arises from or relates to the defendant's contacts with the forum.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).  For a court to exercise general jurisdiction, a defendant's contacts with the forum must be continuous and systematic, and "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings *entirely distinct* from those activities."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945) (emphasis added).  Applied cannot demonstrate that exercise of either specific or general jurisdiction over AMEC China is proper.

### A.    The Court Lacks Specific Jurisdiction Over AMEC China

Because this case does not arise from or relate to any contact AMEC China has or had with California, the Court has no specific jurisdiction over it.  The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

(1) the defendant must ***purposefully direct*** its activities or consummate some transaction with the forum or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum;

(2) the claim must be one which ***arises out of*** or relates to defendant's contacts with the forum; and

1    (3) the exercise of jurisdiction must comport with ***fair play and substantial justice***.

2    *Schwarzenegger*, 374 F.3d at 802 (emphasis added).

3        To determine purposeful direction or availment in intentional tort cases, courts apply the

4    "effects test" first set forth in *Calder v. Jones*, 465 U.S. 783 (1984).  To meet the effects test, a

5    defendant must have:

6        (1) committed an intentional act;

7        (2) expressly aimed at the forum state; and

8        (3) causing harm that the defendant knows is likely to be suffered in the forum state.

9    *Schwarzenegger*, 397 F.3d at 803 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir.

10    2002)).  "Merely asserting that a defendant knew or should have known that his intentional acts

11    would cause harm in the forum state is not enough to establish jurisdiction under the effects test."

12    *Pavlovich v. Superior Court of Santa Clara County*, 29 Cal. 4th 262, 270-271 (2002);

13    *Schwarzenegger*, 374 F.3d at 805 (foreseeability of harm in the forum state alone is insufficient to

14    meet the effects test) (citing *Bancroft & Masters,* 223 F.3d at 1087).

15        **1.  AMEC China Has Not Expressly Aimed Its Conduct Towards California**

16        To establish that AMEC China has purposefully directed its conduct towards California

17    under the effects test, Applied must allege intentional conduct *expressly aimed* at or *targeting* the

18    forum state in addition to knowledge that this intentional conduct would cause harm in the forum.

19    *Bancroft & Masters*, 223 F.3d at 1087.  Applied has not done so.  None of Applied's claims arises

20    out of allegations concerning contact with California.  Every cause of action in the FAC stems

21    from Applied's allegations that some AMEC entity hired employees *in China* and that those

22    employees subsequently disclosed Applied's secrets *in China*.[1]  The California UTSA defines

23    "misappropriation" of a trade secret to include two types of conduct: (1) improper acquisition or

24    (2) improper disclosure or use.  *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d

25

26        [1] Applied's second, third, and fourth causes of action are based on the same nucleus of facts as the claim for misappropriation.  Indeed, the first paragraph of each count in the complaint

27    incorporates by reference the "factual" allegations made in support of the trade secret claim. (FAC ¶¶ 54, 60, 66.)

28

941, 951 (N.D. Cal. 2003).  But nowhere has Applied alleged that defendants acquired, disclosed or used an Applied trade secret *in California*.

Further, Applied has not alleged that AMEC China expressly aimed its alleged conduct at California.  The only relevant allegation in the complaint that mentions California states that Applied's principal place of business is in Santa Clara.[2]  (FAC ¶ 11.)  But merely hiring a forum resident's former employee, allegedly privy to trade secrets, is not enough to establish express aiming.  *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997).  In *ESAB*, the plaintiff alleged that two corporations conspired with an ESAB employee to steal its customer lists and trade secrets in order to appropriate ESAB's business.  *Id*. at 622.  The only relevant forum contact was the defendants' knowledge that sales leads the employee provided might result in less sales to ESAB, a corporation located in the forum state: "Indeed, at the very most, it can be said that [defendant] intended to gain a competitive advantage (allegedly tortiously) over the ESAB group by making sales which the ESAB Group might have otherwise made."  *Id.* at 625.  Further, the alleged trade secrets defendants obtained were not used to make sales in the forum state, but nationwide and in Canada.  *Id.*  Based on these facts, the court found that defendants had not expressly aimed their conduct at the forum state.  *Id.* at 626.

