HAROLD J. MCELHINNY (CA SBN 66781)
HMcElhinny@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

MARC DAVID PETERS (CA SBN 211725)
MDPeters@mofo.com
DAVID M. ALBAN (CA SBN 238955)
DAlban@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: 650-813-5600
Facsimile: 650-494-0792

Attorneys for Defendant
ADVANCED MICRO-FABRICATION
EQUIPMENT INC. ASIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT, INC. ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC.<br><br>            Defendants. | Case No.   C07 05248 JW (PVT)<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF AMEC ASIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:   February 25, 2008<br>Time:   9:00 a.m<br>Ctrm:   8, 4th Floor |

AMEC ASIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
C07 05248 JW (PVT)
pa-1221571

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on February 25, 2008, at 9:00 a.m., in the Courtroom of the Honorable James Ware, located at 280 South 1st Street, San Jose, California, or as soon thereafter as counsel may be heard, Advanced Micro-Fabrication Equipment Inc. Asia ("AMEC Asia") will and hereby does move to dismiss Plaintiff's First Amended Complaint ("FAC") for lack of personal jurisdiction. AMEC Asia also joins in Advanced Micro-Fabrication Equipment, Inc.'s ("AMEC Inc.") motion to dismiss for failure to state a claim and joins AMEC Inc.'s motion to dismiss the action on the ground of *forum non conveniens*. (AMEC Inc.'s Motion to Dismiss First Amended Complaint, Docket No. 54.)

AMEC Asia's motion is based on this Notice of Motion, the simultaneously served and filed Memorandum, the simultaneously served and filed Declaration of Aihua ("Steve") Chen, the simultaneously served and filed Declaration of Marc David Peters in Support of AMEC China's Motion to Dismiss, the pleadings and documents referenced therein, and other evidence that may be presented at the hearing.

**MEMORANDUM**

**I.    INTRODUCTION**

AMEC Asia is a foreign holding company with no offices, property or sales in California. Applied's claims do not arise out of or relate to any contact AMEC Asia has or had with California. Nonetheless, Applied has attempted to premise jurisdiction over AMEC Asia on the basis that former Applied employees now work at AMEC entities in China and allegedly have disclosed trade secrets there. Applied already dropped four of those former employees from this suit when it was shown that their presence in the action destroyed diversity jurisdiction. Applied's effort to now pin personal jurisdiction on the alleged distant activities of foreign companies in China is equally flawed. The Court should dismiss the action against AMEC Asia for lack of personal jurisdiction.

AMEC Asia also joins in AMEC Inc.'s motion to dismiss the complaint for failure to state a claim and for *forum non conveniens*. For the reasons stated in AMEC Inc's motion, the California Uniform Trade Secret Act cannot be applied extra-territorially and the UTSA preempts

the rest of Applied's claims. And under the doctrine of *forum non conveniens*, the Court should direct Applied Materials to pursue its claims in the People's Republic of China.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court has personal jurisdiction over AMEC Asia.
2. Whether Applied has stated a claim for violation of the California Uniform Trade Secret Act.
3. Whether Applied's second, third, and fourth causes of action are preempted by the California Uniform Trade Secret Act.
4. Whether the claims against AMEC Asia should be dismissed on *forum non conveniens* grounds and Applied instructed to pursue its claims in Chinese courts.

## III. FACTUAL BACKGROUND

AMEC Asia is a privately held company incorporated in the Cayman Islands. (Declaration of Aihua ("Steve") Chen in support of Advanced Micro-Fabrication Equipment Asia's Motion to Dismiss ¶ 2 (hereinafter "Chen Decl.").) It operates primarily as a holding company of Advanced Micro-Fabrication Equipment Inc. China ("AMEC China") and Advanced Micro-Fabrication Equipment International Pte. Ltd. ("AMEC International"). (*Id.* ¶ 3.) AMEC China is a joint venture between AMEC Asia and Shanghai Ventures Capital Co., Ltd. and is organized under the laws of the People's Republic of China. (*Id.* ¶ 2.) AMEC International is organized under the laws of Singapore and maintains various regional offices and subsidiaries around Asia. (*Id.* ¶ 2.)

AMEC Asia does not itself design, manufacture, sell, or market any products, and it has no offices or facilities in California. (*Id.* ¶¶ 3-4.) Nor does it own or lease any property in California. (*Id.*) AMEC Asia does not pay California state taxes or United States federal taxes, and it is not licensed to do business in the State. (*Id.* ¶ 6.)

