Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC.<br><br>Defendants. | Case No.  CV 07-05248 JW (PVT)<br><br>**DECLARATION OF MICHAEL G. STRAPP IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>Date: February 25, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8, 4th Floor |

I, Michael G. Strapp, hereby declare and state as follows:

1. I am an associate in the law firm of Goodwin Procter LLP and am admitted *pro hac vice* to practice in the Federal Bar in the Northern District of California. I am counsel of record for Plaintiff Applied Materials, Inc. ("Applied").

2. I submit this declaration in support of Plaintiff Applied's Opposition to the Motions to Dismiss the First Amended Complaint of Advanced Micro-Fabrication Equipment Inc., China ("AMEC China"); Advanced Micro-Fabrication Equipment Inc., Asia ("AMEC Asia"), and Advanced Micro-Fabrication Equipment Inc. ("AMEC Inc."). I make this declaration of my own personal knowledge.

3. On December 18, 2007, Applied served limited discovery requests on Defendants. In its discovery requests, Applied seeks discovery that, among other things, concerns the jurisdictional allegations raised by Defendants in their motions to dismiss. A true and accurate copy of Applied's discovery requests are attached hereto as Exhibit 1.

4. During telephone conferences in late December and early January, Defendants agreed to provide Applied with a limited subset of the discovery that Applied seeks. For example, Defendants agreed to produce organization charts, articles of incorporation, documents concerning the California law firms and consultants that Defendants have used, and communications between Defendants and any employee of Applied during the period in which that employee was employed at Applied.

5. Defendants, however, refused to provide Applied with much of the jurisdictional discovery that Applied seeks.[1] For example, Defendants refused to provide Applied with resolutions, minutes or agendas from meetings of Defendants' Boards of Directors, employment agreements of Defendants' officers or directors, documents regarding Defendants' finances or capitalization, and documents regarding AMEC Inc.'s involvement in the operations, management, corporate governance or finances of AMEC China and AMEC Asia.

6. On January 16, 2008, I wrote to counsel for Defendants to memorialize the parties'

---

[1] Defendants have also stated that they will not provide Applied with *any* substantive discovery concerning Applied's claim for trade secret misappropriation.

1

STRAPP DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS; CASE NO. CV 07-05248 JW

agreement and to confirm Applied's understanding that Defendants would provide Applied with jurisdictional discovery as soon as possible.  Applied, of course, needed this discovery in order to respond to the jurisdictional allegations raised in Defendants' motion to dismiss.  Defendants did not respond to my January 16 email.

7. On January 31, 2008, I again wrote to Defendants' counsel noting that Defendants had failed to provide Applied with any jurisdictional discovery.

8. On February 1, 2008, Kenneth Kuwayti, counsel for Defendants, responded to my January 16 and January 31 emails.  Mr. Kuwayti informed Applied that Defendants would provide some of the jurisdictional discovery they had previously agreed to provide Applied later that same day.

9. On February 1, 2008 – the last business day before Applied's Opposition was due – at 9:22 p.m., Defendants finally provided Applied with an initial, limited production of documents concerning its jurisdictional allegations.

10. Defendants' initial production consists of 208 pages of documents.  Of these 208 pages of documents, 130 pages are in Chinese.  Because Applied received these documents on Friday night, February 1, and its Opposition was due three days later, Monday, February 4, Applied did not have the opportunity to translate or review the Chinese documents.

11. None of the discovery that is in English relates to the AMEC entities' contacts with California in connection with recruiting and hiring Applied employees.  Furthermore, in an email dated February 3, 2008, Mr. Kuwayti informed Applied that, notwithstanding the parties' agreement, Defendants' February 1 production of documents did not include communications between Defendants and employees of Applied.

12. Attached hereto as Exhibit 2 is a true and correct copy of a Dun & Bradstreet report entitled "International Business Information Report:  Advanced Micro-Fabrication Equipment," printed July 28, 2007.

13. Attached hereto as Exhibit 3 is a true and correct copy of Certificate of Incorporation of AMEC Asia, dated April 19, 2004.

a webpage from AMEC Inc's website showing AMEC Inc's "Regional Offices."

14. Attached hereto as Exhibit 4 is a true and correct copy of Certificate of Incorporation of AMEC Inc., dated March 2, 2004.

15. Attached hereto as Exhibit 5 is a true and correct copy of the webpage http://www.amec-inc.com/about/directors.php (link to Gerald Yin), taken from AMEC Inc.'s website, last visited Feb. 1, 2008.

16. Attached hereto as Exhibit 6 is a true and correct copy of Declaration of Zhiyou Du In Support of Advanced Micro-Fabrication Equipment China's Motion to Dismiss.

17. Attached hereto as Exhibit 7 is a true and correct copy of Declaration of Matt Ruby In Support of AMEC Inc.'s Motion to Dismiss.

18. Attached hereto as Exhibit 8 is a true and correct copy of Declaration of Aihua ("Steve") Chen In Support of Advanced Micro-Fabrication Equipment Asia's Motion to Dismiss.

19. Attached hereto as Exhibit 9 is a true and correct copy of Organizational Charts produced by Defendants (AMEC 0000199-202).

20. Attached hereto as Exhibit 10 is a true and correct copy of the webpage http://www.amec-inc.com/about/officers.php, taken from AMEC Inc.'s website, last visited Feb. 1, 2008.

21. Attached hereto as Exhibit 11 is a true and correct copy of an AMEC Inc. Press Release dated Dec. 4, 2007, entitled "AMEC Enters Semiconductor Capital Equipment Market With Portfolio of Advanced Process Tools."

22. Attached hereto as Exhibit 12 is a true and correct copy of Declaration of Matt Ruby In Support of Opposition to Plaintiff's Motion to Expedite Discovery and Preserve Evidence.

23. Attached hereto as Exhibit 13 is a true and correct copy of the webpage http://www.amec-inc.com/business/offices/php, taken from AMEC Inc.'s website, last visited Feb. 1, 2008.

24. Attached hereto as Exhibit 14 is a true and correct copy of the Joint Case

Management Statement submitted in this action, dated January 21, 2008.

25. Attached hereto as Exhibit 15 is a true and correct copy of AMEC Inc.'s First Set of Document Requests to Plaintiff Applied Materials, Inc., dated January 16, 2008.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of February, 2008.

      /s/ Michael G. Strapp
      Michael G. Strapp