# EXHIBIT 14

1  [SEE SIGNATURE PAGE FOR
2  ATTORNEY NAMES]

3

4

5              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
6                    SAN JOSE DIVISION

7  APPLIED MATERIALS, INC.,           Case No.  C07 05248 JW (PVT)

8             Plaintiff,              **JOINT CASE MANAGEMENT STATEMENT**

9       v.

10 ADVANCED MICRO-FABRICATION
   EQUIPMENT (SHANGHAI) CO., LTD.,
11 ADVANCED MICRO-FABRICATION
   EQUIPMENT INC., ASIA, ADVANCED
12 MICRO-FABRICATION EQUIPMENT, INC.
13            Defendants.

14

15

16      Pursuant to Civil Local Rule 16-9, the parties jointly submit this Case Management

17 Statement and Proposed Order and request that the Court adopt the parties' Proposed Order as its

18 Case Management Order in this case.

19      Plaintiff Applied Materials, Inc. ("Applied") brought this action against Defendants

20 Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd." ("AMEC Shanghai"), Advanced

21 Micro-Fabrication Equipment, Asia ("AMEC Asia"), and Advanced Micro-Fabrication

22 Equipment, Inc. ("AMEC Inc.") (collectively "Defendants").  Defendants have informed Applied

23 and the Court that AMEC Shanghai should be referred to by the name AMEC China.  The action

24 alleges misappropriation of trade secrets, intentional interference with contractual relations,

25 conversion and unfair competition violations.

26      1.  **Jurisdiction and Service**: Defendants contest personal jurisdiction.  Service has

27 been made on AMEC Inc., and AMEC China and AMEC Asia have agreed to waive service of a

28

summons in this action.

2. **Facts**: Applied was founded in 1967 and has been the world's leading semiconductor equipment manufacturer since 1992. Gerald Yin worked at Applied from March 18, 1991 to August 1, 2004. While at Applied, Yin held a variety of positions in its Etch division. Aihua Chen worked at Applied from June 8, 1992 until November 24, 2003. While at Applied, Chen held a variety of positions in its CVD division. Yin, along with Chen, helped found the Defendant companies, including AMEC China, the semiconductor tool manufacturing company based in China. The Defendant companies are a leading edge, Asia-based start up, funded by entities such as Goldman Sachs, Samsung and Qualcomm. Defendants have announced that the first types of tools they have designed, built and will sell are so-called "CVD" and "Etch" tools. Yin is the Chairman of the Board and the Chief Executive Officer at AMEC Inc. Chen is a member of the AMEC Inc. Board of Directors and an Executive Vice President at AMEC Inc. Yin and Chen were originally named by Applied as defendants to this action, but were dropped to preserve diversity jurisdiction. The following factual issues are in dispute:

(a) Whether Applied's alleged trade secrets that are the subject of this lawsuit qualify for trade secret protection;

(b) Whether, as Applied alleges, Defendants misappropriated any Applied trade secrets;

(c) Whether, as Applied alleges, Defendants intentionally interfered with any of Applied's contractual relations with its employees;

(d) Whether, as Applied alleges, Defendants converted Applied's intellectual property;

(e) Whether, as Applied alleges, Defendants' conduct amounts to a violation of unfair competition laws;

(f) Whether, as Applied alleges, Applied has suffered any damages as a result of any alleged improper conduct by Defendants;

(g) Whether, as Applied alleges, Applied is entitled to injunctive relief.

(h) Whether, as Defendants contend, this lawsuit is an effort to stifle the legitimate activities of a start up company that is a potential competitor.

3. **Legal Issues**: The principal legal issues that appear to be in dispute at this point are as follows:

(a) Whether Applied has adequately complied with the Court's order to disclose to Defendants all trade secrets it is alleging have been misappropriated;

(b) Whether California Code of Civil Procedure § 2019.210 can be applied to prohibit discovery that is authorized by the Federal Rules of Civil Procedure;

(c) Whether the complaint should be dismissed based on Defendants' allegations that the Court lacks personal jurisdiction or based on Defendants' *forum non conveniens* allegations;

(d) Whether Applied's claims for conversion, intentional interference with contract and unfair competition are preempted under California Civil Code section 3426.7(b)(2);

