# EXHIBIT 15

1   HAROLD J. MCELHINNY (CA SBN 66781)
    HMcElhinny@mofo.com
2   MORRISON & FOERSTER LLP
    425 Market Street
3   San Francisco, California  94105-2482
    Telephone: 415.268.7000
4   Facsimile: 415.268.7522

5   KENNETH A. KUWAYTI (CA SBN 145384)
    KKuwayti@mofo.com
6   MARC DAVID PETERS (CA SBN 211725)
    MDPeters@mofo.com
7   MORRISON & FOERSTER LLP
    755 Page Mill Road
8   Palo Alto, CA 94304-1018
    Telephone:  650-813-5600
9   Facsimile:  650-494-0792

10   Attorneys for Defendant
    ADVANCED MICRO-FABRICATION EQUIPMENT INC.
11

                UNITED STATES DISTRICT COURT
12
                NORTHERN DISTRICT OF CALIFORNIA
13
                    SAN JOSE DIVISION
14

15
   APPLIED MATERIALS, INC.,
16
                Plaintiff,
17
      v.
18
   ADVANCED MICRO-FABRICATION
19   EQUIPMENT INC. CHINA, ADVANCED
    MICRO-FABRICATION EQUIPMENT, INC.
20   ASIA, ADVANCED MICRO-FABRICATION
    EQUIPMENT INC.,
21
                Defendants.
22

23

Case No.    C 07-05248 JW (PVT)

**AMEC INC.'S FIRST SET OF
DOCUMENT REQUESTS TO
PLAINTIFF APPLIED
MATERIALS, INC.**

24   **PROPOUNDING PARTY:**    **DEFENDANT ADVANCED MICRO-FABRICATION EQUIPMENT, INC.**

25   **RESPONDING PARTY:**    **PLAINTIFF APPLIED MATERIALS, INC.**

26   **SET NO.:**           **ONE (REQUESTS 1-33).**

27

28

1    In accordance with Federal Rule of Civil Procedure 34, Defendant Advanced Micro-

2    Fabrication Equipment, Inc. hereby requests that Plaintiff Applied Materials, Inc. ("Applied")

3    produce and permit inspection, copying, and photographing of all items described below at the

4    office of Morrison & Foerster LLP, 755 Page Mill Road, Palo Alto, California 94304 at 10:00

5    a.m. on February 16, 2008.

6                                    **DEFINITIONS**

7    As used herein, the following terms are intended to have the meanings indicated:

8    A.    "Plaintiff", "Applied", "you", and "your" mean Applied and any of its officers,

9    past or present directors, employees, counsel, agents, consultants, attorneys and representatives,

10   and include affiliates, divisions, subsidiaries, parents, joint ventures, predecessors, successors,

11   assigns of rights being prosecuted in this action, and any other legal entities, foreign or domestic,

12   that are owned or controlled by Complainant.

13   B.    "Person" means and includes a natural person, individual, firm, corporation, entity,

14   association, organization, partnership, joint venture, subsidiary, sole proprietorship, governmental

15   entity such as the United States or a State of the United States, or other legal entity.

16   C.    "Defendants" means Advanced Micro-Fabrication Equipment, Inc. China

17   ("AMEC-China"), Advanced Micro-Fabrication Equipment, Inc. ("AMEC-Inc."), Advanced

18   Micro-Fabrication Equipment, Inc. Asia ("AMEC-Asia"), and any other person acting on their

19   behalf.

20   D.    "Etch" and "Chemical Vapor Deposition" mean processes that use "complex

21   physics and chemistry to perform precise processes on silicon wafers" as pled in Plaintiff's First

22   Amended Complaint.

23   E.    "CVD" means "Chemical Vapor Deposition."

24   F.    "Document" or "documents" means anything discoverable under Federal Rule of

25   Civil Procedure 34(a).

26   G.    The singular includes the plural and vice versa; "any" or "each" should be

27   understood to include and encompass "all," "or" should be understood to include and encompass

28   "and," and "and" should be understood to include and encompass "or."

1    H.    The term "any" includes both "any" and "every."

2    I.    Words in any gender shall include the other gender.

3    **<u>INSTRUCTIONS</u>**

4    1.    Each request herein requires production of any and all Documents in your

5    possession, custody or control.  A Document is deemed to be in your possession, custody or

6    control if it is in your physical custody or in the physical custody of any other person and you: (a)

7    own the requested Document in whole or in part; (b) have a right by contract, statute or otherwise

8    to use, inspect, examine or copy the requested Document on any terms; (c) have an

9    understanding, whether express or implied, that you may use inspect, examine or copy the

10   requested Document on any terms; (d) have, as a practical matter, been able to use, inspect,

11   examine or copy the requested Document when you have sought to do so; <u>or</u> (e) are able to

12   lawfully use, inspect, examine or copy the requested Documents.  Documents within your

13   possession, custody or control include, but are not limited to, Documents that are in the custody

14   of your present or former attorney(s), investigators, accountants, financial advisors or other

15   agents.

