1  HAROLD J. MCELHINNY (CA SBN 66781)
   HMcElhinny@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California 94105-2482
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522

5  KENNETH A. KUWAYTI (CA SBN 145384)
   KKuwayti@mofo.com
6  MARC DAVID PETERS (CA SBN 211725)
   MDPeters@mofo.com
7  MORRISON & FOERSTER LLP
   755 Page Mill Road
8  Palo Alto, CA 94304-1018
   Telephone: 650-813-5600
9  Facsimile: 650-494-0792

10 Attorneys for Defendants
   ADVANCED MICRO-FABRICATION EQUIPMENT, INC.
11 CHINA, ADVANCED MICRO-FABRICATION
   EQUIPMENT, INC. ASIA, and ADVANCED MICRO-
12 FABRICATION EQUIPMENT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT, INC. CHINA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC.,<br><br>            Defendants. | Case No.   C07 05248 JW (PVT)<br><br>**AMEC ASIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS APPLIED'S FIRST AMENDED COMPLAINT**<br><br>Date:   February 25, 2008<br>Time:  9:00 a.m.<br>Ctrm:  8, 4th Floor |

AMEC ASIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS APPLIED'S FAC
C07 05248 JW (PVT)
sf-2463090

## INTRODUCTION

AMEC Asia is a holding corporation, incorporated in the Cayman Islands. Applied does not contend that AMEC Asia has sufficient contacts with California to give rise to general jurisdiction. There is no specific jurisdiction either. AMEC Asia submitted evidence in its opening brief that it does not design, manufacture or sell any products. Applied has not offered any evidence to controvert this. The only allegation in the First Amended Complaint ("FAC") specific to AMEC Asia is that it was the assignee of certain patent applications. But that assignment occurred entirely outside of California. Applied thus fails to meet its burden of establishing that the exercise of personal jurisdiction over AMEC Asia is proper. For this reason, and for the reasons cited in the briefs of AMEC China and AMEC Inc., in which AMEC Asia joins, the claims against AMEC Asia should be dismissed.

## ARGUMENT

Applied makes no argument that this Court has general jurisdiction over AMEC Asia and thereby concedes that its contacts with California are not "continuous and systematic." (*See* Opp. at 8 n.6.) Applied is thus left to argue that this Court has specific jurisdiction over AMEC Asia. The parties agree that the test for specific jurisdiction has three requirements:

(1) the defendant must purposefully direct its activities or consummate some transaction with the forum or perform some act by which it purposefully avails itself of the privilege of conducting activities in the forum;

(2) the claim must be one which arises out of or relates to defendant's contacts with the forum; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Applied's brief only addresses purposeful direction, and fails to demonstrate that the requirement is met. Applied incorrectly states that the other two requirements are not "truly in dispute." *Id.* As demonstrated below, Applied's claims do not arise out of AMEC Asia's minimal California contacts and the exercise of jurisdiction would not be reasonable.

## I. APPLIED MUST POINT TO ADMISSIBLE EVIDENCE AND WELL-PLED ALLEGATIONS TO MEET ITS BURDEN

In order to defeat AMEC's motion, Applied must make a *prima facie* case of specific jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). This burden is not as light as Applied contends. Only well-pled allegations, as distinguished from mere conclusory allegations, must be accepted as true. *China Tech. Global Corp. v. Fuller, Tubb, Pomeroy & Stokes*, No. C05-1793 JW, 2005 U.S. Dist. LEXIS 46137 at *9-10 (N.D. Cal. June 27, 2005) (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)); *Nicosia v. De Rooy*, 72 F. Supp. 2d 1093, 1097 (N.D. Cal. 1999). Where, as here, a motion to dismiss challenges the facts alleged, the plaintiff may not rest on the pleadings, but must present admissible evidence to support the court's exercise of personal jurisdiction. *Nicosia*, 72 F. Supp. 2d at 1097 (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).) Applied has not done so.

## II. APPLIED'S CLAIMS DO NOT ARISE OUT OF AMEC ASIA'S MINIMAL CONTACTS WITH CALIFORNIA

Applied has not met its burden of establishing that its claims arise out of AMEC Asia's forum-related contacts. AMEC Asia's only contact with California is a bank account maintained with Silicon Valley Bank, which is used to facilitate the payment of certain administrative costs where payment in dollars is required (*e.g.*, travel expenses for certain employees, consultant fees, and legal fees). (Declaration of Aihua ("Steve") Chen in support of Advanced Micro-Fabrication Equipment Asia's Motion to Dismiss (Doc. # 102) ("Chen Decl.") at ¶ 5.). Applied does not contend that this contact has anything to do with the claims here. Moreover, as shown in its opening brief, AMEC Asia does not design, manufacture or sell any products, in California or anywhere else (*id.* at ¶¶ 3-4), and so does not employ the "multitude" of technologists and engineers that are mentioned in Applied's argument. (Opp. at 4-5.) If any Applied trade secrets were wrongfully acquired, used, or disclosed, that misappropriation took place in China, and was not done by AMEC Asia. Applied thus fails to meet the "arising out of" requirement for specific jurisdiction.

