1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT G

1  Thomas F. Fitzpatrick
   tfitzpatrick@goodwinprocter.com
2  GOODWIN PROCTER LLP
   181 Lytton Avenue
3  Palo Alto, CA 94301
   Tel.: 650-752-3144
4  Fax: 650-853-1038

5  John C. Englander (*pro hac vice*)
   jenglander@goodwinprocter.com
6  James C. Rehnquist (*pro hac vice*)
   jrehnquist@goodwinprocter.com
7  Michael G. Strapp (*pro hac vice*)
   mstrapp@goodwinprocter.com
8  GOODWIN PROCTER LLP
   53 State Street
9  Boston, Massachusetts 02109
   Tel.: 617.570.1000
10 Fax: 617.523.1231

11
   Attorneys for Applied Materials, Inc.
12

13                    UNITED STATES DISTRICT COURT

14                   NORTHERN DISTRICT OF CALIFORNIA

15                          SAN JOSE DIVISION

16 | APPLIED MATERIALS, INC.,                    | Case No. C 07 05248 JW

17 |         Plaintiff,

18 |     v.                                      | **APPLIED MATERIALS, INC.'S**
                                                 | **INITIAL DISCLOSURES PURSUANT**
19 | ADVANCED MICRO-FABRICATION                  | **TO FED. R. CIV. P. 26(a)(1)**
    | EQUIPMENT (SHANGHAI) CO., LTD.,
20 | ADVANCED MICRO-FABRICATION
    | EQUIPMENT INC., ASIA, ADVANCED
21 | MICRO-FABRICATION EQUIPMENT INC.,

22 |         Defendants.

---

1

APPLIED MATERIALS, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1) - CASE NO. C 07 05248 JW
LIBA/1861887.1

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff Applied Materials, Inc. ("Applied") provides its initial disclosures to Defendants. These disclosures are made without way waiving any objections as to competency, relevancy, materiality, privilege and admissibility of the information disclosed as evidence in this action. Applied reserves the right to revise, correct, supplement, clarify and/or amend the disclosures set forth below.

### A.  Individuals Likely To Have Discoverable Information

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), Applied believes, based upon information available at this time, that the following persons are likely to have discoverable information that Applied may use to support its claims and defenses. Unless otherwise noted below, all individuals identified below should be contacted through Applied's attorneys of record, Goodwin Procter LLP, 181 Lytton Avenue, Palo Alto, California 94301, (650) 752-3100. Applied is not providing contact information for Defendants' employees, attorneys, investors or consultants because Defendants are already aware of that information.

1. Joe Bach – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Bach is not employed by Applied and cannot be contacted through Applied's counsel.

2. Jae Won Bang – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools.

3. Bay Partners – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

4. Kholal Bera – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

5. Doug Buchberger – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools and to material components of Etch and CVD tools and their compositions, specifications, and tolerances.

6. Bill Byun – Knowledge regarding Defendants' intellectual property strategy and corporate structure. Mr. Byun is not employed by Applied and cannot be contacted through

Applied's counsel.

7. George Cao – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, to the particular circumstances surrounding Defendants' misappropriation of those trade secrets and to the damages sought by Applied. Mr. Cao is not employed by Applied and cannot be contacted through Applied's counsel.

8. Roger Chang – Knowledge relating to Applied's sales and marketing.

9. Jin Yuan Chen – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Chen is not employed by Applied and cannot be contacted through Applied's counsel.

10. Steven Chen – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Chen is not employed by Applied and cannot be contacted through Applied's counsel.

11. Michael Chu – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Chu is not employed by Applied and cannot be contacted through Applied's counsel.

12. Ken Collins – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

13. David Crivelli – Knowledge regarding Defendants' intellectual property strategy and corporate structure. Mr. Crivelli is not employed by Applied and cannot be contacted through Applied's counsel.

