Thomas F. Fitzpatrick (CA Bar #193565)
GOODWIN PROCTER LLP
181 Lytton Avenue
Palo Alto, CA 94301
Tel.: 650-752-3144
Fax: 650-853-1038
tfitzpatrick@goodwinprocter.com

John C. Englander (*pro hac vice*)
James C. Rehnquist (*pro hac vice*)
Michael G. Strapp (*pro hac vice*)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617.570.1000
Fax: 617.523.1231
jenglander@goodwinprocter.com
jrehnquist@goodwinprocter.com
mstrapp@goodwinprocter.com

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. | Case No.  C07 05248 JW (PVT)<br><br>**APPLIED MATERIALS INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>Date: February 25, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8, 4th Floor |

Plaintiff Applied Materials, Inc. ("Applied") respectfully seeks leave of the Court to file a sur-reply (attached hereto as Exhibit A) in opposition to the motions to dismiss of defendants Advanced Micro-Fabrication Equipment, Inc. ("AMEC Inc."), Advanced Micro-Fabrication Equipment, Inc. Asia ("AMEC Asia"), and Advanced Micro-Fabrication Equipment, Inc. China ("AMEC China"). Applied seeks to file a short (10 pages) sur-reply in order to respond to new arguments raised for the first time in defendants' reply briefs in support of their motions to dismiss.

This is not an attempt by Applied to get in "the last word" on defendants' motions. Rather, Applied seeks leave to file this brief because defendants have filed 35 pages of reply briefs, in response to Applied's 25-page opposition, in which they improperly raise numerous arguments for the first time. "It is well settled that new arguments cannot be made for the first time in reply." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 (N.D. Cal. 2005).

The new arguments to which Applied responds in its sur-reply are the following:

1. That the burden is on Applied to prove, with admissible evidence, that defendants' forum-related contacts occurred in California and that jurisdiction is proper over AMEC Inc. under an agency or alter ego theory. AMEC China Reply at 2, 6, 8-9; AMEC Inc. Reply at 1-6. As explained in the sur-reply (Parts I and II), this argument ignores applicable Ninth Circuit law on the parties' respective obligations in this procedural posture.

2. That the "effects test" applies with diminished force where a plaintiff is a corporation, and not an individual, because a corporation does not suffer harm in a particular location. AMEC China Reply at 4. This argument ignores the nature of the property interest embodied in a trade secret and, even more fundamentally, is inconsistent with recent Ninth Circuit precedent, as explained in the sur-reply (Part III).

3. That jurisdiction here would be "unreasonable" under the several factors identified by the Ninth Circuit. AMEC China Reply at 10. As explained in the sur-reply (Part IV), it is defendants' burden to demonstrate that jurisdiction would be unreasonable, and they have barely attempted to meet their burden.

4. That the California Uniform Trade Secrets Act cannot be applied in this case, an argument presented under an under an entirely new theory not in their original brief. AMEC China Reply at 10-12. As explained in the sur-reply (Part V), this new theory has no merit.

5. That newly introduced factors—including Applied's presence in China and defendants' supposed difficulty in "exporting" documents from China for discovery purposes—favor dismissal. AMEC Inc. Reply at 7, 11. As explained in the sur-reply (Part VI), none of these new factors aid defendants in meeting their heavy burden of establishing *forum non conveniens*.

Defendants' original briefs in support of their motions totaled 36 pages; Applied's opposition was 25 pages; and defendants' reply briefs totaled 35 pages. Each of the three reply briefs cross-referenced and incorporated arguments from their sister briefs, apparently in an effort to circumvent the 15-page reply brief limit. Local Rule 7-4(b). While this may only be a technical violation, it is indicative of the spirit in which defendants have approached this briefing, and they have not hesitated to simultaneously violate the substantive prohibition on raising new arguments in their reply briefs. Accordingly, Applied should be able to submit this short sur-reply, which focuses only on defendants' new arguments.

## CONCLUSION

For the foregoing reasons, Applied's motion for leave to file a sur-reply should be granted.

| | |
|---|---|
| Dated: February 19, 2008 | Respectfully submitted,<br><br>Applied Materials, Inc.<br><br>By its attorneys,<br><br>/s/ Thomas F. Fitzpatrick<br>Thomas F. Fitzpatrick<br>GOODWIN PROCTER LLP<br>181 Lytton Avenue<br>Palo Alto, CA 94301<br>Tel.: 650-752-3144<br>Fax: 650-853-1038<br>tfitzpatrick@goodwinprocter.com<br><br>John C. Englander<br>James C. Rehnquist<br>Michael G. Strapp<br>GOODWIN PROCTER LLP<br>53 State Street<br>Boston, Massachusetts 02109<br>Tel.: 617.570.1000<br>Fax: 617.523.1231<br>jenglander@goodwinprocter.com<br>jrehnquist@goodwinprocter.com<br>mstrapp@goodwinprocter.com |