| | |
|---|---|
| 1 | HAROLD J. MCELHINNY (CA SBN 66781) |
| | HMcElhinny@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 3 | San Francisco, California  94105-2482 |
| | Telephone: 415.268.7000 |
| 4 | Facsimile: 415.268.7522 |
| 5 | KENNETH A. KUWAYTI (CA SBN 145384) |
| | KKuwayti@mofo.com |
| 6 | MARC DAVID PETERS (CA SBN 211725) |
| | MDPeters@mofo.com |
| 7 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 8 | Palo Alto, CA 94304-1018 |
| | Telephone:  650-813-5600 |
| 9 | Facsimile:  650-494-0792 |
| 10 | Attorneys for Defendants |
| | ADVANCED MICRO-FABRICATION EQUIPMENT, INC. |
| 11 | CHINA, ADVANCED MICRO-FABRICATION |
| | EQUIPMENT, INC. ASIA, and ADVANCED MICRO- |
| 12 | FABRICATION EQUIPMENT INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| APPLIED MATERIALS, INC., | | Case No.   C 07-05248 JW (PVT) |
| | Plaintiff, | |
| | | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO FILE SUR-REPLY TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE DECLARATIONS** |
| | v. | |
| ADVANCED MICRO-FABRICATION EQUIPMENT, INC. CHINA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC., | | |
| | | Date:  February 25, 2008 |
| | | Time:  9:00 a.m. |
| | | Courtroom:  8, 4th Floor |
| | Defendants. | |

AMEC's Opposition to AMAT's Motion
To File Sur-Reply
Case No. C07-05248 JW (PVT)
sf-2470168

Defendants AMEC Inc., AMEC Asia, and AMEC China collectively oppose plaintiff Applied Materials, Inc.'s ("Applied's") motion to file a sur-reply brief. Applied claims that it has filed the brief because defendants "improperly raise numerous arguments for the first time" in their reply briefs. Motion for Leave to File Sur-Reply at 1. In fact, as the sur-reply brief itself shows, the sur-reply is simply an attempt to get the last word on nearly every argument raised in the opening briefs. Most seriously, the sur-reply attaches two substantive declarations, introducing new evidence to which defendants will have no opportunity to respond. The sur-reply brief should not be considered, and the declarations should be stricken.

The sur-reply brief is not directed at arguments "made for the first time" on reply. Section I of the sur-reply brief devotes three pages to re-arguing the legal standard for this motion and why plaintiffs should win, repeating the arguments from their opposition brief. *Compare* Sur-Reply at 1-3 *with* Opposition to Motion to Dismiss at 7-9. That defendants responded to plaintiff's position does not make this a "new" argument that plaintiffs are entitled to address again. *See* AMEC-China Reply at 2. Similarly, section II of the sur-reply is nothing more than an attempt to get the last word on defendants' response to plaintiff's alter ego argument which did not rely upon any new facts. *See* AMEC Inc. Reply at 1-6. Section III of the sur-reply is directed to the "effects" test, which was raised by defendant AMEC Asia and AMEC China's opening briefs. *See, e.g.,* AMEC China Motion at 3-7. Section IV is addressed to the "reasonableness" of exercising jurisdiction -- a section of defendant AMEC China's reply that did not raise a single new fact or argument. *See* AMEC China Reply at 10. Section V is supposedly addressed to "Defendants' Attempt to Fortify Their 'Extraterritoriality' Argument" with additional cases (Sur-Reply at 7), which is by definition not a new argument. Section VI discusses *forum non conveniens*, addressed in detail in AMEC Inc.'s opening brief filed in November 2007. *See* AMEC Inc. Motion at 12-17.

Most seriously, Applied has improperly attached two substantive declarations to its sur-reply papers. A party's "attempt to introduce new evidence in connection with their reply papers is improper." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005). The first declaration, the Declaration of Roger Lindley, makes various claims about Applied's contacts with California and China, and its current and former employees. (See Docket Item No. 113-3.)

AMEC'S OPPOSITION TO AMAT'S MOTION    1
TO FILE SUR-REPLY
sf-2470168

1  It is directly responsive to AMEC Inc.'s November 2007 motion papers regarding the market for
2  Applied's products and the location of Applied's former employees.  *See* AMEC, Inc. Motion at
3  15-16.  Applied does not even attempt to justify this declaration on the grounds of new evidence.
4  There is no reason it could not have been filed in the two-and-a-half months between the filing of
5  AMEC Inc's opening brief and the filing of Applied's opposition, and it should be stricken.

6  The second declaration, the Declaration of Mingtao Wang, addresses the impact of
7  China's state secrets laws on discovery in this case.  (See Docket Item No. 113-4.)  Applied has
8  been aware since mid-November 2007 of defendants' concern that they may not be able to
9  proceed with discovery in this case because of China's state secrets laws.[1]  Applied again fails to
   justify its nearly three-month delay in filing a declaration on pertinent Chinese laws.

10  Defendants accordingly request that the Court deny Applied's motion to file its sur-reply
11  brief and strike the accompanying declarations.  In the alternative, if the Court is inclined to
12  consider the sur-reply brief and declarations, defendants request that they be provided with a
13  reasonable opportunity to respond.

14

15  Dated: February 20, 2008               HAROLD J. MCELHINNY
                                           KENNETH A. KUWAYTI
16                                         MARC DAVID PETERS
                                           MORRISON & FOERSTER LLP
17

18                                         By:  /s/ KENNETH A. KUWAYTI
19                                              Kenneth A. Kuwayti

20                                         Attorneys for Defendants
                                           ADVANCED MICRO-
21                                         FABRICATION EQUIPMENT, INC.
                                           CHINA, ADVANCED MICRO-
22                                         FABRICATION EQUIPMENT, INC.
                                           ASIA, and ADVANCED MICRO-
23                                         FABRICATION EQUIPMENT INC.

24
25
26

---

27  [1] (See AMEC-Shanghai's Sur-Reply to Plaintiff's Motion to Expedite Discovery at 5, Docket Item No. 47.)

28

AMEC'S OPPOSITION TO AMAT'S MOTION                                                              2
TO FILE SUR-REPLY
sf-2470168