**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | No. C 07-05248 JW |
|     Plaintiff, | **SCHEDULING ORDER; NOTICE OF INTENT TO APPOINT A SPECIAL MASTER** |
| v. | |
| Advanced Micro-Fabrication Equipment Inc., et al., | |
|     Defendants. | |

The Court conducted a Case Management Conference on February 26, 2008. Counsel for the respective parties were present. In light of the discussion at the conference, the Court orders as follows:

**A.**     **Notice of Intent to Appoint a Special Master**

The Court suggested the appointment of a Special Master to assist in the management of this lawsuit. The parties were agreeable. Thus, due to the parties' consent, the complexity of legal and factual issues involved in this case, and the cost savings to the parties which will result from a more focused management of pre-trial matters, the Court concludes that the appointment of a Special Master in this lawsuit would be beneficial to all. Pursuant to FED. R. CIV. P. 53, the Court notifies the parties of its intent to appoint a Special Master.

**1.    Scope of the Special Master's Appointment**

The Special Master shall preside over all proceedings, with the power to hear and make reports and recommendations on the following pretrial matters:

- a.   Timing of pre-answer motions or any responsive pleadings;
- b.   Timing and content of initial disclosures;
- c.   Case development processes (e.g., staged discovery and discovery schedules or plans);
- d.   Disclosures or discovery;
- e.   Disclosures or discovery disputes;
- f.   Limits on the number of party experts.

Furthermore, the Special Master shall have the authority to:

- g.   Conduct pretrial conferences and hearings to establish:
  - (1)   The substance of the claims and defenses presented in the case and of the issues to be decided;
  - (2)   The material facts not reasonably disputable;
  - (3)   The disputed material factual issues;
  - (4)   The relief claimed, including a particularized itemization of all elements of damages which may reasonably be claimed based upon the evidence which would be presented at trial;
  - (5)   The pertinent undisputed and disputed points of law, with respect to liability and relief, including proposed jury instructions;
  - (6)   The witnesses necessary to be called at trial, except for impeachment or rebuttal, together with the substance of the testimony to be given;
  - (7)   A compilation of all documents and other items necessary to be offered as exhibits at trial, except for impeachment or rebuttal, together with a brief statement following each item describing its substance or purpose and the identity of the authenticating witness;
- h.   Audit and establish attorney fees to be awarded, if any.

The Special Master shall exercise the power necessary or proper to regulate all proceedings before him and shall do all acts and take all measures necessary or proper for the efficient performance of his duties under this Order.

The Special Master shall file numbered interim reports or recommendations which: 1) advise this Court of the status of the case, and 2) recommend the disposition of any matter heard by him. The parties shall have ten (10) days from the date an interim report or recommendation is filed to file any objections. Any party opposing the objection(s) shall file an opposition within ten (10) days after the objection is filed. If no objection is filed, the Special Master's report or recommendation shall become a binding Order of the Court and the parties shall comply with the Order. If, however, an objection is filed, the matter shall be deemed submitted to the Court without oral argument twenty (20) days after the Special Master's report or recommendation is filed--unless an application is made and the Court orders the matter to be scheduled for hearing.

Reports or recommendations pertaining to non-dispositive motions or pretrial discovery matters shall be reconsidered by this Court only where the Special Master's report or recommendation is clearly erroneous or contrary to law.

**2.      Fees and Costs of Special Master**

Unless the Court receives a recommendation from the Special Master for some other apportionment, each party shall bear the cost of the Special Master on a per capita basis, payable in advance. The Special Master shall report to the Court on a periodic basis regarding the state of his fees and expenses. Unless otherwise ordered, the Special Master shall, in his report, advise the Court, without specifically identifying parties, as to whether the parties are current in their payment of his fees and expenses.

**3.      Nomination of Special Master**

The Court nominates Tom Denver.[1] The parties shall file any objections to Mr. Denver being named as Special Master on or before **March 7, 2008**. In their objections, the parties shall provide alternate nominations.

If no objection is filed and Mr. Denver accepts his appointment, Mr. Denver shall file an affidavit as required by FED. R. CIV. P. 53(b)(3). The Court's appointment of the Special Master

---

[1]     Mr. Denver is with Mediation Masters and may be reached at (408) 280-7883.

3

shall become effective on **March 10, 2008**. Once appointment is effective, the parties shall notice all relevant discovery and pretrial motions before the Special Master and not the assigned Magistrate Judge Trumbull.

**B.    Case Schedule**

| | |
|---|---|
| **Close of All Discovery (¶ 9)** | **October 24, 2008** |
| **Last Date for Hearing Dispositive Motions (¶ 10)**<br>*(≈60 days after the Close of All Discovery)* | **January 12, 2009** |
| **Preliminary Pretrial Conference at 11 a.m. (¶ 12)**<br>*(≈30 days before the Close of All Discovery)* | **September 22, 2008** |
| **Preliminary Pretrial Conference Statements (¶ 11)**<br>*(Due 10 days before conference)* | **September 12, 2008** |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

### Standing Order to Lodge Printed Copy of "ECF" Papers

1.    In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware."  The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

### Compliance with Discovery Plan and Reference to Magistrate Judge

2.    The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement.  The parties are ordered to comply with the discovery plan.  Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge.  In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

**Document Management During Pretrial Discovery and Electronic Evidence Presentation**

3. This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

**Disclosure of Expert Witnesses**

4. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) **63 days before close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

5. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

6. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND**

5

**MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

### Rebuttal Expert Witnesses

7. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than **49 days prior to discovery cutoff.**

### Limitation on Testimony by Expert Witnesses

8. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### Close of Discovery

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

### Last date for Hearing Dispositive Motions

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

### Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

14. With respect to the calendar period for trial, based on the time allotted to the case, a calendar period for trial will be set. In the event it becomes necessary to delay the start of trial because of the Court's calendar, the commencement date will trail from day-to day until the other matter is concluded or further order of the Court.

**C.     Further Case Management Conference**

The Court is concerned to have expedited proceedings with respect to personal jurisdiction, particularly over Defendant AMEC Inc. Accordingly, the Court sets **March 24, 2008 at 10 A.M.** for a Further Case Management Conference to meet with the parties *and* the Special Master to discuss the scope and the plan for discovery regarding Plaintiff's allegations that AMEC Inc. is the alter ego of the AMEC Asian or AMEC Shanghai.

In light of the March 24, 2008 conference, the Court VACATES the conference previously set for April 28, 2008.

Dated: March 4, 2008

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Harold J. McElhinny HMcElhinny@mofo.com
Kenneth Alexander Kuwayti KKuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com

**Dated: March 4, 2008**                              **Richard W. Wieking, Clerk**

                                                      **By:  /s/ JW Chambers**
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**

8