1  THOMAS HR DENVER (56872)
   Mediation Masters
2  96 North Third Street
   Suite 300
3  San Jose, CA 95112
4
   Telephone:  (408) 280-7883
5  Facsimile:   (408) 292-7868
6  Special Master
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                     SAN JOSE DIVISION
11

| APPLIED MATERIALS, INC., | No. C 07-05248 JW |
|---|---|
| Plaintiff, | **DISCOVERY ORDER NO. 1** |
| vs. | |
| ADVANCED MICRO-FABRICATION EQUIPMENT, INC., et al., | |
| Defendants. | |

   Briefing having been reviewed and oral argument having been heard on March 31, 2008, regarding defendants' Motion to Enter Protective Order and to Compel a More Particular Trade Secret Disclosure,

   IT IS ORDERED as follows:

   (The numbers referred to herein correspond to the numbering of the several trade secrets set forth in plaintiff's identification of trade secrets).

   1. The disclosure should be reworded so as to eliminate the potential ambiguity caused by the phrase "multi-frequency plasma chamber." The language should make it clear whether the secret claimed involves chambers using two or more frequencies or only those using three or more.

-1-
DISCOVERY ORDER NO. 1

At the present stage of the proceedings, the use of the word "including" in two places in this identification is acceptable.  Given that defendants have not yet come to market with any device and that discovery has only just begun, this language is acceptable, but potentially subject to amendment, for good cause, following discovery.

Defendants' arguments regarding its inability to distinguish the claims from the information in the public domain goes to the merits of the claimed trade secret and not to the sufficiency of the identification.

2.  The identification is sufficient.  See discussion, regarding identification number1, supra, concerning the use of the word "including."

3.  The identification is sufficient.  See discussion of "including," supra.

4.  The identification should be revised to indicate, to the fullest extent presently possible, the actual "composition," "specifications" and "tolerances" referred to.  This may be in the form of appending specification sheets or the like.  Such specificity may not be available for all "material components" given the present state of discovery and the fact that defendants have not yet brought a product to market.

5.  The identification should be revised to identify, with as much specificity as is presently possible, the "techniques" referred to.  See discussion of identification 4, supra.

6.  The identification should be revised to identify, with as much specificity as is presently possible, the "system architecture," "algorithms," "interfaces," "source code" and "underlying data" referred to.  With regard to the "source code" referred to, plaintiff should lodge with the Special Master the code in question, specifying the particular lines involved.  Either by stipulation or upon noticed motion and order, the Special Master may release the specific code to defendants.

Given that the information referred to in this identification is well within the understanding of plaintiff, the term "including" is inappropriate, as is the use of "e.g."  The identification should be made as full and complete as plaintiff's present knowledge allows.

7.  The identification should be revised, consistent with the discussion of identification number 6, supra.  Here, again, use of the term "including" is inappropriate.

DISCOVERY ORDER NO. 1

8. The identification must be revised to identify, with as much particularity as is possible, the "proprietary documents and/or the information therein" involved. Plaintiff should be better informed as to this aspect of its claimed secrets, even in the absence of significant discovery or a product produced by defendants.

The Special Master believes that this order is consistent with <u>Myrio Corporation vs. Minerva Network, Inc.</u>, case number C-00-20996 RMW(PVT), 2001 U.S.Dist. LEXIS 10461, at *2 (M.D.Cal. April 4, 2001) a case cited by both parties. As discovery progresses, plaintiff may move to revise its trade secret disclosure. Similarly, defendants may renew their motion for a more particular disclosure. In either event, the moving party will be required to demonstrate good cause.

The revised identifications required by this order will be due within ten days of the date of this order.

The parties have ten days from the date of this order to file any objection.

Dated: April 2, 2008.                 ____/s/ Thomas HR Denver_____
                                                                     THOMAS HR DENVER