1  THOMAS HR DENVER (56872)
   Mediation Masters
2  96 North Third Street
   Suite 300
3  San Jose, CA 95112

4
   Telephone:  (408) 280-7883
5  Facsimile:   (408) 292-7868

6  Special Master

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11 | APPLIED MATERIALS, INC.,         | No. C 07-05248 JW
12 |                                  |
   |          Plaintiff,              |
13 |                                  | **DISCOVERY ORDER NO. 2**
   |    vs.                           |
14 |                                  |
15 | ADVANCED MICRO-FABRICATION       |
   | EQUIPMENT, INC., et al.,         |
16 |                                  |
   |          Defendants.             |
17

18     Briefing having been reviewed and oral argument heard on March 31, 2008, on

19 plaintiff's Motion to Compel Jurisdictional Discovery,

20     IT IS ORDERED as follows:

21     **WRITTEN INTERROGATORIES:**

22     1. The existing answer is generally sufficient. However, it should be amended to

23 include the date of incorporation for each of the entities involved. The existing response

24 indicates as to Amec, Inc., and Amec Asia that they operate "primarily" as holding

25 companies. To the extent they engage in other activities, those activities must be

26 identified. Further, defendants may wish to include responses for Amec International; the

27 Special Master is not ordering such responses at this time, but notes that a separate set of

28

---
DISCOVERY ORDER NO. 2

-1-

interrogatories directed toward Amec International's information would be appropriate and answers as to that entity might be efficient for the responding party.

2. Counsel are to meet and confer in order to establish an agreeable definition of "managers" as used in this interrogatory. If they cannot agree, they are to approach the Special Master for resolution of this issue. Once "managers" is defined, the answer should be revised so as to provide information regarding the identity of those managers. The existing answer is, otherwise, sufficient.

3. Defendants have objected to this interrogatory as overly broad and burdensome and those objections are well taken. The interrogatory, in its present form, is essentially unanswerable. Further, the information sought should be reflected in defendants' Rule 26 disclosures. To the extent it is not and if the information is not contained in defendants' production of documents, then plaintiff may approach the Special Master for further relief.

**REQUEST FOR PRODUCTION DOCUMENTS:**

(The Special Master notes that the various requests discussed below are not in numerical order, but rather are arranged in a manner consistent with the "groups" of requests identified in the moving papers and at oral argument.)

12. This request seeks documents reflecting the court "establishment, creation, or formation" of the various defendants. Defendants represent, in their opposition to the motion, that through the meet and confer process, agreement was reached as to the documents to be produced and that those documents have been produced. Plaintiff here appears to argue that documents reflecting the *reasons* for the way in which various defendants were formed, organized and structured are called for and are relevant. No further answer to this specific request is required. However, in the course of the oral hearing on this motion, there was discussion of the possibility of supplying such information on an "offer of proof" basis. Once that offer of proof has been made and reviewed, plaintiff may renew its request for documents reflecting the reasons for defendants' organization, etc.

15.  This request calls for communications between the various defendants and any "non-attorney consultant and/or actual or potential investors."  Defendants represent that, through the meet and confer process, agreement was reached that provision of a redacted offering memorandum would be sufficient and that such a production has been made.  The discussion regarding an offer of proof in connection with request 12, supra, applies to this request as well.  However, the Special Master notes that, in its present form, the request appears overly broad and potentially quite burdensome.  No further response to the particular request is ordered at this time, subject to possible renewal by plaintiff following the meet and confer process.

16.  This request calls for "organization charts; all lists of officers, directors and/or employees" of the various defendants, including "job descriptions."  Defendants represent that, through the meet and confer process, it was agreed that production of a current employee organization chart would suffice and that this production has been made.  No further response is required.

14.  This request calls for "all resolutions and minutes of any Board meeting" of the various defendants.  No documents have been produced in response.  In the course of oral argument, questions arose as to whether this request included agendas and/or notices of such meetings.  Counsel are ordered to meet and confer with regard to this request, including a decision as to whether agendas and notices are within its contemplation.  Further, the meet and confer should include discussion as to whether any such resolutions, minutes, agendas or notices can be produced in redacted form, so as to eliminate information not relevant to the jurisdictional inquiry.  If counsel are unable to resolve this issue, they should inform the Special Master, who will take it up with them.  The Special Master notes that the categories of documents sought appear relevant to the jurisdictional issue, but that the present request for "all" of the categories of documents is overbroad.

