
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. <br><br> Defendants. | Case No. C07 05248 JW (PVT) <br><br> **NOTICE OF MOTION, MOTION AND MEMORANDUM IN SUPPORT OF APPLIED MATERIALS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM** <br><br><br> Date:   May 19, 2008 <br> Time:   9:00 a.m. <br> Courtroom 8, 4th Floor |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE THAT on May 19, 2008, at 9:00 a.m., in the Courtroom of the Honorable James Ware, located at 280 South 1st Street, San Jose, California, or as soon thereafter as counsel may be heard, plaintiff Applied Materials, Inc. ("Applied") will and hereby does move to dismiss the counterclaim of defendants Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd. ("AMEC China") and Advanced Micro-Fabrication Equipment, Inc. Asia ("AMEC Asia") for failure to state a claim.

Applied's motion is based on this Notice of Motion and Motion, the simultaneously served and filed Memorandum that follows herein, the pleadings and documents referenced therein, and other evidence that may be presented at the hearing.

**MEMORANDUM**

**I.    INTRODUCTION**

AMEC China and AMEC Asia's counterclaim is based entirely on the assertion that a provision in Applied's employment agreements with its ex-employees (now AMEC employees) is unenforceable because it is not designed to protect Applied's trade secrets. This assertion is incorrect. Defendants' attempts to avoid the plain meaning of the contract language – by referring to it, counterfactually, as a "non-compete clause" and by mischaracterizing an earlier argument by Applied – are unavailing. And because the defendants' keystone assertion is itself based entirely on unambiguous written materials, defendants' counterclaim can be dismissed as a matter of law under Rule 12(b)(6). Once defendants' counterfactual and implausible contentions are eliminated, it is evident that their claim fails as a matter of law. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (factual allegations in pleading attacked by a Rule 12(b)(6) motion must "raise a right to relief above the speculative level"). The operative language in Applied's employment agreement is valid and enforceable. *Latona v. Aetna U.S. Healthcare Inc.*, 82 F. Supp. 2d 1089, 1096 (C.D. Cal. 1999) ("employment restrictions that serve to protect a former employer's trade secrets, proprietary information, and confidential information are valid in California").

**II.    BACKGROUND**

In its First Amended Complaint ("FAC"), Applied alleges and defendants admit that

certain of its former employees, now employed by defendants, signed employment agreements with Applied. FAC [Doc. No. 31] at ¶ 9; AMEC Asia Answer and Counterclaims ("AAAC") [Doc. No. 129] at ¶ 9; AMEC China Answer and Counterclaims ("ACAC") [Doc. No. 128] at ¶ 9. These agreements state that all inventions conceived, made or reduced to practice by Applied employees while employed at Applied are the exclusive property of Applied, and that any such inventions be promptly disclosed and assigned to Applied. *Id.* at ¶ 27. Additionally, and at issue in this motion, the agreements state that "in case any invention is described in a patent application or is disclosed to third parties by Employee within one year after leave the employ of Company, it is to be presumed that the invention was conceived or made during the period of his employment by Company, and the invention will belong to Company, provided it related to Employee's work with Company or to the business of Company or any of its subsidiaries." *Id.*; Employment Agreement of Gerald Yin ("Yin Agreement") at 3, attached as Exhibit 1 to the Declaration of Michael Strapp in Support of Applied's Motion to Dismiss ("Strapp Decl."). Neither this "Presumption Provision" nor any other clause in the agreements applies "to any invention, improvement or development which qualifies fully under the provisions of Section 2870 of Chapter 2 of Division 3 of California Labor Code." Yin Agreement at 4, Ex. 1.[1]

These employment agreements are relevant to Applied's claim in Count II that defendants intentionally induced former Applied employees, now employed by defendants, to breach their employment agreements with Applied. FAC at ¶ 57-58. Among other things, defendants disclosed Applied confidential information, including Applied trade secrets, in their patent applications. *Id.* at ¶ 39. Under the express terms of the employment agreements, including the employment agreement of Gerald Yin, a former Corporate Vice President, General Manager and Chief Technology Officer at Applied, and the founder and Chief Executive Officer of defendants,

---

[1] Section 2870, reprinted on the employment agreements, describes how provisions in employment agreements requiring assignment of rights by an employee to an employer cannot extend to inventions "for which no equipment, supplies, facility, or trade secret information of the employer was used and which was developed entirely on the employee's own time, and (a) which does not relate (1) to the business of the employer or (2) to the employee's actual or demonstrably anticipated research or development, or (b) which does not result from any work performed by the employee for the employer." Yin Agreement at 4, Ex. 1.

the presumption applies to the information disclosed in certain patent applications since the subject matter disclosed in those applications was known to Yin while at Applied, yet the information was included in an application filed by defendants one year and three days after Yin left Applied. *Id.* at ¶¶ 3, 39, 41. Because this confidential Applied information must have been disclosed by former Applied employees, including Yin, to defendants during the one-year period after Yin's employment with Applied, it should have been assigned to Applied, not to defendants. *Id.* at ¶ 41. On these facts Applied alleges that defendants intentionally interfered with the employees' contractual relationships with Applied and induced those employees to breach their employment agreements. *Id.* at ¶ 58.

