# EXHIBIT 1

EMPLOYMENT AGREEMENT

NAME _GERALD Z. YIN_ DATE _3/18/91_
DEPARTMENT _ACET, Etch Tech. & Eng._

The following agreement between Applied Materials, Inc. ("Company") and _me (Gerald Yin)_ ("Employee") relates to confidential affairs of Company and to inventions conceived or made by Employee and is made in consideration of his employment by Company and the salary to be paid thereunder.

1. CONFIDENTIAL INFORMATION

   Confidential information shall mean all information obtained by or disclosed to Employee by Company which relates to Company's research, development and business activities, including in particular, but not limited to, customer and supplier lists and trade secrets and the results of work by Employee, except such information as is previously known to or is independently developed by Employee or is publicly disclosed either prior or subsequent to Employee's receipt of such information. Except as may be authorized by Company in writing, Employee shall hold all such confidential information in trust and confidence for Company, and agrees not to disclose such information to anyone outside of Company, either during or after employment with



Company. Employee further agrees to deliver promptly to Company on termination of employment with Company, or at any time it may so request, all memoranda, notes, notebooks, records, reports, manuals, drawings, blueprints and any other documents containing confidential information belonging to Company, including all copies of such materials, which Employee may then possess or have under his control. The rights and obligations of this paragraph shall survive according to the terms hereof and continue after any expiration or termination of the Agreement or the employment specified herein so long as the information specified herein shall remain confidential as defined herein.

2. <u>INVENTIONS AND PATENTS</u>

Employee agrees that all inventions (including new contributions, improvements, ideas or discoveries, whether patentable or not) conceived, made or first actually reduced to practice by him solely or jointly with others during the period of his employment by Company, provided such inventions grow out of Employee's work with Company, or are related in any manner to the business of Company or of any of its subsidiaries, shall belong to Company, and Employee agrees that he will:

a. Promptly disclose the inventions to Company;

b. Assign to Company, at its request and without additional compensation, the entire rights to the inventions for the United States and all foreign countries;

c. Sign all papers within the truth necessary to carry out the above;

Revised 4/88

APPLIED MATERIALS CONFIDENTIAL/HR

    d. Give testimony (but without expense to Employee) in support of his inventorship; and Employee agrees to accept the payments provided for his regular employment as his sole compensation for the use by Company of any such information disclosed by him to Company or any such patents obtained by it in said fields or any other fields, unless Company at its option elects to compensate Employee additionally for any such disclosed invention.

In case any invention is described in a patent application or is disclosed to third parties by Employee within one (1) year after leaving the employ of Company, it is to be presumed that the invention was conceived or made during the period of his employment by Company, and the invention will belong to Company, provided it related to Employee's work with Company or to the business of Company or any of its subsidiaries. Employee agrees that Company shall be entitled to shop rights with respect to any invention conceived or made by him which is not within the scope of the above meaning of the terms, but which was conceived or made wholly or in part on Company's time or with the use of Company's facilities or materials. With respect to any inventions or developments which Employee considers to have been made by him prior to his employment by Company so as to be excluded from the terms hereof, Employee has attached hereto as Schedule 1 a list of all such excluded inventions and a brief description of each.

Revised 4/88

APPLIED MATERIALS CONFIDENTIAL/HR

THIS AGREEMENT DOES NOT APPLY TO ANY INVENTION, IMPROVEMENT OR DEVELOPMENT WHICH QUALIFIES FULLY UNDER THE PROVISIONS OF SECTION 2870 OF CHAPTER 2 OF DIVISION 3 OF CALIFORNIA LABOR CODE, A COPY OF WHICH IS REPRINTED ON THE REVERSE OF THIS EMPLOYMENT AGREEMENT.

Employee agrees that all his obligations under this Agreement shall be binding upon his heirs, executors, administrators, legal representatives and assigns.

EMPLOYEE _Gerald Yin_                APPLIED MATERIALS, INC.
HOME ADDRESS _10132 Bilich place_    BY: _[signature]_
_Cupertino, CA 95014_

Revised 4/88

**APPLIED MATERIALS CONFIDENTIAL/HR**

SECTION 2870, CHAPTER 2, DIVISION 3 OF THE CALIFORNIA LABOR CODE reads as follows:

"Any provision in an employment agreement which provides that an employee shall assign or offer to assign any of his or her rights in an invention to his or her employer shall not apply to an invention for which no equipment, supplies, facility, or trade secret information of the employer was used and which was developed entirely on the employee's own time, and (a) which does not relate (1) to the business of the employer or (2) to the employer's actual or demonstrably anticipated research or development, or (b) which does not result from any work performed by the employee for the employer. Any provision which purports to apply to such an invention is to that extent against the public policy of this state and is to that extent void and unenforceable."

APPLIED MATERIALS CONFIDENTIAL/HR