Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., | Case No.  CV 07-05248 JW (PVT) |
| Plaintiff, | |
| v. | **PLAINTIFF'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANTS ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., AND ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA** |
| ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC. | |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

Plaintiff Applied Materials, Inc., ("Applied") answers the Counterclaims of Defendants

Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd. ("AMEC China") and Advanced

Micro-Fabrication Equipment Inc., Asia ("AMEC Asia") (collectively "Defendants"), and in

response to the corresponding numbered paragraphs of Defendants' Counterclaims states as

1

follows (Applied has incorporated the headings as they appear in Defendants' Counterclaims for the convenience of the Court):

### INTRODUCTION

1.  Paragraph 1 of Defendants' Counterclaims sets forth introductory material to which no response is required.  To the extent a response is required, Applied states that certain of its former employees, now employed by defendants, signed employment agreements with Applied.  First Amended Complaint ("FAC") at ¶ 9.  Applied further states that these employment agreements state that all inventions conceived, made or reduced to practice by these employees while employed at Applied would be the exclusive property of Applied.  *Id*.  The agreements also require that any such inventions be promptly disclosed and assigned to Applied.  *Id.* at ¶ 27.  Additionally, the agreements state that any inventions the employees described in a patent application or disclosed to a third party within one year after leaving Applied would be presumed to have been conceived or made during their employment with Applied and would belong to Applied.  *Id.*  Applied denies the remaining averments contained in paragraph 1 of Defendants' Counterclaims.

### PARTIES

2.  Applied admits, on information and belief,  that Counterclaimant AMEC China is a cooperative joint venture between AMEC Asia and Shanghai Ventures Capital Co., Ltd., organized under the laws of the People's Republic of China, having its principal place of business in Shanghai.   Applied admits, on information and belief, that Counterclaimant AMEC Asia is a holding company incorporated in the Cayman Islands, with its principal place of business in Shanghai, China.

3.  Applied admits that it is a Delaware corporation, with its principal place of business in Santa Clara, California.

### JURISDICTION AND VENUE

4.  Applied admits that this Court has subject matter jurisdiction over this action under 28

2

LIBA/1881849.1

U.S.C. § 1332(a)(2).

5. Applied admits that venue is proper in this district under 28 U.S.C. § 1391(a).

## BACKGROUND

6. Applied states that certain of its former employees, now employed by defendants, signed employment agreements with Applied. FAC at ¶ 9. Applied further states that these employment agreements state that all inventions conceived, made or reduced to practice by these employees while employed at Applied would be the exclusive property of Applied. *Id*. The agreements also require that any such inventions be promptly disclosed and assigned to Applied. *Id*. at ¶ 27. Additionally, the agreements state that any inventions the employees described in a patent application or disclosed to a third party within one year after leaving Applied would be presumed to have been conceived or made during their employment with Applied and would belong to Applied. *Id*. Applied denies the remaining averments in paragraph 6 of Defendants' Counterclaims.

7. Applied states that the FAC speaks for itself, and thus no response to the averments in sentences one through four of paragraph 7 is required. Applied denies that it argued in its Opposition to AMEC China and AMEC Asia's Motions to Dismiss that its claims for conversion and intentional interference with contractual relationships do not depend on whether the information at issue is a trade secret, and further states that Applied's Opposition to AMEC China and AMEC Asia's Motions to Dismiss speaks for itself.

8. Applied denies the averments in paragraph 8 of Defendants' Counterclaims.

## COUNT I

### (Declaratory Relief)

9. Applied incorporates its answers to paragraphs 1-8 above as if fully set forth herein.

10. Applied denies the averments in paragraph 10 of Defendants' Counterclaims.

11. Applied denies the averments in paragraph 11 of Defendants' Counterclaims.

12. Applied denies the averments in paragraph 12 of Defendants' Counterclaims.

13. Applied denies the averments in paragraph 13 of Defendants' Counterclaims.

## COUNT II

### (Violation of Cal. Bus. & Prof. Code § 17200 *et. seq.*)

14. Applied incorporates its answers to paragraphs 1-13 above as if fully set forth herein.

15. Applied denies the averments in paragraph 15 of Defendants' Counterclaims.

16. Applied denies the averments in paragraph 16 of Defendants' Counterclaims.

17. Applied denies the averments in paragraph 17 of Defendants' Counterclaims.

## PRAYER FOR RELIEF

Applied denies that Defendants are entitled to any of the relief requested in their prayers for relief.

## SECOND DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Counterclaims are barred in whole or in part by the applicable statutes of limitations.

## FOURTH DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

The Counterclaims are barred in whole or in part by the doctrines of waiver, estoppel, consent, and ratification.

## SIXTH DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH DEFENSE

Defendants are not entitled to injunctive relief because they have an adequate remedy at law.

PLAINTIFF'S ANSWER TO COUNTERCLAIMS; CASE NO. CV 07-05248 JW (PVT)
LIBA/1881849.1

1

## EIGHTH DEFENSE

2

This Court lacks subject matter jurisdiction over the Counterclaims because there is no

3

case or controversy.

4

## NINTH DEFENSE

5

6

The Defendants lack standing to pursue their Counterclaims.

7

## TENTH DEFENSE

8

The Counterclaims are not ripe for adjudication.

9

## ELEVENTH DEFENSE

10

The Counterclaims are improper because they serve no useful purpose.

11

12

## TWELFTH DEFENSE

13

Defendants' own acts or omissions caused or contributed to Defendants' alleged injury.

14

Dated: April 10, 2008                          Respectfully submitted,

15

Applied Materials, Inc.

16

By its attorneys,

17

18

/s/ Thomas F. Fitzpatrick
Thomas F. Fitzpatrick

19

tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP

20

135 Commonwealth Drive
Menlo Park, CA 94025

21

Tel.:  650-752-3144
Fax:  650-853-1038

22

John C. Englander

23

James C. Rehnquist
Michael G. Strapp

24

GOODWIN PROCTER LLP
53 State Street

25

Boston, Massachusetts  02109
Tel.:  617.570.1000

26

Fax:  617.523.1231
jenglander@goodwinprocter.com

27

ddoskocil@goodwinprocter.com
mstrapp@goodwinprocter.com

28

PLAINTIFF'S ANSWER TO COUNTERCLAIMS; CASE NO. CV 07-05248 JW (PVT)