THOMAS HR DENVER (56872)
Mediation Masters
96 North Third Street
Suite 300
San Jose, CA 95112

Telephone:  (408) 280-7883
Facsimile:   (408) 292-7868

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., | No. C 07-05248 JW |
| Plaintiff, | |
| vs. | **DISCOVERY ORDER NO. 3** |
| ADVANCED MICRO-FABRICATION EQUIPMENT, INC., et al., | |
| Defendants. | |

Briefing having been reviewed and oral argument heard on April 18, 2008, regarding defendants' desire to use Alex Glew as an expert witness and plaintiff's objection thereto,

IT IS ORDERED as follows:

Defendants may use Alex Glew as an expert witness.

<u>REASONS FOR DECISION</u>

As the objecting party, plaintiff had the burden of proving that disqualification is justified and must point to "specific and unambiguous disclosures that, if revealed, would prejudice [Applied]." *Hewlett-Packard Company v. EMC Corp.* 330 F. Supp. 2nd 1087, 1094 (N.D. Cal. 2004). Plaintiff bases its objection to Dr. Glew on the basis that he was an Applied employee from approximately 1987 through 1997 and that he was an expert

witness on behalf of plaintiff in three earlier matters, the most recent of which concluded approximately six years ago.

Dr. Glew's association with Applied is remote in time and was in connection with rapidly changing technology. In its opposing papers and the declarations attached thereto, plaintiff has not identified any information disclosed to Dr. Glew that "the opposing party would be unable to obtain through discovery." *Twin Cities Fire Ins. Company, Inc. v. Mitsubishi Motors Credit of America, Inc.* NO.SACV 04-0043 CAS 2006 U.S. DIST. LEXIS 97164 *9-10) C.D.Cal. NOV.6, 2006. Neither has plaintiff demonstrated that any technical or legal information provided to Dr. Glew would be significant in the present litigation. While it is clear that Dr. Glew was in a confidential relationship with plaintiff, plaintiff has not established that it disclosed confidential information to him which would be relevant in the current litigation. Hewlett Packard Supra, at 1092-93. Given the age of the technology to which Dr. Glew was privy, it does not appear that information would be of "particular significance" in this litigation. Neither has plaintiff demonstrated that any information to which Dr. Glew was privy was within the scope of the attorney client privilege. Hewlett Packard, Supra, at 1094.

The Special Master notes that the parties, in their own negotiated protective order have provided that in identifying proposed experts, parties need to only identify the experts' activities for the proceeding five years – all of Dr. Glew's involvement with plaintiff occurred more than five years ago.

The parties have ten days from the date of this order to file any objection.

Dated: April 18, 2008.        ____/s/ Thomas HR Denver_____
                                              THOMAS HR DENVER