THOMAS HR DENVER (56872)
Mediation Masters
96 North Third Street
Suite 300
San Jose, CA 95112

Telephone: (408) 280-7883
Facsimile:  (408) 292-7868

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., | No. C 07-05248 JW |
| Plaintiff, | |
| vs. | **DISCOVERY ORDER NO. 4** |
| ADVANCED MICRO-FABRICATION EQUIPMENT, INC., et al., | |
| Defendants. | |

Defendants' Renewed Motion for Protective Order and to Compel a More Particular Trade Secret Disclosure came on for hearing on May 6, 2008. Briefing having been reviewed the oral argument heard,

IT IS ORDERED as follows:

Defendants' motion is DENIED; the existing identification of trade secrets is sufficient.

**BASIS FOR DECISION**

Plaintiff's existing "supplemental identification of trade secrets," dated April 14, 2008, complies with Discovery Order No. 1, so long as the source code referred to in that

-1-
DISCOVERY ORDER NO. 4

identification is lodged with the Special Master at or before the time this order becomes final.

The existing specification is sufficient to "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or special knowledge to those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." <u>White vs. Schlage Lock Co.</u>, 101 CalApp4th 1443, 1453 (2002).

The existing identification:

> "Include[s] only items that plaintiff considers are its actual trade secrets, and only those trade secrets that plaintiff has reasonable grounds to allege were misappropriated by defendant. This standard does not require that plaintiff have conclusive proof of misappropriation at this stage of the litigation. It requires only that, to the best of plaintiff's knowledge, information and belief formed after an inquiry reasonable under circumstances, each assertion of misappropriation of a trade secret either has evidentiary support or is 'likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'" <u>Myrio Corp. vs. Minerva Network, Inc.</u>, Case No. C-00-20996 RMW (PVT), 2001 U.S. Dist. LEXIS 10461 (N.D.Cal. April 4, 2001).

The existing identification is in conformity with Federal Rule of Civil Procedure 11(b)(3).

The existing identification is sufficient to allow for reasonable discovery to proceed, with the standard for that discovery being that set forth in Federal Rule of Civil Procedure 26. To the extent that defendants feel discovery is overly broad, oppressive, or constitutes a "fishing expedition," defendants may resort to the Special Master for protective orders or limiting orders.

Under all of the facts and circumstances of this case, including plaintiffs inability to conduct discovery to this point and the fact that defendants have not yet brought a product to market which can be analyzed by plaintiff to ascertain which, if any of its trade secrets are involved, the existing identification is sufficient.

1    Discovery in this matter may go forward once this order has become final. Counsel
2 are directed to meet and confer regarding due dates for any presently pending discovery
3 which has not been responded to during the challenges to the sufficiency of the trade
4 secret identification. If counsel cannot agree to that timing, they are to contact the Special
5 Master to work out that timing.
6    Defendants have already filed a challenge to Discovery Order No. 1 and it is
7 contemplated that they will challenge the present order. Those challenges will be filed with
8 Judge Ware. It is the Special Master's recommendation that both challenges be taken up
9 simultaneously, for the convenience of the court and of the parties.
10    The parties have ten days from the date of this order to file any objection.

12 Dated: May 6, 2008.          ____/s/ Thomas HR Denver_____
                                      THOMAS HR DENVER