IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
| Plaintiff, | **ORDER OVERRULING DEFENDANTS' OBJECTION TO RDO1** |
| v. | |
| Advanced Micro-Fabrication Equipment, Inc., China, et al., | |
| Defendants. | |

Applied Materials, Inc. ("Applied" or "Plaintiff") brings this diversity action against Advanced Mircro-Fabrication Equipment, Inc., ("AMEC Inc.") and its China and Asia subsidiaries (collectively, "Defendants"), alleging, *inter alia*, that Defendants misappropriated its trade secrets and engaged in unfair business practices in violation of California law.

Presently before the Court is Defendants' objection to the Special Master's Recommended Discovery Order 1 ("RDO1"). (hereafter, "Objection," Docket Item No. 141.) In the Court's Order of Appointment, it notified the parties that reports or recommendations pertaining to non-dispositive motions or pretrial discovery matters shall be reconsidered only where the Special Master's report or recommendation is clearly erroneous or contrary to law.[1]

---

[1] (See Order of Appointment, Docket Item No. 119.) While a special master's findings of fact and conclusions of law are subject to *de novo* review under Federal Rule of Civil Procedure 53(f), the standard for review of procedural matters, such as discovery, may be set in the appointing order. Fed. R. Civ. P. 53(f)(5). In the absence of an order establishing a different standard of review, a court may set aside the master's ruling on a procedural matter only for an abuse of discretion. Id.

In RDO1, the Special Master made a preliminary determination as to whether Plaintiffs' had provided a sufficient initial disclosure under California Code of Civil Procedure § 2019.210 of the trade secrets that they allege are infringed by Defendants. (RDO1, Docket Item No. 132.) The Special Master found that of the eight trade secrets designated, only two were described with sufficient particularity to allow Plaintiffs to proceed, while the descriptions of the other six needed to be revised. (Id.) Defendants contend that the Special Master was not strict enough in requiring more specific disclosures on the part of Plaintiffs. (Motion at 13.)

Section 2019.210 provides in pertinent part that "the party alleging the misappropriation shall identify the trade secret with reasonable particularity." The designation of the trade secrets at issue in a case serves to limit the permissible scope of discovery by distinguishing the trade secrets "from matters of general knowledge in the trade or of special knowledge of those persons ... skilled in the trade." IMAX Corp. v. Cinema Technologies, Inc., 152 F.3d 1161, 1165-66 (9th Cir. 1998).

> "Reasonable particularity" mandated by section 2019.210 does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation. Nor does it require a discovery referee or trial court to conduct a miniature trial on the merits of a misappropriation claim before discovery may commence. Rather, it means that the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational . . . under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits.

Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 835-36 (2005).

RDO1 was not contrary to the applicable law, nor was it clearly erroneous. Rather, the Special Master's recommended order followed the spirit as well as the letter of § 2019.210 by requiring Plaintiffs to designate their alleged trade secrets with a higher level of particularity, but not a level of particularity that would be unreasonable given the circumstances.

Accordingly, the Court OVERRULES Defendants' objection to RDO1.

Dated: May 14, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Harold J. McElhinny HMcElhinny@mofo.com
Kenneth Alexander Kuwayti KKuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated: May 14, 2008**                     **Richard W. Wieking, Clerk**

                                            **By:  /s/ JW Chambers**
                                                **Elizabeth Garcia**
                                                **Courtroom Deputy**