Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts  02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. <br><br> Defendants. | Case No.  C07 05248 JW (PVT) <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTION TO DISCOVERY ORDER NO. 4 RE TRADE SECRET LIST** |

## I. INTRODUCTION

Defendants have objected to the Special Master's ruling in Discovery Order No. 4 that Applied's Supplemental Trade Secret List – supplemented in response to a previous order of the Special Master – is adequate. After multiple rounds of briefing and hearings on the adequacy of Applied's initial and supplemental trade secret lists, the Special Master found the supplemental list to be "sufficient to 'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or special knowledge to those persons who are skilled in the trade, and to permit the defendant to ascertan at least the boundaries within which the secret lies.'" May 6, 2008 Discovery Order No. 4 at 2 (D.I. 150) (quoting *White v. Schlage Lock Co.*, 101 Cal.App.4th 1443, 1453 (App. Ct. 2002)). As explained below, that decision is correct.

Defendants' objection fails, among other reasons, because they cannot show, as they must, that Order No. 4 is "clearly erroneous or contrary to law." *See* Scheduling Order; Notice of Intent to Appoint a Special Master at 3 (March 4, 2008) (D.I. 119) (rulings on "pretrial discovery matters shall be reconsidered . . . [only if it is] clearly erroneous or contrary to law"). Defendants fail to acknowledge the appropriate standard of review, even though it was recently repeated by this Court in its overruling of defendants' objection to the Special Master's ruling on the adequacy of Applied's initial trade secret list. *See* May 14, 2008 Order Overruling Defendants' Objection to RDO1 at 1 (D.I. 151). The parties agreed to the appointment of a Special Master; the Special Master worked diligently with the parties to resolve defendants' challenges to Applied's trade secret list; and the Special Master's decision is entitled to the deference agreed upon by the parties.

Defendants' disregard of the standard of review is not their only misconception of the current procedural posture of their objection. Remarkably, defendants include as a centerpiece of their objection a new expert affidavit that was never presented to the Special Master. Such new material is inappropriate. This Court's function in reviewing the Special Master's non-dispositive ruling "is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence." *Paramount Pictures Corp. v.*

OPPOSITION TO DEFENDANTS' OBJECTION TO DISCOVERY ORDER NO. 4 REGARDING
APPLIED'S SUPPLEMENTAL TRADE SECRET LIST -- CASE NO. C07-05248 JW

1

LIBA/1893914.4

*Replay TV*, No. CV 01-9358 FMC (Ex), 2002 WL 32151632, at *1 (C.D. Cal. May 30, 2002). Rather, it is to decide whether the Special Master, "based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law." *Id.*

## II.  BACKGROUND

On November 19, 2007, Magistrate Judge Trumbull ordered Applied to disclose to defendants the trade secrets it alleges defendants have misappropriated. Order Denying Motion for Expedited Discovery at 2 (D.I. 51). Magistrate Trumbull later explained that she had imposed the trade secret list requirement "solely as a matter of case management" and that "[t]he Court takes no position on whether CCP § 2019.210 applies in federal court." January 18, 2008 Order Granting Motion for Entry of Confidentiality Order at 1, n.2 (D.I. 91). Pursuant to Magistrate Trumbull's directive, Applied provided defendants with its trade secret list on December 18, 2007. Applied also served discovery on defendants that same day concerning, among other things, its claims for misappropriation of the trade secrets disclosed in Applied's list. Defendants have refused to respond to these discovery requests.