The district court's decision in *Drayton Enterprises, LLC v. Dunker*, 142 F. Supp. 2d 1177 (D.N.D. 2001), is in accord.  There, plaintiff brought suit against a former employee and an out-of-state competitor that hired the employee, alleging that the employee disclosed trade secrets to the competitor in violation of a confidentiality agreement and that the competitor interfered with this contract and wrongfully acquired trade secrets.  *Drayton*, 142 F. Supp. 2d at 1180.  Plaintiff argued that it was foreseeable the disclosures would cause harm in North Dakota, particularly since the former employee had signed the confidentiality agreement in North Dakota.  *Id.* at 1181.

---

[2] Applied alleges that AMEC China maintains an office in San Diego.  (FAC ¶ 12.)  This is contradicted by the record – both the Senior Vice President of Corporate Operation of AMEC China and the Vice President and General Counsel of AMEC Inc. have declared that no AMEC entity maintains offices in California.  (Du Decl. ¶ 5; Declaration of Matt Ruby in support of AMEC, Inc.'s Motion to Dismiss ¶ 6.)  Regardless, Applied makes no allegation that any of the relevant events occurred in or had any connection with San Diego.

1    The court found this argument unpersuasive, emphasizing that the relevant events took place

2    outside the forum:

3           Until [the former employee] revealed the information and [the
            competitor] used it - which allegedly happened in Oklahoma in
4           1999 or 2000 - no tort had been committed. Thus, all the "action"
            took place outside of North Dakota, further undercutting
5           jurisdiction in North Dakota. The Court recognizes that [the former
            employee] obtained the information in North Dakota, but [the
6           competitor] had nothing to do with this. Further, he obtained the
            information legitimately before severing his ties with the state,
7           rendering the contacts, if not random, then at least fortuitous and
            attenuated, making predicating jurisdiction on them inappropriate.
8
   *Id.* at 1184; *see also Consulting Engineers, Inc. v. Geometric Software Solutions and Structure*
9
   *Works LLC*, No. 06-956, 2007 U.S. Dist. LEXIS 49398 (E.D. Va. July 6, 2007) (hiring plaintiff's
10
   employee allegedly in possession of trade secrets, where allegedly tortious acts occurred outside
11
   of the forum, was insufficient to establish specific jurisdiction); *General Steel Domestic Sales,*
12
   *LLC v. Suthers*, No. 06-411, 2007 U.S. Dist. LEXIS 19231, at *18-19 (E.D. Cal. Mar. 2, 2007)
13
   (no specific jurisdiction over defendant, which was founded by plaintiff's former employees,
14
   because alleged disclosure of trade secrets to attorney general of Colorado was not an intentional
15
   act expressly aimed at California).
16
           The facts of this case are analogous. Applied's claims arise out of its allegations that
17
   some AMEC entity hired employees in China and that those employees subsequently disclosed
18
   Applied's secrets in China. Moreover, as in *Drayton*, there is no allegation that the former
19
   employees illicitly obtained Applied's supposedly secret information before severing their ties
20
   with California, making AMEC China's contact with California as attenuated as the defendant's
21
   contact was to North Dakota in *Drayton*. And, like in *ESAB*, AMEC China has made no sales in,
22
   or shipped products to, California. (Du Decl. ¶ 5.)
23
                **2.    The Absence Of AMEC Sales Activity In California, And Applied's**
24                      **Worldwide Sales, Further Demonstrates The Lack Of Express Aiming**

25         This absence of sales in California demonstrates lack of express aiming for another

26   reason. The Ninth Circuit has held that where a defendant uses allegedly misappropriated

27   information to seek sales outside the forum state, no express aiming can be established. In

28   *Schwarzenegger*, a car dealership located in Ohio allegedly used Arnold Schwarzenegger's

1    likeness in its advertising without his authorization. *Schwarzenegger*, 374 F.3d at 799-800.

2    Because the advertising targeted Ohio, not California, residents, the court held there was no

3    express aiming and therefore no specific jurisdiction. *Id.* at 807. Here, AMEC China has not

4    made use of any misappropriated information to make sales in California. In fact, AMEC's main

5    customer base is Asia, not California. (Declaration of Marc David Peters in Support of AMEC

6    China's Motion to Dismiss ("Peters Decl.") ¶ 2 Ex. A.)

7        Finally, Applied cannot establish express aiming because it makes sales worldwide and

8    not solely in California. (Declaration of M. Peters in Support of AMEC, Inc.'s Motion to

9    Dismiss, ¶ 6, Ex. E, Docket No. 57-7.) The crux of Applied's alleged damage is the loss of its

10   competitive advantage. (FAC ¶¶ 46-52, 68.) Yet there is nothing in the record to establish that

11   any defendant's alleged actions were calculated to compete with Applied solely or even primarily

12   in California. At best, they were calculated to compete with Applied in Asia. (Peters Decl. ¶ 2

13   Ex. A.) This further demonstrates the lack of express aiming. *See Directory Dividends, Inc. v.*

14   *SBC Commc'ns, Inc.*, No. 01-CV-1974, 2003 U.S. Dist. LEXIS 19560, at *14-15 (E.D. Pa. Oct.