AMEC Asia's contact with California is minimal and does not give rise or relate to Applied's claims in this case. AMEC Asia maintains a bank account with Silicon Valley Bank, which is used to facilitate the payment of certain administrative costs where payment in dollars is required (*e.g.*, travel expenses for certain employees, consultant fees, and certain legal fees).

## IV. THE CASE MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION OVER AMEC ASIA

In a case based on diversity jurisdiction, "a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). California permits the exercise of personal jurisdiction on any basis not inconsistent with the United States Constitution. Cal. Civ. Proc. Code § 410.10. Accordingly, whether the Court has personal jurisdiction over AMEC Asia thus depends on whether Applied can show sufficient "minimum contacts" of AMEC Asia with California. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The degree to which a court can exercise jurisdiction depends on the nature and extent of a defendant's contacts with the forum state. A court may exercise specific jurisdiction only if, among other things, the plaintiff's claim arises from or relates to the defendant's contacts with the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). For a court to exercise general jurisdiction, a defendant's contacts with the forum must be continuous and systematic, and "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings *entirely distinct* from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945) (emphasis added). Applied cannot demonstrate that exercise of either specific or general jurisdiction over AMEC Asia is proper.

### A. The Court Lacks Specific Jurisdiction Over AMEC Asia

Because this case does not arise from or relate to any contact AMEC Asia has or had with California, the Court has no specific jurisdiction over it. The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

(1) the defendant must ***purposefully direct*** its activities or consummate some transaction with the forum or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum;

(2) the claim must be one which ***arises out of*** or relates to defendant's contacts with the forum; and

(3) the exercise of jurisdiction must comport with *fair play and substantial justice*. S*chwarzenegger*, 374 F.3d at 802 (emphasis added).

To determine purposeful direction or availment in intentional tort cases, courts apply the "effects test" first set forth in *Calder v. Jones*, 465 U.S. 783 (1984). To meet the effects test, a defendant must have:

(1) committed an intentional act;

(2) expressly aimed at the forum state; and

(3) causing harm that the defendant knows is likely to be suffered in the forum state.

*Schwarzenegger*, 397 F.3d at 803 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "Merely asserting that a defendant knew or should have known that his intentional acts would cause harm in the forum state is not enough to establish jurisdiction under the effects test." *Pavlovich v. Superior Court of Santa Clara County*, 29 Cal. 4th 262, 270-71 (2002); *Schwarzenegger*, 374 F.3d at 805 (foreseeability of harm in the forum state alone is insufficient to meet the effects test) (citing *Bancroft & Masters,* 223 F.3d at 1087).

### 1. AMEC Asia Has Not Expressly Aimed Its Conduct Towards California

To establish that AMEC Asia has purposefully directed its conduct towards California under the effects test, Applied must allege intentional conduct *expressly aimed* at or *targeting* the forum state in addition to knowledge that this intentional conduct would cause harm in the forum. *Bancroft & Masters*, 223 F.3d at 1087. Applied has not done so. None of Applied's claims arises out of allegations concerning contact with California. Every cause of action in the FAC stems from Applied's allegations that some AMEC entity hired employees *in China* and that those employees subsequently disclosed Applied's secrets *in China*.[1] The California UTSA defines "misappropriation" of a trade secret to include two types of conduct: (1) improper acquisition or (2) improper disclosure or use. *Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d

---

[1] Applied's second, third, and fourth causes of action are based on the same nucleus of facts as the claim for misappropriation. Indeed, the first paragraph of each count in the complaint incorporates by reference the "factual" allegations made in support of the trade secret claim. (FAC ¶¶ 54, 60, 66.)

941, 951 (N.D. Cal. 2003). But nowhere has Applied alleged that AMEC Asia acquired, disclosed or used an Applied trade secret *in California*.

Further, Applied has not alleged that AMEC Asia expressly aimed its alleged conduct at California. The only relevant allegation in the complaint that mentions California states that Applied's principal place of business is in Santa Clara. (FAC ¶ 11.) But merely hiring a forum resident's former employee, allegedly privy to trade secrets, is not enough to establish express aiming. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997). In *ESAB*, the plaintiff alleged that two corporations conspired with an ESAB employee to steal its customer lists and trade secrets in order to appropriate ESAB's business. *Id*. at 622. The only relevant forum contact was the defendants' knowledge that sales leads the employee provided might result in less sales to ESAB, a corporation located in the forum state: "Indeed, at the very most, it can be said that [defendant] intended to gain a competitive advantage (allegedly tortiously) over the ESAB group by making sales which the ESAB Group might have otherwise made." *Id.* at 625. Further, the alleged trade secrets defendants obtained were not used to make sales in the forum state, but nationwide and in Canada. *Id.* Based on these facts, the court found that defendants had not expressly aimed their conduct at the forum state. *Id.* at 626.