(e) Whether Applied's trade secret misappropriation claim should be dismissed because California's Trade Secrets Act does not have extraterritorial application to alleged conduct that took place in China;

(f) Whether Defendants should be permitted to share Applied's description of its alleged trade secrets with all of the individuals employed by Defendants whom Applied alleges had access to the trade secrets while at Applied and misappropriated them;

(g) Applied believes that an additional legal issue in dispute is whether Defendants must disclose in this Joint Case Management Statement if they intend to add or dismiss parties, claims or defenses and/or to file claims in any other forum that are based on the facts and circumstances at issue here;

(h) Defendants believe that an additional legal issue in dispute is whether the Court has the authority to require Applied to identify its trade secrets with particularity before commencing discovery relating to the trade secrets as a case management tool.

**4. Motions**: A list of prior, pending and anticipated motions follows:

(a) Motions for Expedited Discovery -- On October 16, 2007, Applied filed a motion for expedited discovery. On November 19, 2007, the Court denied Applied's motion without prejudice to Applied renewing the motion.

1  After obtaining a waiver of service, Applied filed a renewed motion for expedited discovery on December 28, 2007. On January 10, 2008, the Court found that the motion was moot.

(b) Motions to Dismiss Complaint – On November 30, 2007, AMEC Inc. filed a motion to dismiss Applied's First Amended Complaint. Defendants have indicated that AMEC China and AMEC Asia will file similar motions to dismiss, and, on January 17, 2008, the parties filed a joint motion requesting that all three motions be heard at the same time, and requesting a hearing date of February 25, 2008, or as soon thereafter as the motions may be heard. The Court has not yet ruled on that joint motion.

(c) Motion to Enter Confidentiality Order and Interim Protective Order – On December 14, 2007, Applied filed a motion seeking the entry of a confidentiality order and an interim protective order. After the motion was filed, the parties stipulated to a protective order based on the Northern District's model protective order. The only outstanding disagreement was over who should have access to Applied's trade secret list.

The Court granted Applied's Motion on January 18, 2008, finding that Applied's "proposed form of order is sufficient at this juncture. The question of which of Defendants' employees may ultimately see Plaintiffs' trade secrets list is not yet ripe."

(d) Motion Regarding Identification of Trade Secrets – In its January 18 Order, the Court found that "the question of whether Plaintiff's trade secret disclosure is sufficiently specific" was not yet properly before the Court, and suggested that either party could bring this issue before the Court by filing a motion. The parties anticipate filing a motion to resolve this dispute.

**5. Amendment of Pleadings**:

Applied's Position:

Applied does not currently intend to add or dismiss parties or claims, whether by amendment of pleadings or otherwise. Applied filed the Complaint in this action more than three months ago. Applied's position is that information concerning Defendants' intentions about whether they will file counterclaims or claims in another forum based on the facts and

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER– CASE NO. C07-05248 JW   4

circumstances at issue here will affect the course of discovery in this case. Applied believes it is entitled to this information now under the Standing Order for all Judges of the Northern District of California regarding the Contents of Joint Case Management Statement.

Defendants' Position:

Defendants position is that the time for Defendants to file an answer to the amended complaint has not yet run. Defendants have not yet determined what additional defenses to raise beyond those asserted in the pending motion to dismiss, or whether to file counterclaims, and should not be required to do so prematurely.

The parties jointly propose that motions to amend the pleadings be filed no later than 45 days before the close of fact discovery.

**6.     Evidence Preservation**: Both parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures**: The parties intend to fully and timely comply with the initial disclosure requirements of Fed. R. Civ. P. 26. In particular, the parties intend to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before January 29, 2008.

**8.     Discovery**: The parties have served discovery requests, but neither party has yet provided any discovery. The parties' respective positions concerning a schedule for discovery are set forth below in Section 17. The parties propose the following limits on discovery, subject to change by stipulation or Court Order:

(a)     Interrogatories:  60 from each side;

(b)     Requests for Admission:  50 per side, not including requests to admit authenticity of documents; and

(c)     Document Requests:  125 from each side.