16   2.    To the extent that Documents responsive to these requests are maintained in

17   electronic format, a machine readable copy of such responsive Documents shall be produced in a

18   manner that preserves all data and metadata.

19   3.    Documents that originate in any of the following formats or other formats that

20   contain links to other files or materials, that contain internal cross references, or that cannot be

21   effectively printed on 8 ½ by 11 inch-sized paper shall be produced in electronic format locked as

22   necessary to render them "read only": web pages, html files, xls files, ppt files, jpeg files,

23   interactive web-based tutorials, video files and formats (including Windows Media Player, Quick

24   Time and Real Player files), audio files and formats (including mp3, Windows Media Player and

25   Real Player files), pdf files, and Visio files.

26   4.    You must produce all responsive documents dated from and including March 18,

27   1991, to the present.  These requests are continuing in nature and require supplemental or

28

1 additional responses when you obtain or become aware of any new, further or additional

2 documents responsive to these requests.

3      5.     Any demand for a document by, to or from any person identified in the request

4 shall include any other persons acting on or behalf of the person identified, including, but not

5 limited to, said person's employees, agents, and attorneys.

6      6.     Where a request calls for the production of a Document as to which a claim of

7 privilege is asserted, please set forth the following with respect to each Document:

8            a.     The type of Document;

9            b.     The title of the Document;

10            c.     The date of the Document;

11            d.     The number of pages of the Document

12            e.     The name of the author(s) or originator(s) of the Document;

13            f.     The names and addresses of all persons or entities who have received a

14                 copy of the Document;

15            g.     A general description of the subject matter of the Document;

16            h.     All information contained in the Document to which the claimed privilege

17                 is not asserted;

18            i.     The basis on which the privilege is asserted.

19                **DOCUMENTS AND THINGS TO BE PRODUCED**

20 **REQUEST NO. 1:**

21      All Documents that refer to, constitute, summarize, or describe each alleged Applied trade

22 secret associated with Chinese Patent Application No. 200510028563.2 (filed Aug. 5, 2005), U.S.

23 Patent Application No. 11/441,291 (filed May 24, 2006), Japanese Patent Application No. 2006-

24 214829 (filed July 8, 2006), Chinese Patent Application No. 200510028564.7 (filed Aug. 5,

25 2005), U.S. Patent Application No. 11/350,022 (filed Feb. 8, 2006), and Japanese Patent

26 Application No. 2006-213916 (filed Aug. 4, 2006) that you contend was misappropriated by

27 Defendant.

28

**REQUEST NO. 2:**

All Documents that refer to, constitute, summarize, or describe each alleged Applied trade secret that you contend was misappropriated by Defendant, including, but not limited to, the "Etch" and "Chemical Vapor Deposition" ("CVD") processes as those terms are used in Plaintiff's First Amended Complaint.

**REQUEST NO. 3:**

All Documents that refer to, constitute, summarize, or describe the development by you of each alleged Applied trade secret that you contend was misappropriated by Defendant.

**REQUEST NO. 4:**

All documents that refer to, constitute, summarize, or describe Applied's policies and efforts to maintain the secrecy and confidentiality of each trade secret it alleges was misappropriated by Defendants, or to seek legal protection for each trade secret.

**REQUEST NO. 5:**

All documents that refer to, constitute, summarize, or describe any disclosures by Applied of the trade secrets you contend were misappropriated by Defendants to customers or other third parties.

**REQUEST NO. 6:**

All Documents that refer to, constitute, summarize, or describe Applied's unfiled patent application regarding RF technology discussed in ¶ 6 of Steven Shannon's Declaration in Support of Plaintiff's Motion for Expedited Discovery.

**REQUEST NO. 7:**

All Documents that refer to, constitute, summarize, or describe Applied's filed patent applications discussed in ¶ 39 of the First Amended Complaint.

**REQUEST NO. 8:**

All Documents that refer to AMEC-China, AMEC-Asia, and AMEC-Inc.

**REQUEST NO. 9:**

Documents sufficient to show when Applied first became aware of AMEC-China, AMEC-Asia, and AMEC-Inc., respectively.

**REQUEST NO. 10:**

All Documents that postdate their respective departures from Applied, that refer to Gerald Z. Yin ("Yin"), AiHua Chen ("Chen"), Ryoji Todaka ("Todaka"), Lee Luo ("Luo"), and any other former Applied employees now employed by Defendants.

**REQUEST NO. 11:**

All Documents that constitute the personnel files of Yin, Chen, Todaka, Luo, and any other former Applied employees now employed by Defendants.