AMEC ASIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS APPLIED'S FAC
C07 05248 JW (PVT)
sf-2463090

2

### III. APPLIED CANNOT ESTABLISH THAT AMEC ASIA PURPOSEFULLY DIRECTED RELEVANT ACTIVITIES TOWARD CALIFORNIA.

Applied cannot meet the purposeful direction requirement of specific jurisdiction for AMEC Asia either. In order to satisfy purposeful direction in intentional tort cases, a plaintiff must establish, among other things, that the defendant's actions were *expressly aimed* or *targeted* at the forum state. *Schwarzenegger*, 397 F.3d at 803 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

Applied cannot establish that any relevant action by AMEC Asia targeted California. Applied alleges generally that some unspecified AMEC entity "misused Applied's California trade secrets" and "enabled its malfeasance through the recruitment of Applied's current and former employees in California." (Opp. at 10:22-24 (citing First Amended Complaint ¶¶ 6, 36, 40-44, 49-50).) At best, these allegations refer to AMEC China, not AMEC Asia. AMEC Asia is a holding company, a joint venture owner of AMEC China and the parent corporation of AMEC International. (Chen Decl., ¶ 3.). It does not design, manufacture or sell any products. (*Id.* at ¶¶ 3-4.) Applied has presented no evidence to controvert this, and has thus failed to establish that AMEC Asia took any wrongful acts targeted at California.[1]

The only contention specific to AMEC Asia is that it is the assignee of various patent applications allegedly incorporating Applied trade secrets. (Opp. at 5:7-9). This is entirely consistent with its role as a holding company, and, as pointed out in AMEC Asia's opening brief, does not establish specific jurisdiction in California. The applications were filed with and published by the United States Patent and Trademark Office, which is in Virginia, and the mere issuance of a patent is insufficient to establish personal jurisdiction in any state. *Silent Drive, Inc. v. Strong Indus. Inc.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003). Applied does not contest this.

In short, Applied has failed to provide evidence of any action by AMEC Asia that was expressly aimed or targeted at California, and has thus failed to meet its burden.

---

[1] While Applied claims that AMEC Inc. is the alter ego of AMEC China, it does not contend, either in its Amended Complaint or in its opposition brief, that AMEC Asia is the alter ego of AMEC China. (*See* Opp. at 15:4-6.)

AMEC ASIA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS APPLIED'S FAC
C07 05248 JW (PVT)
sf-2463090

3

### IV. EXERCISE OF JURISDICTION HERE WOULD BE UNREASONABLE.

This case should also be dismissed because the exercise of jurisdiction would be unreasonable here. Courts generally look at seven factors when determining reasonableness: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-1488 (9th Cir. 1993). AMEC Asia's sole California contact is the maintenance of a bank account with Silicon Valley Bank, making its purposeful interjection into California minimal, at best. The remaining factors favor AMEC Asia, as described in Section II of AMEC Inc.'s reply brief addressing *forum non conveniens*. Applied's failure to meet this third requirement for specific jurisdiction, is an additional, independent reason why the action should be dismissed.

### V. THE CASE SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

AMEC Asia joins AMEC China's motion to dismiss for failure to state a claim and preemption. The California Uniform Trade Secrets Act does not apply to extraterritorial conduct and preempts Applied's other claims, which are based on allegations of trade secret misappropriation. The arguments made by AMEC China apply with equal force to AMEC Asia. The Court should dismiss the action.

### VI. THE CASE SHOULD BE DISMISSED ON *FORUM NON CONVENIENS* GROUNDS

AMEC Asia joins AMEC Inc.'s motion to dismiss for *forum non conveniens*. The arguments made by AMEC Inc. apply with equal force to AMEC Asia. The Court should dismiss the action and order Applied to refile its claims in China.

# CONCLUSION

Applied has failed to provide evidence of any action by AMEC Asia that was targeted at California and has thus failed to meet its burden of establishing personal jurisdiction over AMEC Asia. Nor has it established that its claims arise out of AMEC Asia's negligible California connections. Finally, exercise of jurisdiction here would be unreasonable. For these reasons, and for the reasons stated in AMEC China and AMEC Inc.'s briefs, this case should be dismissed.

Dated: February 11, 2008

HAROLD J. MCELHINNY
KENNETH A. KUWAYTI
MARC DAVID PETERS
MORRISON & FOERSTER LLP

By: /s/ Marc David Peters
    Marc David Peters

Attorneys for Defendant
ADVANCED MICRO-
FABRICATION EQUIPMENT INC.
ASIA