14. Jim Cruse – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

15. Subash Deshmukh – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

16. Zhiyou Du – Knowledge relating to Defendants' operations and use of Applied's

1  trade secrets. Mr. Du is not employed by Applied and cannot be contacted through Applied's
2  counsel..
3      17.  Mark Fodor – Knowledge relating to the trade secrets that Applied alleges
4  Defendants have misappropriated, in particular relating to CVD tools.
5      18.  Li Fu – Knowledge relating to the trade secrets that Applied alleges Defendants
6  have misappropriated and to the particular circumstances surrounding Defendants'
7  misappropriation of those trade secrets. Mr. Fu is not employed by Applied and cannot be
8  contacted through Applied's counsel.
9      19.  Global Catalyst Partners – Knowledge regarding Defendants' intellectual property
10 strategy and corporate structure.
11     20.  Goldman Sachs – Knowledge regarding Defendants' intellectual property strategy
12 and corporate structure.
13     21.  Jacob Grayson – Knowledge relating to the trade secrets that Applied alleges
14 Defendants have misappropriated, in particular relating to CVD tools.
15     22.  George Grigel – Knowledge relating to Applied's trade secrets and to the alleged
16 inventions disclosed in Defendants' patent applications. Mr. Grigel is not employed by Applied
17 and cannot be contacted through Applied's counsel.
18     23.  Jack Gross – Knowledge relating to trade secret and confidentiality policies at
19 Applied.
20     24.  Chuck Hardy – Knowledge relating to the trade secrets that Applied alleges
21 Defendants have misappropriated, in particular relating to Etch tools and software.
22     25.  Henry Ho – Knowledge relating to the trade secrets that Applied alleges
23 Defendants have misappropriated and to the particular circumstances surrounding Defendants'
24 misappropriation of those trade secrets. Mr. Ho is not employed by Applied and cannot be
25 contacted through Applied's counsel.
26     26.  Dan Hoffman – Knowledge relating to the trade secrets that Applied alleges
27 Defendants have misappropriated, in particular relating to Etch tools.
28     27.  Zhi Huang – Knowledge relating to the trade secrets that Applied alleges

Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Huang is not employed by Applied and cannot be contacted through Applied's counsel.

28. Interwest Partners – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

29. Atul Kapadia – Knowledge regarding Defendants' intellectual property strategy and corporate structure. Mr. Kapadia is not employed by Applied and cannot be contacted through Applied's counsel.

30. Andrzej Kaszuba – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools.

31. Ichiro Kawai – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Kawai is not employed by Applied and cannot be contacted through Applied's counsel.

32. KT Venture Group – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

33. Ajay Kumar – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

34. Michael Kutney – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

35. Jim L'Heureux – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools.

36. Lightspeed Venture Partners – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

37. Thorsten Lill – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

38. Roger Lindley – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

```
```

39. Dima Lubomirsky – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools.

40. Lee Luo – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Luo is not employed by Applied and cannot be contacted through Applied's counsel.

41. Shawming Ma – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

42. Steve Mak – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Mak is not employed by Applied and cannot be contacted through Applied's counsel.

43. Frank Masciocchi – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, to the particular circumstances surrounding Defendants' misappropriation of those trade secrets and to the damages sought by Applied. Mr. Masciocchi is not employed by Applied and cannot be contacted through Applied's counsel.

44. Mark Matkin – Knowledge relating to Applied's trade secrets and to the alleged inventions disclosed in Defendants' patent applications. Mr. Matkin is not employed by Applied and cannot be contacted through Applied's counsel.

45. George Mattinger – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to software.

46. Thomas Mele – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools.

47. Nir Merry – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools.

48. Uday Mitra – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools. Mr. Mitra is not employed by Applied and cannot be contacted through Applied's counsel.

APPLIED MATERIALS, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1) - CASE NO. C 07 05248 JW
LIBA/1861887.1

49. Moving Companies Ahead (MCA) – Knowledge regarding Defendants' intellectual property strategy, corporate structure, and public relations efforts.

50. Karen Murphy – Knowledge relating to trade restrictions applicable to technology export, and related compliance measures at Applied.

51. Hiroshi Nishizato – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Nishizato is not employed by Applied and cannot be contacted through Applied's counsel.

52. Richard Okumoto – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, to the particular circumstances surrounding Defendants' misappropriation of those trade secrets and to the damages sought by Applied. Mr. Okumoto is not employed by Applied and cannot be contacted through Applied's counsel.

53. Koji Osawa – Knowledge regarding Defendants' intellectual property strategy and corporate structure. Mr. Osawa is not employed by Applied and cannot be contacted through Applied's counsel.

54. Xueyu Qian – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Qian is not employed by Applied and cannot be contacted through Applied's counsel.

55. Qualcomm – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

56. Dariush Rafinejad – Knowledge regarding Defendants' intellectual property strategy and corporate structure. Mr. Rafinejad is not employed by Applied and cannot be contacted through Applied's counsel.