19.  This request seeks all documents "regarding Amec, Inc.'s involvement in the operations, management, corporate governance and/or finances of Amec Shanghai or Amec Asia."  As presently phrased, this request is overly broad and potentially quite

burdensome. As discussed with regard to request 14, counsel should meet and confer to see if this request can be reduced to one which is well focused and meaningful. The Special Master notes that the question of Amec Inc.'s involvement in the operations, etc., of the other defendant entities is potentially relevant to the jurisdictional issue.

9. This request seeks documentation reflecting "contacts" between the various defendant entities, including bank records, records of Board meetings, and various other categories. Defendants assert in its response and production are consistent with the earlier meet and confer discussions. Further, defendants have suggested that this information might be most reasonably provided in an offer of proof context. Accordingly, the Special Master reserves ruling on this request until such time as the meet and confer approach has been resolved.

18. This request seeks documents reflecting the "finances and capitalization" of the defendant entities and identifies certain categories of documents which would be responsive. As with request 9 above, defendants have suggested providing responsive information by way of an offer of proof. Again, the Special Master will defer ruling until that process has resolved. However, it is noted that no documents have been produced responsive to this request and that such documents appear highly relevant to the present dispute. Given the existence of a comprehensive Protective Order, the plaintiffs are entitled to a thorough production of documents in this category.

24. This request seeks documents reflecting the marketing of defendants' tools. This category of information is relevant to the jurisdictional issues. The Special Master notes that no documents have been produced in response to this category. Given the comprehensive Protective Order and plaintiff's stipulation that sensitive documents may be produced as "attorney's eyes only," documents responsive to this request should be produced.

27. This request seeks documents concerning the "sale or evaluation" of defendants' products. "Sale documents" would be relevant to the jurisdictional issues and should be produced. Such documents would include promotional and marketing materials.

At the present time, "contracts," "agreements," "purchase orders" and the like need not be produced, as their relevance to jurisdiction is tenuous. The request for "evaluation" documents does not appear closely related to jurisdictional issues and, further, is ill defined and documents responsive to that aspect of the request need not be produced at this time.

28. This request seeks documents "concerning" suppliers to the various defendants. Such documentation appears irrelevant to the jurisdictional inquiry and documents in this category need not be provided at this time.

29. This request seeks documents reflecting "communications" between the various defendants, on the one hand, and their "actual or potential investors" on the other. It seeks communications "regarding this litigation." Documents in that category need not be produced in that they may well be subject to attorney client or other privileges and appear irrelevant to the jurisdictional issues. Communications dealing with the "intellectual property" of the defendants are potentially relevant and should be produced. Communications regarding the "corporate structure" of the various defendants should be produced; to the extent that they are duplicative of information provided in response to other requests, they should accurately identified, but need not be produced a second time.

11. This request seeks documents reflecting communications between the various defendants and "any employee of Applied during the period in which that employee was employed at Applied." Counsel are to meet and confer with regard to this request so as to narrow it significantly and, so far as possible, to identify the relevant Applied employees, so as to allow for a reasonable search for documentation.

25. This request seeks documents reflecting the "recruitment, solicitation, hiring and retention" by the various defendants of individuals presently or formerly employed by Applied. Counsel are to meet and confer as set forth with regard request 11, supra.

26. This request seeks communication between representatives of the various defendants and current or former Applied employees. Counsel are to meet and confer, as set forth with regard to request 11, supra.

DISCOVERY ORDER NO. 2

1    52. This request seeks documents pertaining to "salary, bonuses, benefits, expense
2 accounts, reimbursements and other payments by the various defendants to former or
3 current Applied employees.  This request should be refined by a meet and confer similar to
4 request 11 discussed supra.  Further, this request may well implicate the privacy rights of
5 various individuals who are not parties to this litigation.  Counsel should, in their meet and
6 confer, attempt to identify an approach to this information which protects the privacy of
7 those individuals, such as redaction of the names, but provision of the, for example, salary
8 or bonus involved.

    Further responses, as directed herein, will be due within 20 days of the date of this order.  Any meet and confer ordered must be completed timely, so as to allow for further responses on this schedule.

    The parties have ten days from the date of this order to file any objection.

Dated:  April 2, 2008.                     ____/s/ Thomas HR Denver_____
                                                                 THOMAS HR DENVER