Defendants' counterclaim, which is essentially nothing more than a defense to Count II in Applied's FAC, alleges that the Presumption Provision "interferes with former Applied employees' mobility," and is thus "an unlawful and unfair business practice" in violation of Sections 16600 and 17200 of the California Business and Professions Code. AAAC and ACAC at ¶¶ 1. The counterclaim rests entirely on the assertion that the Presumption Provision is not designed to protect Applied's trade secrets. The two premises for this assertion are an argument Applied supposedly made in its opposition to defendants' motions to dismiss, *id.* at ¶ 7, and defendants' characterization of the Presumption Provision as a "non-compete clause." *Id.* at ¶ 1. Defendants' allegations are stated as both an affirmative defense and a counterclaim. Defendants seek declaratory relief and an injunction. *Id.* at ¶ 1 and p. 12.

### III. ARGUMENT

Defendants' counterclaim fails to state a claim upon which relief can be granted because the Presumption Provision is an enforceable, valid employment restriction that protects Applied's intellectual property. The central premise of defendants' counterclaim – that the presumption is not designed to protect Applied's trade secrets – is counterfactual and contradicted by the plain language of the relevant employment agreements and this Court's earlier rulings. Moreover, defendants' factual allegations are red herrings; even if the Court were to accept as true defendants' claim that the presumption is not designed to protect Applied trade secrets, it would still be a valid and enforceable clause under California law because it broadly protects Applied's

intellectual property and confidential and proprietary information. Because the Presumption Provision is not a non-compete clause and is valid and enforceable under both Sections 16600 and 17200 of the California and Business Professions Code, defendants' counterclaim fails to state a claim upon which relief can be granted and must be dismissed.

### A. The Presumption Provision Protects Applied's Intellectual Property And Is Valid And Enforceable.

It is well-settled law that "employment restrictions that serve to protect a former employer's trade secrets, proprietary information, and confidential information are valid in California." *Latona v. Aetna U.S. Healthcare Inc.*, 82 F. Supp. 2d 1089, 1096 (C.D. Cal. 1999); *see also Bd. Of Tr. of Leland Stanford Junior Univ. v. Roche Molecular Sys. Inc.*, 487 F. Supp. 2d 1099, 1116 (N.D. Cal. 2007) (finding enforceable, notwithstanding challenge under Section 16600, provision in employment agreement requiring employee to assign interest in patented invention that was completed after employment terminated, since invention was conceived while employee was still working for employer). The relevant contractual language here is unambiguous: the Presumption Provision applies to Applied "Inventions," which are defined to include "new contributions, improvements, ideas or discoveries, whether patentable or not." Yin Agreement at 2, Ex. 1. By its very terms, then, the presumption is a restriction designed to protect Applied's intellectual property and is accordingly valid and enforceable. The clear terms of the employment agreements are dispositive and the Court need not accept defendants' bald, unsupportable assertion, even when considering this motion to dismiss. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (in ruling on motion to dismiss complaint under Rule 12(b)(6), court may treat document as part of complaint and assume that its contents are true if complaint refers to document; document is central to plaintiff's claim; and no party questions authenticity of document).

Defendants try to avoid the language of the Presumption Provision by making two arguments: (1) that Applied has essentially conceded that the provision's purpose is not to protect its trade secrets; and (2) that the Presumption Provision is, in effect, if not in word, a non-compete clause. Neither of these arguments has merit. First, defendants' claim that Applied "argued that

its claims for conversion and international interference with contractual relationships are independent of its misappropriation of trade secrets claim, meaning that these claims do not depend on whether the information at issue is a trade secret," ACAC and AAAC at ¶¶ 7, is simply wrong. To the contrary, Applied argued in its opposition, and the Court so found, that those claims include *additional* or independent factual allegations that its misappropriation of trade secrets claim does not contain. *See* Order Granting in Part and Denying in Part Defendants' Various Motions to Dismiss, at 12 (finding, *inter alia*, that Applied's cause of action for tortious interference arises out of facts distinct from those underlying Plaintiff's claim for misappropriation of trade secrets because the alleged breach was not caused by the misappropriation itself, but instead, by the later assignment of rights).[2] More importantly, even if the Court were to accept defendants' allegations as true and conclude that the presumption does not serve to protect Applied trade secrets – notwithstanding the fact that defendants' allegation flouts the plain language of the agreements and this Court's earlier ruling – the presumption clause would still be valid and enforceable because it broadly protects Applied intellectual property and confidential and proprietary information. Yin Agreement at 2, Ex. 1; *Latona*, 82 F. Supp. 2d at 1096; *Bd. Of Tr. of Leland Stanford Junior Univ.*, 487 F. Supp. 2d at 1116.