Applied and defendants ultimately agreed to brief the adequacy of Applied's trade secret list before the Special Master, whose appointment by the Court became effective on March 10, 2008. March 4, 2008 Notice of Intent to Appoint a Special Master at 4 (D.I. 119). After briefing and a hearing, the Special Master issued Discovery Order No. 1 on April 2, 2008, finding that of the eight trade secrets on Applied's list, two were described with sufficient particularity, while the descriptions of the other six needed to be revised. Discovery Order No. 1 at 1-3 (D.I. 132). Defendants objected to Order No. 1, alleging that the Special Master was not strict enough in requiring more specific disclosures from Applied. April 14, 2008 Defendants' Objection to Discovery Order No. 1 (D.I. 141). On May 14, 2008, the Court overruled defendants' objection:

> "[Discovery Order No. 1] was not contrary to the applicable law, nor was it clearly erroneous. Rather, ***the Special Master's recommended order followed the spirit as well as the letter of § 2019.210 by requiring Plaintiffs to designate their alleged trade secrets with a higher level of particularity, but not a level of particularity that would be unreasonable given the circumstances***."

Order Overruling Objection at 2 (D.I. 151) (emphasis added).

Pursuant to Discovery Order No. 1, Applied provided defendants with a supplemental trade secret list on April 14, 2008 that included revised descriptions of six of the eight secrets on Applied's initial list.[1] After an additional round of briefing and another hearing before the Special Master on the adequacy of Applied's supplemental list, the Special Master issued Discovery Order No. 4 on May 6, 2008 (D.I. 150). In Order No. 4, the Special Master concluded that Applied's list was fully in compliance with the directives he had set forth in Order No. 1. The Special Master also decided that Applied's supplemental list is sufficient to: (1) describe the subject matter of the secrets with sufficient particularity to separate them from matters of general knowledge; (2) permit defendants to ascertain the boundaries of the secrets; and (3) allow for reasonable discovery to proceed. Discovery Order No. 4 at 2. Further, the Special Master noted that the supplemental list "is in conformity with Federal Rule of Civil Procedure 11(b)(3)." *Id.*

### III. ARGUMENT

#### A. Standard Of Review

In the Court's March 4, 2008 Order Appointing a Special Master and May 14, 2008 Order Overruling Defendants' Objection to Order No. 1, the Court "notified the parties that reports or recommendations pertaining to non-dispositive motions or pretrial discovery matters shall be reconsidered only where the Special Master's report or recommendation is clearly erroneous or contrary to law." May 14, 2008 Order at 1 (D.I. 151); March 4, 2008 Order at 3 (D.I. 119).[2] The

---

[1] While Applied has provided defendants with initial and supplemental trade secret lists in accordance with the Magistrate Judge and Special Master's Orders, Applied has consistently preserved, and wishes to continue to preserve for the record its argument that its discovery rights cannot be compromised by Section 2019.210. Indeed, even federal courts that have found Section 2019.210 applicable have not applied it in a manner that conflicts with Rule 26. In *Advante International Corp. v. Mintel Learning Technology*, for example, Magistrate Judge Seeborg recently noted that, notwithstanding Section 2019.210, the scope of permissible discovery is governed by the Federal Rules. No. C 05-01022 JW (RS), 2006 WL 3371576, at *3 (N.D. Cal. Nov. 21, 2006); s*ee also Proven Methods Seminars, LLC v. Am. Grants & Affordable Housing Inst.*, No. CIV S-07-1588 WBS EFB, 2008 WL 282374, at *2 (E.D. Cal. Jan. 31, 2008) (Section 2019.210 "is inapplicable in federal court"); *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, No. CIV S-06-0533 GEB GGH, 2007 WL 273949, at *2 (E.D. Cal. Jan. 29, 2007) (same).

[2] *See also Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., Inc.*, No. C 01-20418 JW, 2005 WL 1459555, at *2 (N.D. Cal. June 21, 2005) (Ware, J.) (standard of review in addressing special master's discovery order is "clearly erroneous or contrary to law"); *Home Diagnostics, Inc. v. Lifescan, Inc.*, No. C 01-20725 JW, 2002 WL 32716084, at *1 (N.D. Cal. March 27, 2002) (Ware, J.) (overruling objections to Magistrate Judge's order and noting that

OPPOSITION TO DEFENDANTS' OBJECTION TO DISCOVERY ORDER NO. 4 REGARDING
APPLIED'S SUPPLEMENTAL TRADE SECRET LIST -- CASE NO. C07-05248 JW