15   23, 2003) (no express aiming where plaintiff did business nationwide); *see also ESAB*, 126 F.3d

16   at 625 (in misappropriation of trade secrets case, no express aiming where defendant focused its

17   allegedly tortious activity on customers throughout the United States and Canada, without

18   focusing or targeting forum state).

19       In sum, because Applied cannot establish that AMEC China expressly aimed its conduct

20   at California, this Court has no specific jurisdiction over it.[3]

21       [3] The fact that a different AMEC entity, AMEC Asia, is the assignee of U.S. patent
     applications is insufficient to establish jurisdiction in California over any of the AMEC entities.
22   There is no connection between the U.S. applications and California. The applications were filed
     with and published by the United States Patent and Trademark Office, which is in Virginia, not
23   California. *See Dahn World Co. v. Chung*, No. CV 05-3477-PCT-JAT, 2006 U.S. Dist. LEXIS
     44694, at *10 (D. Ariz. June 27, 2006) (allegation that Defendant took confidential information
24   and posted it on a nationwide website was insufficient to establish personal jurisdiction); *see also
     Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) (mere web
25   presence is insufficient to establish personal jurisdiction). The applications were filed by a patent
     attorney located in Spokane, Washington. (Declaration of Marc Peters in Support of AMEC
26   Inc.'s Motion to Dismiss ¶ 7 & Ex. F.) Applied's trade secret claim cannot be said to arise out of
     conduct in California. *See Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1202 (Fed. Cir.
27   2003) (issuance of a U.S. Patent does not provide personal jurisdiction over assignee in any state).

28

## B. AMEC China Is Not Subject To General Jurisdiction In California

Applied has not and cannot articulate any theory supporting general jurisdiction over AMEC China. For a court to exercise *general* jurisdiction, a defendant's contacts with the forum must be continuous and systematic, and "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings *entirely distinct* from those activities." *Int'l Shoe*, 326 U.S. at 318 (emphasis added). As one court of appeals has explained, to exercise general jurisdiction, a defendant's contacts must be of such a nature and number that "it would be fundamentally fair to require it to answer in [the subject court] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (emphasis in original).

Applied cannot meet this "fairly high" standard, *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), which requires that a defendant's contacts be of the sort that approximate physical presence. *See Gates LearJet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *See Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986). AMEC China has done none of these things.

The facts already discussed above show that there is no general jurisdiction over AMEC China in the Northern District. The use of a few suppliers in the Northern District is insufficient to establish general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984) (finding that purchasing goods and services in the forum state, even at regular intervals, was not enough to subject a nonresident to general jurisdiction). Subjecting AMEC China to the jurisdiction of this Court based on such minimal contact with the forum state does not comport with traditional notions of fair play and substantial justice. *See Congoleum Corp. v. DLW AG*, 729 F.2d 1240, 1243 (9th Cir. 1984) (finding no general jurisdiction over a West German corporation on a claim that arose out of activities in Europe, where the corporation had no contact with California other than a developing sales market).

1    **V.    CONCLUSION**

2         California employees who move to foreign countries do not extend the Court's

3    jurisdictional reach to companies in such countries based on those employees' former

4    employment history or previous residence.  Such a broad extension of jurisdiction does not

5    comport with traditional notions of fair play and substantial justice.  Applied has dropped its suit

6    against the former employees mentioned in the FAC and has chosen the wrong forum in which to

7    bring its grievance against AMEC China.  For the reasons stated above, and for those stated in

8    AMEC Inc.'s motion to dismiss for failure to state a claim and for *forum non conveniens*, the

9    Court should dismiss this case against AMEC China.

10         Dated: January 22, 2008              MARC DAVID PETERS
                                                MORRISON & FOERSTER LLP
11

12
                                                By:  /s/ Marc David Peters
13                                                   Marc David Peters

14                                                   Attorneys for Defendant
                                                     ADVANCED MICRO-
15                                                   FABRICATION EQUIPMENT INC.
                                                     CHINA
16

17

18

19

20

21

22

23

24

25

26

27

28