The district court's decision in *Drayton Enterprises, LLC v. Dunker*, 142 F. Supp. 2d 1177 (D.N.D. 2001), is in accord. There, plaintiff brought suit against a former employee and an out-of-state competitor that hired the employee, alleging that the employee disclosed trade secrets to the competitor in violation of a confidentiality agreement and that the competitor interfered with this contract and wrongfully acquired trade secrets. *Drayton*, 142 F. Supp. 2d at 1180. Plaintiff argued that it was foreseeable the disclosures would cause harm in North Dakota, particularly since the former employee had signed the confidentiality agreement in North Dakota. *Id.* at 1181. The court found this argument unpersuasive, emphasizing that the relevant events took place outside the forum:

> Until [the former employee] revealed the information and [the competitor] used it - which allegedly happened in Oklahoma in 1999 or 2000 - no tort had been committed. Thus, all the "action" took place outside of North Dakota, further undercutting jurisdiction in North Dakota. The Court recognizes that [the former

> employee] obtained the information in North Dakota, but [the competitor] had nothing to do with this. Further, he obtained the information legitimately before severing his ties with the state, rendering the contacts, if not random, then at least fortuitous and attenuated, making predicating jurisdiction on them inappropriate.

*Id.* at 1184; *see also Consulting Engineers, Inc. v. Geometric Software Solutions and Structure Works LLC*, No. 06-CV-956, 2007 U.S. Dist. LEXIS 49398 (E.D. Va. July 6, 2007) (hiring plaintiff's employee allegedly in possession of trade secrets, where allegedly tortious acts occurred outside of the forum, was insufficient to establish specific jurisdiction); *General Steel Domestic Sales, LLC v. Suthers*, No. 06-411, 2007 U.S. Dist. LEXIS 19231, at *18-19 (E.D. Cal. Mar. 2, 2007) (no specific jurisdiction over defendant, which was founded by plaintiff's former employees, because alleged disclosure of trade secrets to attorney general of Colorado was not an intentional act expressly aimed at California).

The facts of this case are analogous. Applied's claims arise out of its allegations that some AMEC entity hired employees in China and that those employees subsequently disclosed Applied's secrets in China. Moreover, as in *Drayton*, there is no allegation that the former employees illicitly obtained Applied's supposedly secret information before severing their ties with California, making AMEC Asia's contact with California as attenuated as the defendant's contact was to North Dakota in *Drayton*. And, like in *ESAB*, AMEC Asia (a holding company) has made no sales in or shipped products to California. (Chen Decl. ¶ 4.)

This absence of sales in California demonstrates lack of express aiming for another reason. The Ninth Circuit has held that where a defendant uses allegedly misappropriated information to seek sales outside the forum state, no express aiming can be established. In *Schwarzenegger*, a car dealership located in Ohio allegedly used Arnold Schwarzenegger's likeness in its advertising without his authorization. *Schwarzenegger*, 374 F.3d at 799-800. Because the advertising targeted Ohio, not California, residents, the court held there was no express aiming and therefore no specific jurisdiction. *Id.* at 807. Here, AMEC Asia has not made use of any misappropriated information to make sales in California - AMEC Asia is a holding company and does not sell or market any products at all. (Chen Decl. ¶ 3.) Moreover, the main

customer base for the AMEC affiliates that do make sales is Asia, not California.[2] (Declaration of Marc David Peters in Support of AMEC China's Motion to Dismiss (hereinafter "Peters Decl.") ¶ 2 Ex. A.)