(d)     Depositions : The parties agree that more than 10 depositions per side (not including experts), are likely to be necessary, and agree to meet and confer at a later date regarding a limit on the number of depositions. Applied's position is that certain depositions, including depositions where a translator is present, depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), and the depositions of Gerald Yin and Stephen Chen, shall not be subject to the one day

limit for depositions in the Federal Rules. Defendants are prepared to meet and confer on this issue on a case-by-case basis, and as part of the parties' later meet and confer discussions in which the parties may ultimately determine to limit the number of depositions based upon deposition days rather than number of depositions.

**9.** **Class Actions**: Not applicable.

**10.** **Related Cases**: Not applicable

**11.** **Relief**: Applied seeks the following relief from Defendants.[1] :

(a) Damages resulting from Defendants' alleged intentional interference with contractual relationships, conversion, misappropriation of trade secrets, and unfair competition;

(b) Exemplary damages resulting from Defendants' alleged willful and malicious conduct;

(c) An injunction enjoining Defendants from using Applied's confidential information, inventions, and trade secrets, and from otherwise unfairly competing with Applied, and any and all equitable relief necessary to enforce Applied's rights;

(d) Judgment ordering Defendants to assign ownership rights in the Chinese Patent Application No. 200510028563.2 (the "Chinese '563 application"), U.S. Patent Application No. 11/441,291 (the "U.S. '291 application"), Japanese Patent Application No. 2006-214829 (the "Japanese '829 application"), Chinese Patent Application No. 200510028564.7 (the "Chinese '564 application"), U.S. Patent Application No. 11/350,022 (the "U.S. '022 application"), and Japanese Patent Application No. 2006213916 (the "Japanese '916 application") to Applied;

(e) Judgment declaring that Applied is the rightful owner of Chinese '563 application, the U.S. '291 application, the Japanese '829 application, the Chinese '564 application, the U.S. '022 application, and the Japanese '916 application;

(f) Interest, costs and attorneys' fees as allowed by law; and;

---

[1] Because discovery has just begun, Applied contends that it has not yet been able to calculate the amount of damages sought.

1  (g) Such other and further relief as the Court deems just and proper.

2  **12.** **Settlement and ADR**: The parties agree to participate in ADR Telephone
3  Conferences on a date to be agreed upon by the parties.

4  **13.** **Consent to Magistrate Judge for All Purposes**: The parties do not consent to a
5  Magistrate Judge conducting all further proceedings.

6  **14.** **Other References:** Not applicable.

7  **15.** **Narrowing of Issues**: At the present time, the parties are unaware of issues that
8  can be narrowed by agreement or motion.

9  **16.** **Expedited Schedule:** Not applicable.

10 **17.** **Scheduling:**

| EVENT | DATE – Applied's Proposal | DATE – Defendants' Proposal |
|---|---|---|
| Fact Discovery Cut-Off | October 1, 2008 | August 8, 2008 |
| Expert Reports by Party with Burden of Proof | October 15, 2008 | August 22, 2008 |
| Rebuttal Expert Reports | October 29, 2008 | September 17, 2008 |
| Expert Discovery Cut-Off | November 12, 2008 | October 10, 2008 |
| Last Day to File Dispositive Motions | January 15, 2009 | November 3, 2008 |
| Pretrial Conference | April 1, 2009 | December 19, 2008 |
| Trial | May 12, 2009 | January 26, 2009 |

**18.** **Trial**: The case will be tried to a jury. Applied expects trial to last 10 business days. Defendants expect trial to last 15 business days.

**19.** **Disclosure of Non-Party Interested Entities or Persons**: The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER– CASE NO. C07-05248 JW    7