**REQUEST NO. 12:**

All Documents that refer to, constitute, summarize, or describe the duties of Yin, Chen, Todaka or Luo, while they were employed by Applied.

**REQUEST NO. 13:**

All Documents that refer to, constitute, summarize, or describe the departure of Yin, Chen, Todaka or Luo from Applied, including, but not limited to, any employee agreement, notice of termination, and termination certificate.

**REQUEST NO. 14:**

All Documents that refer to, summarize, or describe any work by Yin, Chen, Todaka, Luo, or other AMEC entity employees on Applied's trade secrets, or which show access by Yin, Chen, Todaka, Luo, or other AMEC entity employees to Applied's trade secrets.

**REQUEST NO. 15:**

All Documents evidencing your claim that Yin, Chen, Todaka, Luo, or other AMEC entity employees transferred Applied trade secrets or inventions to any AMEC entity and/or other third party.

**REQUEST NO. 16:**

All Documents evidencing your claim that Defendants used or disclosed any of Applied's trade secrets.

**REQUEST NO. 17:**

All Documents that refer to, summarize, or describe Applied's decisions to hire former employees of any of its competitors, including, but not limited to, Lam Research Corporation,

1  Novellus Systems Inc., Tokyo Electron Ltd., ASML Holding N.V., KLA-Tencor Corporation,

2  and Advantest Corporation.

3  **REQUEST NO. 18:**

4      All Documents that refer to, summarize, or describe any lawsuit brought by Lam Research

5  Corporation against Applied and/or Yin relating to Yin's employment with Applied.

6  **REQUEST NO. 19:**

7      Documents sufficient to describe the contributions made to Applied's patents by the

8  employees of former competitors who are now employed by Applied.

9  **REQUEST NO. 20:**

10      All Documents that refer to, constitute, summarize, or describe Applied's policies for

11  safeguarding its competitors' trade secrets when hiring competitors' former employees.

12  **REQUEST NO. 21:**

13      All documents that support the claim that Defendants purposefully recruited Applied

14  employees with knowledge of Applied's trade secrets and intentionally acted to induce such

15  employees to breach their employee agreements with Applied.

16  **REQUEST NO. 22:**

17      All documents that support the claim that Defendants have "enter[ed] the semiconductor

18  equipment manufacturing industry in an unrealistically short amount of time." (First Amended

19  Complaint ¶ 52.)

20  **REQUEST NO. 23:**

21      Any documents that support your claim that Defendants are about to reveal Applied's

22  trade secrets.

23  **REQUEST NO. 24:**

24      Documents sufficient to identify all customers of Applied that have purchased, leased, or

25  otherwise received any of Defendants' products.

26  **REQUEST NO. 25:**

27      Documents sufficient to show the amount of sales and products sold to your top 50

28  customers on an annual basis from January 2001 to the present.

**REQUEST NO. 26:**

All Documents that constitute or reflect any statement that you made to a third party regarding this litigation, your allegation of trade secret misappropriation by Defendants, or any other allegation made in the First Amended Complaint.

**REQUEST NO. 27:**

All Documents that support your claim that you have been harmed by Defendants' actions or your claim for damages.

**REQUEST NO. 28:**

All Documents that refer to, constitute, summarize, or describe your document retention and destruction policies.

**REQUEST NO. 29:**

Documents sufficient to show the structure of your e-mail system and any manner of automatic deletion of e-mail.

**REQUEST NO. 30:**

Documents sufficient to describe Applied's organizational structure, including, but not limited to, organizational charts and documents sufficient to determine the structure of your Etch and CVD development teams.

**REQUEST NO. 31:**

All Documents identified by or relied upon by you in your responses to Defendants' First Set of Interrogatories, served herewith.

**REQUEST NO. 32:**

All Documents that constitute, discuss, summarize or refer to any oral, electronic or written communication between you and a Defendant in this action.

1  **REQUEST NO. 33:**

2      All Documents in the possession or files of Nir Merry or Steven Shannon that summarize,

3  describe or refer to AMEC-China, AMEC-Asia, AMEC-Inc., Yin, Chen, Todaka, Luo, any other

4  former Applied employee now employed by AMEC-China, your alleged trade secrets, Etch and

5  CVD processes, the allegations of this complaint, or any other subject that is at issue in this case.

6

7

8  Dated: January 16, 2008                    HAROLD J. MCELHINNY
                                               KENNETH A. KUWAYTI
9                                              MARC DAVID PETERS
                                               MORRISON & FOERSTER LLP

10

11                                             By:  _____

12                                                  Kenneth A. Kuwayti

13                                             Attorneys for Defendant
                                               ADVANCED MICRO-
14                                             FABRICATION EQUIPMENT, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2   I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 755 Page Mill Road, Palo Alto, California  94304-1018.  I am not a party to the within cause,
3  and I am over the age of eighteen years.