57. Redpoint Ventures – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

58. Matt Ruby – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, to the particular circumstances surrounding Defendants'

7

APPLIED MATERIALS, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1) - CASE NO. C 07 05248 JW
LIBA/1861887.1

1  misappropriation of those trade secrets and to the corporate structure of Defendants. Mr. Ruby is
2  not employed by Applied and cannot be contacted through Applied's counsel.
3      59.   Jane Evans Ryan – Knowledge regarding Defendants' intellectual property strategy
4  and corporate structure. Ms. Ryan is not employed by Applied and cannot be contacted through
5  Applied's counsel.
6      60.   Samsung Venture Investment – Knowledge regarding Defendants' intellectual
7  property strategy and corporate structure.
8      61.   Chris Schaepe – Knowledge regarding Defendants' intellectual property strategy
9  and corporate structure. Mr. Schaepe is not employed by Applied and cannot be contacted
10 through Applied's counsel.
11     62.   Tom Scocca – Knowledge relating to the maintenance and security of electronic
12 data and computer systems at Applied.
13     63.   Sean Seutter – Knowledge relating to the trade secrets that Applied alleges
14 Defendants have misappropriated, in particular relating to CVD tools.
15     64.   Steven Shannon – Knowledge relating to the trade secrets that Applied alleges
16 Defendants have misappropriated. Mr. Shannon is not employed by Applied but can be contacted
17 through Applied's counsel.
18     65.   Brian Shieh – Knowledge relating to the trade secrets that Applied alleges
19 Defendants have misappropriated, in particular relating to Etch tools.
20     66.   Jeff Silva – Knowledge relating to database access at Applied.
21     67.   Jennifer Sun – Knowledge relating to the trade secrets that Applied alleges
22 Defendants have misappropriated, in particular relating to material components for Etch and CVD
23 tools and their compositions, specifications, and tolerances.
24     68.   Merlie Sung – Knowledge relating to the trade secrets that Applied alleges
25 Defendants have misappropriated, to the particular circumstances surrounding Defendants'
26 misappropriation of those trade secrets and to the damages sought by Applied. Ms. Sung is not
27 employed by Applied and cannot be contacted through Applied's counsel.
28     69.   Lip Bu Tan – Knowledge regarding Defendants' intellectual property strategy and

corporate structure. Mr. Tan is not employed by Applied and cannot be contacted through Applied's counsel.

70. TKO Phoenix – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

71. Ryoji Todaka – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Todaka is not employed by Applied and cannot be contacted through Applied's counsel.

72. Toan Tran – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to CVD tools.

73. Walden International – Knowledge regarding Defendants' intellectual property strategy and corporate structure.

74. Frances Wang – Knowledge relating to Defendants' recruitment and employment of Applied employees. Ms. Wang is not employed by Applied and cannot be contacted through Applied's counsel.

75. Victor Westerlind – Knowledge regarding Defendants' intellectual property strategy and corporate structure. Mr. Westerlind is not employed by Applied and cannot be contacted through Applied's counsel.

76. Shulin Wang – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Wang is not employed by Applied and cannot be contacted through Applied's counsel.

77. Robert Wu – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Wu is not employed by Applied and cannot be contacted through Applied's counsel.

78. Yaomin Xia – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants'

misappropriation of those trade secrets. Mr. Xia is not employed by Applied and cannot be contacted through Applied's counsel.

79. James (Wei) Yang – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Yang is not employed by Applied and cannot be contacted through Applied's counsel.

80. Gerald Yin – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Yin is not employed by Applied and cannot be contacted through Applied's counsel.

81. Larry Yoshida – Knowledge regarding Defendants' intellectual property strategy and corporate structure. Mr. Yoshida is not employed by Applied and cannot be contacted through Applied's counsel.

82. Wesley Zhang – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to software.

83. Allen Zhao – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

84. Ban Zhu – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated and to the particular circumstances surrounding Defendants' misappropriation of those trade secrets. Mr. Zhu is not employed by Applied and cannot be contacted through Applied's counsel.

85. Lufti Zubi – Knowledge relating to the trade secrets that Applied alleges Defendants have misappropriated, in particular relating to Etch tools.

**B.    Documents That May Be Used To Support Applied's Claims Or Defenses**

Pursuant to Fed. R. Civ. P. 26(a)(1)(B), Applied lists the following categories of documents, electronically stored information, and tangible things that are in its possession, custody, or control and that it may use to support its claims or defenses. The following categories of documents are located at Applied and will be produced to Defendants.

1.      Documents concerning the trade secrets that Applied alleges Defendants have misappropriated including invention alerts; technical presentations; product specifications and drafts thereof; research materials, including test data and reports summarizing the same; and laboratory notebooks.

2.      Documents concerning Defendants' intentional interference with Applied's contractual relationships, including employment agreements and personnel files.

3.      Documents concerning Defendants' misappropriation of Applied's trade secrets, including technical presentations; laboratory notebooks; invention alerts; design documents; and research materials, including test data and reports summarizing the same.

4.      Documents concerning Applied's policies to maintain the secrecy and confidentiality of its trade secrets.

5.      Documents concerning the costs and profits of Applied's CVD and Etch tools.

6.      Documents concerning sales and marketing of Applied's CVD and Etch tools.

**C.     Computation of Damages**

As discovery has yet to be exchanged by either party, a computation of damages, pursuant to Fed. R. Civ. P. 26(a)(1)(C) is premature. Applied will make a timely computation of damages after obtaining sufficient discovery and will supplement this disclosure.