Second, defendants' apparent contention that the Presumption Provision is the functional equivalent of a "non-compete clause" is equally flawed. In *Stanford Univ.*, this Court noted that provisions in employment agreements requiring the assignment of inventions to an employer only function as non-compete provisions if they require an employee to assign an invention to a former employer that the employee conceived of after leaving the employer. *Bd. Of Tr. of Leland Stanford Junior Univ.*, 487 F. Supp. 2d at 1116 (N.D. Cal. 2007); *see also Armorlite Lens Co. v. Campbell*, 340 F. Supp. 273, 275 (D.C. Cal. 1972) (noting that even provisions requiring the assignment of ideas and concepts conceived by a former employee within one year of termination

---

[2] *See also AirDefense, Inc. v. AirTight Networks, Inc.*, No. C 05-04615JF, 2006 WL 2092053, at *5 (N.D. Cal. July 26, 2006) (intentional interference claim not preempted where plaintiffs alleged facts *in addition* to those alleged in misappropriation claim) (emphasis added); *PostX Corp. v. Secure Data in Motion, Inc.*, No. C 02-04483 SI, 2004 WL 2663518, at *3 (N.D. Cal. Nov. 20, 2004) (common law unfair competition claim not preempted because not based on precisely the same nucleus of facts as misappropriation claim).

are valid and enforceable so long as those ideas and concepts were based upon secrets or confidential information of the employer). The Presumption Provision in the Applied employment agreements does not function as a non-compete because it does not require an employee to assign an invention to Applied that a former employee conceived of after leaving Applied. To the contrary, the Presumption Provision simply states that an invention described in a patent application or disclosed to third parties within one year after leaving Applied is *presumed* to have been conceived or made *while the employee worked at Applied*, provided it relates to the employee's work with Applied or to the business of Applied. If that presumption is contrary to fact, and the former employee conceived of the invention *after* leaving Applied, then the employee is not required to assign his or her invention to Applied.

Notably, the employment agreements at issue specifically exclude from the Presumption Provision any invention – as codified in Section 2870 of the California Labor Code – for which no equipment, supplies, facility, or trade secret information of Applied was used, which was developed entirely on the employee's own time, and which does not result from any work performed by the employee for the employer or which does not relate to Applied's business or research and development efforts. Because the Presumption Provision incorporates Section 2870, which itself "provides the standard for the public policy of California on issues of invention assignment contracts," it is not a non-compete and does not violate Section 16600 of the California Business and Professions Code. *Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 992 (N.D. Cal. 2006) (upholding as enforceable assignment provision in employment agreement requiring employees to assign and transfer all rights, title and interest in all inventions to company during their employment except to the extent Section 2870 prohibited assignment); *see also Cadence Design Sys., Inc. v. Bhandari*, No. C 07-00823 MHP, 2007 WL 3343085, at *5 (N.D. Cal. Nov. 8, 2007) (enforcing assignment provision in employment agreement because it incorporated by reference Section 2870).

**B.    The Presumption Provision Does Not Violate Section 17200 of the California Business and Professions Code.**

Section 17200 of the California Business and Professions Code prohibits unlawful, unfair

or fraudulent business acts or practices. Defendants do not explain in their counterclaim how the Presumption Provision is unlawful, unfair or fraudulent. Instead, piggybacking on their Section 16600 counterclaim, defendants allege that because the Presumption Provision is unenforceable and void, it is also unlawful and unfair under Section 17200. For the reasons set forth above, however, including the facts that the presumption (1) serves to protect Applied trade secrets and confidential information and (2) incorporates Section 2870 of the California Labor Code, the presumption is enforceable and valid. Indeed, the Presumption Provision, which is designed to protect Applied trade secrets, confidential information, and proprietary information, is consistent with Section 17200, which likewise "protects against unfair competition, including the misuse of trade secrets." *Latona*, 82 F. Supp. 2d at 1096.

   **C. Defendants' Counterclaim Is Improper As It Merely Restates Defendants' Defenses To Applied's Claims.**

  Defendants counterclaim merely restates what is nothing more than a defense to Applied's intentional interference claim. Both the fourteenth affirmative defense and defendants' counterclaim allege that the Presumption Provision violates California Business and Professions Code Section 16600, is unenforceable, and is void as against public policy. AAAC and ACAC at p. 12, ¶¶ 1, 8, 12. Because the issue raised by defendants in their "counterclaim" will be adjudicated in the course of resolving Applied's intentional interference claim, the requests for declaratory judgment and injunctive relief will serve no useful purpose. *See, e.g., Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 649 (3d Cir. 1990) (an action for a declaratory judgment "should not be considered justiciable unless 'the court is convinced that [by its action] a useful purpose will be served'") (citations omitted); *Pratt v. Wilson*, 770 F. Supp. 539, 545 (E.D. Cal. 1991) (the grant of a declaratory judgment is discretionary and should "serve a useful purpose in clarifying the legal relations in issue or terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding") (citations omitted); 10B Charles Alan Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2751 (3d ed. 2004) (declaratory judgment remedy is intended to "provide[] a useful solution").

## CONCLUSION

For all the reasons set forth herein, Applied respectfully moves for an order under Rule 12(b)(6) dismissing defendants' counterclaim for failure to state any claim upon which relief can be granted.

Dated: April 10, 2008

Respectfully submitted,

Applied Materials, Inc.

By its attorneys,

/s/ Thomas F. Fitzpatrick
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.:  617.570.1000
Fax:  617.523.1231