3

LIBA/1893914.4

standard of review applicable here must be especially deferential for two additional reasons. First, defendants are objecting to the Special Master's interpretation of Order No. 1 – *his own order*. *See Static Control Components, Inc. v. Lexmark Int'l, Inc.*, Nos. 02-571, 04-84, 2007 WL 102088, at *4 (E.D. Ky. Jan. 10, 2007) (overruling objection to magistrate judge's report when report was based on interpretation of earlier discovery order entered by magistrate judge because "the Magistrate Judge is in a better position to interpret that order than is this Court"). Second, this Court has already overruled defendants' objections to Order No. 1, the very order upon which Order No. 4 is predicated, deciding that it "was not contrary to the applicable law, nor was it clearly erroneous." Order Overruling Objection at 2 (D.I. 151).

**B.     Trade Secrets 4, 6, 7 And 8 Are Sufficient And Comply With Order No. 1**

Applied has revised each of the challenged trade secrets on its supplemental list in accordance with Discovery Order No. 1 and each secret is sufficient under the terms of that order and the applicable law.

**1.     Trade Secret 4 is Sufficient.**

Order No. 1 required Applied to indicate in trade secret 4, "to the fullest extent presently possible, the actual 'composition,' 'specifications' and 'tolerances' referred to." Discovery Order No. 1 at 2 (D.I. 132). The Special Master acknowledged, however, that "[s]uch specificity may not be available for all 'material components' given the present state of discovery and the fact that defendants have not yet brought a product to market." *Id.* Pursuant to Order No. 1, Applied supplemented trade secret 4 to include specific, particularized categories of compositions, specifications and tolerances of material components of its CVD and Etch tools. The level of detail in supplemental trade secret 4 goes far beyond what is required by courts interpreting Section 2019.210. *See, e.g., Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443, 1453 (App. Ct. 2002) (broad categories of business and technology information were "drafted with sufficient

---

"non-dispositive order entered by a Magistrate Judge may be set aside if it is 'clearly erroneous or contrary to law'"); *In re Verisign, Inc. Sec. Litig.*, No. C 02-02270 JW, 2004 WL 2445243, at *3 (N.D. Cal. March 10, 2004) (Ware, J.) (denying objections to Magistrate Judge's discovery order because "the Court is not left with the definite and firm conviction that a mistake has been made").

detail to permit [former employee] to identify and understand the protected information."). Trade secret 4 complies with both Order No. 1 and the relevant case law.

### 2. Trade Secrets 6 and 7 are Sufficient.

Order No. 1 required Applied to identify the particular software at issue in trade secrets 6 and 7 "with as much specificity as is presently possible." Discovery Order No. 1 at 2 (D.I. 132). Applied has supplemented trade secrets 6 and 7 in compliance with the Discovery Order. Trade secret 6 now specifically defines what is meant by "software" and then proceeds to list narrow and particular categories of software (*e.g.*, ozonator control, metrology monitoring and fan filter control software) that Applied believes discovery will likely show defendants have misappropriated. *See Myrio Corp. v. Minerva Network Inc.*, Case No. C-00-20996 RMW (PVT), 2001 U.S. Dist. LEXIS 10461, at *2 (N.D. Cal. April 4, 2001) (plaintiff may include on trade secret list those secrets for which it will likely "has evidentiary support . . . after a reasonable opportunity for further investigation or discovery") (quoting FED. R. CIV. P. 11(b)(3)). Similarly, trade secret 7 includes only narrowly defined, limited categories of software that are used to design and manufacture CVD and Etch tools (*e.g.*, AMIO process control modules for rapid prototype development). As ordered by the Special Master, Applied has also lodged the particular sections of source code concerning these software trade secrets that discovery will likely show defendants have misappropriated with the Special Master.