### 2. AMEC Asia's Status As Assignee of U.S. Patent Applications Does Not Establish Personal Jurisdiction

The fact that AMEC Asia is the assignee of U.S. patent applications is insufficient to establish jurisdiction in California. There is no connection between the U.S. applications and California. The applications were filed with and published by the United States Patent and Trademark Office, which is in Virginia, not California. *See Dahn World Co. v. Chung*, No. 05-CV-3477-PCT-JAT, 2006 U.S. Dist. LEXIS 44694, at *10 (D. Ariz. June 27, 2006) (allegation that Defendant took confidential information and posted it on a nationwide website was insufficient to establish personal jurisdiction); *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) (mere web presence is insufficient to establish personal jurisdiction). The applications were filed by a patent attorney located in Spokane, Washington. (Declaration of Marc Peters in Support of AMEC Inc.'s Motion to Dismiss, ¶ 7 & Ex. F, Docket No. 57-7.) Applied's trade secret claim cannot be said to arise out of conduct in California. *See Silent Drive, Inc. v. Strong Indus. Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003) (issuance of a U.S. Patent does not provide personal jurisdiction over assignee in any state).

### B. AMEC Asia Is Not Subject To General Jurisdiction In California

Applied has not and cannot articulate any theory supporting general jurisdiction over AMEC Asia. For a court to exercise *general* jurisdiction, a defendant's contacts with the forum must be continuous and systematic, and "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings *entirely distinct* from those activities." *Int'l Shoe*, 326 U.S. at 318 (emphasis added). As one court of appeals has explained,

---

[2] *See also Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, No. 01-CV-1974, 2003 U.S. Dist. LEXIS 19560, at *14-15 (E.D. Pa. Oct. 23, 2003) (no express aiming where plaintiff did business nationwide); *see also ESAB*, 126 F.3d at 625 (in misappropriation of trade secrets case, no express aiming where defendant focused its allegedly tortious activity on customers throughout the United States and Canada, without focusing or targeting forum state).

to exercise general jurisdiction, a defendant's contacts must be of such a nature and number that "it would be fundamentally fair to require it to answer in [the subject court] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (emphasis in original).

Applied cannot meet this "fairly high" standard, *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986), which requires that a defendant's contacts be of the sort that approximate physical presence. *See Gates LearJet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there. *See Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986). AMEC Asia has done none of these things. AMEC Asia's management is located in Shanghai, China. (Chen Decl. ¶ 3.) It does not have any offices or facilities within California. Nor does it own or lease any property in California. (*Id.* ¶ 4.) AMEC Asia has not sold, manufactured, or marketed *any* products, let alone products sold or shipped to California. (*Id.* ¶¶ 3-4.) It is not licensed to do business in California and it has not paid any California state or federal taxes. (*Id.* ¶ 6.)

AMEC Asia's few contacts with California are insufficient to establish general jurisdiction. The maintenance of a bank account is not sufficient to establish general jurisdiction. *See Ting v. Orbit Commc'n Co.*, No. 95-55838, 1997 U.S. App. LEXIS 389, at *7 (9th Cir. Jan. 7, 1997) (holding that the court lacked general jurisdiction over defendant that had bank accounts in California, but no other property); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996) (holding that owning a joint back account in forum state was too attenuated a contact with forum to give rise to general jurisdiction); *Am. Express Int'l, Inc. v. Mendez-Capellan*, 889 F.2d 1175, 1179-81 (1st Cir. 1989) (finding that maintenance of bank accounts in forum, payment of bills from those accounts, and sending of employees into forum for training sessions was not enough to permit exercise of personal jurisdiction). Subjecting AMEC Asia to the jurisdiction of this Court based on such minimal contact with the forum state does not

comport with traditional notions of fair play and substantial justice. *See Congoleum Corp. v. DLW AG*, 729 F.2d 1240, 1243 (9th Cir. 1984) (finding no general jurisdiction over a West German corporation on a claim that arose out of activities in Europe, where the corporation had no contact with California other than a developing sales market).

## V.   CONCLUSION

Applied's allegations in this case fall short of those necessary to establish personal jurisdiction over AMEC Asia. AMEC Asia's maintenance of a bank account in California is insufficient to support jurisdiction, as are allegations that that former Applied employees have been hired by AMEC entities in China. Likewise, AMEC Asia being an assignee of U.S. patent applications filed in Virginia fails to establish personal jurisdiction in California. Accordingly, for the reasons stated above, and for those stated in AMEC Inc.'s motion to dismiss for failure to state a claim and for *forum non conveniens*, the Court should dismiss this case against AMEC Asia.

Dated: January 22, 2008

MARC DAVID PETERS
MORRISON & FOERSTER LLP

By: /s/ Marc David Peters
Marc David Peters

Attorneys for Defendant
ADVANCED MICRO-FABRICATION EQUIPMENT INC. ASIA