Dated: January 21, 2008

| | |
|---|---|
| APPLIED MATERIALS, INC. | ADVANCED MICRO-FABRICATION EQUIPMENT INC. CHINA, ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, and ADVANCED MICRO-FABRICATION EQUIPMENT INC. |
| By its attorneys, | By their attorneys, |
| /s/ Thomas F. Fitzpatrick <br> Thomas F. Fitzpatrick <br> tfitzpatrick@goodwinprocter.com <br> GOODWIN PROCTER LLP <br> 181 Lytton Avenue <br> Palo Alto, CA 94301 <br> Tel.: 650-752-3144 <br> Fax: 650-853-1038 <br><br> John C. Englander (*pro hac vice*) <br> jenglander@goodwinprocter.com <br> Douglas C. Doskocil (*pro hac vice*) <br> ddoskocil@goodwinprocter.com <br> Michael G. Strapp (*pro hac vice*) <br> mstrapp@goodwinprocter.com <br> 53 State Street <br> Boston, Massachusetts 02109 <br> Tel.: 617.570.1000 <br> Fax: 617.523.1231 <br><br> Attorneys for Plaintiff <br> APPLIED MATERIALS, INC. | /s/ Marc David Peters <br> Harold J. McElhinny <br> hmcelhinny@mofo.com <br> MORRISON & FOERSTER LLP <br> 425 Market Street <br> San Francisco, CA 94105 <br> Tel.: 415-268-7000 <br> Fax: 415-268-7522 <br><br> Kenneth A. Kuwayti <br> kkuwayti@mofo.com <br> Marc David Peters <br> mdpeters@mofo.com <br> 755 Page Mill Road <br> Palo Alto, CA 94304 <br> Tel.: 650-813-5600 <br> Fax: 650-494-0792 <br><br> Attorneys for Defendants <br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. |

**GENERAL ORDER 45 ATTESTATION**

I, Marc Peters, am the ECF User whose ID and password are being used to file the Joint Case Management Statement.  In compliance with General Order 45, X.B., I hereby attest that Thomas Fitzpatrick has concurred in this filing.

          /s/ Marc Peters
          Marc Peters

**Nelson, Rachael R**

| | |
|---|---|
| **From:** | ECF-CAND@cand.uscourts.gov |
| **Sent:** | Monday, January 21, 2008 5:59 PM |
| **To:** | efiling@cand.uscourts.gov |
| **Subject:** | Activity in Case 5:07-cv-05248-JW Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co, LTD et al Case Management Statement (Joint) |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** **Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

U.S. District Court

Northern District of California

**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from by Peters, Marc entered on 1/21/2008 5:59 PM PST and filed on 1/21/2008

| | |
|---|---|
| **Case Name:** | Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co, LTD et al |
| **Case Number:** | 5:07-cv-5248 |
| **Filer:** | Applied Materials, Inc. |
| | Advanced Micro-Fabrication Equipment (Shanghai) Co, LTD |
| | Advanced Micro-Fabrication Equipment, Inc., Asia |
| | Advanced Micro-Fabrication Equipment Inc. (AMEC Inc.) |
| **Document Number:** | 96 |

**Docket Text:**

1/22/2008

**JOINT CASE MANAGEMENT STATEMENT filed by Advanced Micro-Fabrication Equipment Inc. (AMEC Inc.), Applied Materials, Inc., Advanced Micro-Fabrication Equipment (Shanghai) Co, LTD, Advanced Micro-Fabrication Equipment, Inc., Asia. (Peters, Marc) (Filed on 1/21/2008)**

**5:07-cv-5248 Notice has been electronically mailed to:**

Thomas F. Fitzpatrick     tfitzpatrick@goodwinprocter.com, rnelson@goodwinprocter.com

Kenneth Alexander Kuwayti     KKuwayti@mofo.com, BGomez@mofo.com

Harold J. McElhinny     HMcElhinny@mofo.com, vsmith@mofo.com

Marc David Peters     mbarakah@mofo.com, mdpeters@mofo.com, msmoot@mofo.com

Michael G. Strapp     mstrapp@goodwinprocter.com

**5:07-cv-5248 Notice has been delivered by other means to:**

Douglas C. Doskocil
Goodwin Procter LLP
53 State Street
Boston, MA 02109

John C. Englander
Goodwin Procter LLP
53 State Street
Boston, MA 02109

Gred H. Gardella
Fish and Richardson PC
60 South Sixth Street
3300 Dain Rauscher Plaza
Minneapolis, MN 55402

Michelle R. Gonnam
Goodwin Procter LLP
53 State Street
Boston, MA 02109-2881

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\e-filing\CMC.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=1/21/2008] [FileNumber=4069506-0]

[b2af734d933af294fb9fde1ed2268ac67956c83fd827be1f2f4b00c4f4e670e9e4a18
cd98c0f0e5dc089be9cee5f2369df294aeb14c57b52d12416aec455d0ca]]

1/22/2008