4   I further declare that on January 16, 2008, I served a copy of:

5      **AMEC FIRST SET OF DOCUMENT REQUESTS TO**
       **PLAINTIFF APPLIED MATERIALS, INC.**

6

7  ☐ **BY FACSIMILE, [Fed. Rule Civ. Proc. rule 5(b)]** by sending a true copy from
8    Morrison & Foerster LLP's facsimile transmission telephone number 650.494.0792 to
    the fax number(s) set forth below, or as stated on the attached service list.  The
9    transmission was reported as complete and without error.  The transmission report
    was properly issued by the transmitting facsimile machine.
10

11    I am readily familiar with Morrison & Foerster LLP's practice for sending facsimile
    transmissions, and know that in the ordinary course of Morrison & Foerster LLP's
12    business practice the document(s) described above will be transmitted by facsimile
    on the same date that it (they) is (are) placed at Morrison & Foerster LLP for
13    transmission.

14  ☐ **BY U.S. MAIL [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof
    enclosed in a sealed envelope with postage thereon fully prepaid, addressed as
15    follows, for collection and mailing at Morrison & Foerster LLP, 755 Page Mill Road,
    Palo Alto, California  94304-1018 in accordance with Morrison & Foerster LLP's
16    ordinary business practices.

17    I am readily familiar with Morrison & Foerster LLP's practice for collection and
    processing of correspondence for mailing with the United States Postal Service, and
18    know that in the ordinary course of Morrison & Foerster LLP's business practice the
    document(s) described above will be deposited with the United States Postal
19    Service on the same date that it (they) is (are) placed at Morrison & Foerster LLP
20    with postage thereon fully prepaid for collection and mailing.

21  ☐ **BY OVERNIGHT DELIVERY [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true
22    copy thereof enclosed in a sealed envelope with delivery fees provided for,
    addressed as follows, for collection by UPS, at 755 Page Mill Road, Palo Alto,
23    California  94304-1018 in accordance with Morrison & Foerster LLP's ordinary
    business practices.
24

25    I am readily familiar with Morrison & Foerster LLP's practice for collection and
    processing of correspondence for overnight delivery and know that in the ordinary
26    course of Morrison & Foerster LLP's business practice the document(s) described
    above will be deposited in a box or other facility regularly maintained by UPS or
27    delivered to an authorized courier or driver authorized by UPS to receive documents
    on the same date that it (they) is are placed at Morrison & Foerster LLP for collection.
28

☐ **BY PERSONAL SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and delivery at the mailroom of Morrison & Foerster LLP, causing personal delivery of the document(s) listed above to the person(s) at the address(es) set forth below.

I am readily familiar with Morrison & Foerster LLP's practice for the collection and processing of documents for hand delivery and know that in the ordinary course of Morrison & Foerster LLP's business practice the document(s) described above will be taken from Morrison & Foerster LLP's mailroom and hand delivered to the document's addressee (or left with an employee or person in charge of the addressee's office) on the same date that it is placed at Morrison & Foerster LLP's mailroom.

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail system to the e-mail address(s) set  forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).


Thomas G. Fitzpatrick, Esq.                    _____ Fax
GOODWIN PROCTER LLP                     _____ U.S. Mail
181 Lytton Avenue                               _____ Overnight
Palo Alto, CA  94301                            _____ Personal
                                                         X\_\_\_\_\_ Electronic Service
Tfitzpatrick@goodwinprocter.com


John C. Englander, Esq.                         _____ Fax
Douglas C. Doskocil, Esq.                      _____ U.S. Mail
Michael G. Strapp, Esq.                         _____ Overnight
GOODWIN PROCTER LLP                     _____ Personal
53 State Street                                     X\_\_\_\_\_ Electronic Service
Boston, MA  02109

Jenglander@goodwinprocter.com
Ddoskocil@goodwinprocter.com
Mstrapp@goodwinprocter.com


I declare under penalty of perjury that the foregoing is true and correct.

Executed at Palo Alto, California, this 16th day of January, 2008.



_____     _____
              Beatriz E. Gomez
              (typed)                                                    (signature)

**PROOF OF PERSONAL SERVICE**
(FRCivP 5(b)) *or*
(CCP 1011, 2015.5)

I am employed by Western Messenger Service, whose address is 75 Columbia Square, San Francisco, California; I am not a party to the within cause; and I am over the age of eighteen years.

I further declare that on the date hereof, I hand-served a copy of

- **AMEC INC.'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF APPLIED MATERIALS, INC.**

on the following:

Thomas G. Fitzpatrick, Esq.
Michael G. Strapp, Esq.
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA  94301

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Palo Alto, California, this 16th day of January, 2008.

_____          _____
          Henry Wong                              (signature)
          (typed)

CERTIFIFCATE OF SERVICE
CASE NO. C07-05248 JW (PVT)
pa-1220892

1