**D.     Insurance Agreements**

Applied is not aware of any insurance agreement as described in Fed. R. Civ. P. 26(a)(1)(D).

Dated: February 5, 2008

                                       Applied Materials, Inc.

                                       By its attorneys,

                                       */s/ Thomas F. Fitzpatrick*
                                       Thomas F. Fitzpatrick
                                       tfitzpatrick@goodwinprocter.com
                                       GOODWIN PROCTER LLP
                                       181 Lytton Avenue
                                       Palo Alto, CA 94301
                                       Tel.: 650-752-3144
                                       Fax: 650-853-1038

                                       John C. Englander (*pro hac vice*)
                                       jenglander@goodwinprocter.com
                                       James C. Rehnquist (*pro hac vice*)
                                       jrehnquist@goodwinprocter.com
                                       Michael G. Strapp (*pro hac vice*)
                                       mstrapp@goodwinprocter.com
                                       GOODWIN PROCTER LLP
                                       53 State Street
                                       Boston, Massachusetts 02109
                                       Tel.: 617.570.1000
                                       Fax: 617.523.1231

APPLIED MATERIALS, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(A)(1) - CASE NO. C 07 05248 JW
LIBA/1861887.1

```
 1  Thomas F. Fitzpatrick
    tfitzpatrick@goodwinprocter.com
 2  GOODWIN PROCTER LLP
    181 Lytton Avenue
 3  Palo Alto, CA 94301
    Tel.: 650-752-3144
 4  Fax: 650-853-1038

 5  James C. Rehnquist (pro hac vice pending)
    jrehnquist@goodwinprocter.com
 6  John C. Englander (pro hac vice)
    jenglander@goodwinprocter.com
 7  Douglas C. Doskocil (pro hac vice)
    ddoskocil@goodwinprocter.com
 8  Michael G. Strapp (pro hac vice)
    mstrapp@goodwinprocter.com
 9  GOODWIN PROCTER LLP
    53 State Street
10  Boston, Massachusetts 02109
    Tel.: 617.570.1000
11  Fax: 617.523.1231

12  Attorneys for Applied Materials, Inc.
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., | Case No. C07 05248 JW (PVT) |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. | |
| Defendants. | |

1  I, Thomas F. Fitzpatrick, declare:

2  I am employed in the County of Santa Clara, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a
3  party to this action. My business address is Goodwin|Procter LLP, 181 Lytton Avenue, Palo Alto, California 94301.

4

5  On February 5, 2008, I served the following documents exactly entitled:

6  • **APPLIED MATERIALS, INC.'S INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a) (1)**

7

8  on the interested parties in this action by placing a true and correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of is Goodwin|Procter LLP,
9  as follows:

10  **VIA EMAIL**                                    **VIA EMAIL AND FEDEX**

11  Harold McElhinny, Esq.                          Marc Peters, Esq.
12  Morrison & Foerster LLP                         Morrison & Foerster LLP
    425 Market Street                               755 Page Mill Road
13  San Francisco, CA 94105-2484                    Palo Alto, CA 94304-1018
    Email: HMcElhinny@mofo.com                      Email: mdpeters@mofo.com

14

15  [ ]  U.S. Mail: I am personally and readily familiar with the business practice of is
         Goodwin|Procter LLP for collection and processing of correspondence for mailing with the
16       United States Postal Service, pursuant to which mail placed for collection at designated
         stations in the ordinary course of business is deposited the same day, proper postage
17       prepaid, with the United States Postal Service. I caused such document[s] to be sent via
         U.S. Mail according to the practices above.
18
19  [ ]  HAND-DELIVERY: I caused such document[s] to be delivered by a courier service on the
         same day.

20  [ ]  FACSIMILE TRANSMISSION: I caused such document[s] to be sent by facsimile
21       transmission to the above-listed fax number for the party(ies) indicated.

22  [ ]  EMAIL TRANSMISSION: I caused such document[s] to be sent by email transmission to
         the party(ies) indicated.

23  [X]  OVERNIGHT COURIER: I caused such documents[s] to be delivered by an overnight
         courier service for delivery by 10:30 a.m. the following business day.
24
    I declare under penalty of perjury under the laws of the state of California that the foregoing
25  is true and correct, and that this declaration was executed on February 5, 2008, at Palo Alto,
    California.
26
                                                    _____
27                                                  Thomas F. Fitzpatrick

28

CERTIFICATE OF SERVICE                      1
CASE NO. C07-05248 PVT                                                           LIBA/1864610.1