Applied's software trade secrets 6 and 7 not only comply with Order No. 1, they also exceed the requirements of Section 2019.210 and the case law interpreting that Section. For example, in *Advante*, a case defendants ignore, plaintiff identified a trade secret consisting of "the entire source code and all algorithms of [defendant's] [p]roduct." 2006 WL 3371576, at *2. Not only did the court find the identification adequately specific under 2019.210, it held that the trade secret disclosed would entitle plaintiff to discovery regarding other elements of the software at issue, such as sound files and databases even though those items were not technically "source code." *Id*. at *3-4. Of course, Applied's description of secrets 6 and 7 is much more particular than the software trade secret in *Advante*. Especially in light of the fact "that defendants have not yet come to market with any device and that discovery has only just begun," trade secrets 6 and 7

are adequate, conform with applicable law, and comply with Order No. 1. Discovery Order No. 1 at 2 (D.I. 132).

### 3. Trade Secret 8 is Sufficient.

The Special Master ordered Applied to identify "with as much particularity as possible," the "proprietary documents and/or the information therein involved" in trade secret 8. Applied has done exactly that. Whereas original trade secret 8 included categories of Applied documents such as test procedure documents that reflect materials and components in Applied's Etch and CVD tools, supplemental trade secret 8 now also lists specific commodity code documents, drawings, Engineering and Technology Conference papers, internal presentations, invention alerts, and provisional patent applications. Supplemental trade secret 8 complies with Order No. 1 by identifying, "with as much specificity as is presently possible," the documents and information that contain trade secrets that are at issue in this case. Discovery Order No. 1 at 2.

### C. Defendants Misconceive The Practical Effect Of Discovery Order No. 4.

Defendants' objection to Order No. 4 is premised in part on dire predictions that because of the Order their document production costs "will exceed $2 million" and "the shape of this case on summary judgment and at trial" will be unduly broad. May 19, 2008 Defendants' Objection to Discovery Order No. 4 at 2 (D.I. 152). In the first instance, even if defendants' arguments were true, they do not prove that Order No. 4 is either clearly erroneous or contrary to law. Rather, they simply underscore the fact that defendants have an obligation, as set forth in the Federal Rules, to provide Applied with discovery pursuant to Rule 26.

Additionally, defendants' concerns about the breadth of the issues "on summary judgment and at trial" are wholly misplaced. Discovery has only just begun, and the issues for summary judgment and trial will necessarily be sharpened and focused through the course of fact and expert discovery. Evidence of defendants' misplaced concerns is found in their reliance on inapposite summary judgment caselaw for the proposition that Applied's supplemental trade secret list must be more specific, none of which supports defendants' position. *See, e.g., Id*. at 8, citing *Imax Corp. v. Cinema Tech., Inc*., 152 F.3d 1161, 1166-67 (9th Cir. 1998) (affirming summary judgment ruling concerning adequacy of trade secret disclosure); *Id*. at 11, citing *Xerox Corp. v.*

OPPOSITION TO DEFENDANTS' OBJECTION TO DISCOVERY ORDER NO. 4 REGARDING
APPLIED'S SUPPLEMENTAL TRADE SECRET LIST -- CASE NO. C07-05248 JW

6

LIBA/1893914.4

*Int'l Business Machines Corp.*, 64 F.R.D. 367, 371 (S.D.N.Y. 1974) (finding that plaintiff's description of trade secrets was insufficiently specific "after nearly a year of pre-trial discovery"). Defendants' request for additional specificity now, at this embryonic stage of litigation, is ironic given that the present state of discovery – Applied has not received any – is a problem defendants have themselves created.

### D.  Defendants' Attempt To Introduce New Evidence Is Improper.

The 13-page expert affidavit of Dr. Alexander Glew submitted with defendants' Objection to Order No. 4 is replete with baseless, hyperbolic claims about the breadth and merits of the secrets on Applied's supplemental trade secret list. Even worse, defendants never submitted this affidavit to the Special Master during the extensive proceedings concerning the sufficiency of Applied's initial and supplemental trade secrets lists.

First, Glew's affidavit contains sweeping, unsupported assertions regarding the purported breadth of secrets 4, 6, 7 and 8. For example, Glew claims that these trade secrets will require defendants to produce "almost every technical document within the company" and "virtually every line of software utilized in Defendants' tools." Declaration of Dr. Alexander Glew in Support of Defendants' Objection to Order No. 4 (D. I. 154) ("Glew Decl.") at ¶ 8. But Glew never actually analyzes the technical documents or lines of software that are in defendants' possessions to determine whether the documents and software fall within the ambit of Applied's discovery requests. *Cf. Telemac Cellular Corp. v. Topp Telecom Inc.*, No. 98-CV-22, 1999 WL 33471891, at *11 (N.D. Cal. July 1, 1999) ("conclusory statements by a party's expert are insufficient to create a dispute of material fact") (citing *Union Carbide Corp v. American Can Co.*, 724 F.2d 1567, 1572 (Fed. Cir. 1984) (expert's "affidavit expressed no more than an unsupported conclusory opinion which ignored, rather than conflicted with, the evidence of record")).

Second, because Order No. 4 is a recommendation concerning a non-dispositive discovery motion, Glew's affidavit may not be presented by defendants for the first time to this Court in support of their objection. Analogous caselaw in the context of a district court's review of non-dispositive rulings by a magistrate judge makes this clear. *See United States v. Bennett*, No. 06-00068 SOM-LEK, 2006 WL 2793170, at *2 (D. Haw. Sept. 27, 2006) (because motion to

OPPOSITION TO DEFENDANTS' OBJECTION TO DISCOVERY ORDER NO. 4 REGARDING
APPLIED'S SUPPLEMENTAL TRADE SECRET LIST -- CASE NO. C07-05248 JW

7

LIBA/1893914.4

disqualify counsel is not a dispositive motion, court was not permitted to receive further evidence when reviewing Magistrate Judge's recommendation concerning motion); *see also Haines v. Ligget Group Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) ("Accordingly, because in fulfilling the statutory 'clearly erroneous' review function in reviewing the facts found by the magistrate judge, the district court here considered portions of the record . . . that were not in the record before the magistrate judge, its determination that the magistrate judge's findings of fact were clearly erroneous cannot stand."). In reviewing the Special Master's Discovery Order No. 4, this Court is limited to the record that the Special Master had before him in the proceedings below. *See Gonzales v. Hickman*, No. ED CV 05-660 MMM (RCx), 2007 WL 3231956, at *2 (C.D. Cal. Apr. 18, 2007) ("district court is limited to the record that the magistrate judge had before her in the proceeding below"). As one court in the Ninth Circuit explained:

> The Court has not considered the declaration of Craig O. Thomas in opposition to defendants' motion, because that declaration was not considered by, nor even presented to, the Magistrate Judge. This Court's function, on a motion for review of a magistrate judge's discovery orders, is not to decide what decision this Court would have reached on its own, nor to determine what is the best possible result considering all available evidence. It is to decide whether the Magistrate Judge, based on the evidence and information before him, rendered a decision that was clearly erroneous or contrary to law. Therefore, ***parties objecting to a magistrate judge's order may not present affidavits containing evidence not presented below***.

*Paramount Pictures*, 2002 WL 32151632, at *1 (emphasis added) (internal citation omitted).

## IV. CONCLUSION

Applied has adequately described each trade secret on its supplemental trade secret list under the circumstances. Discovery Order No. 4 upholding the sufficiency of Applied's supplemental list is neither clearly erroneous nor contrary to law. Accordingly, this Court should overrule defendants' objection to Discovery Order No. 4.

Dated: June 2, 2008

Respectfully submitted,

Applied Materials, Inc.

By its attorneys,

/s/ Thomas F. Fitzpatrick
Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

OPPOSITION TO DEFENDANTS' OBJECTION TO DISCOVERY ORDER NO. 4 REGARDING
APPLIED'S SUPPLEMENTAL TRADE SECRET LIST -- CASE NO. C07-05248 JW

9

LIBA/1893914.4