United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
| Plaintiff, | **ORDER OVERRULING DEFENDANTS' OBJECTION TO RDO4; MODIFYING PLAINTIFF'S SUPPLEMENTAL IDENTIFICATION OF TRADE SECRETS** |
| v. | |
| Advanced Micro-Fabrication Equipment, Inc., China, et al., | |
| Defendants. | |

Applied Materials, Inc. ("Applied" or "Plaintiff") brings this diversity action against Advanced Mircro-Fabrication Equipment, Inc., ("AMEC Inc.") and its China and Asia subsidiaries (collectively, "Defendants"), alleging, *inter alia*, that Defendants misappropriated its trade secrets and engaged in unfair business practices in violation of California law.

Presently before the Court is Defendants' objection to the Special Master's Recommended Discovery Order 4 ("RDO4").[1] The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law. (See Order of Appointment, Docket Item No. 119.)

In RDO1, the Special Master made a preliminary determination as to whether Plaintiff had provided a sufficient initial disclosure under California Code of Civil Procedure § 2019.210 of the

---

[1] (hereafter, "Objection," Docket Item No. 152.) With respect to certain exhibits associated with this Objection, the Court GRANTS Defendants' Motion to Seal. (Docket Item No. 155.)

1  trade secrets that they allege are infringed by Defendants. (RDO1, Docket Item No. 132.) The
2  Special Master found that of the eight trade secrets designated, only two were described with
3  sufficient particularity to allow Plaintiffs to proceed, while the descriptions of the other six needed
4  to be revised. (Id.) In RDO1, the Special Master also admonished Plaintiff not to use words like
5  "including" or "e.g." in its designations. (Id.) In its Order overruling Defendants' objection to
6  RDO1, the Court found that the Special Master's requirement of a higher level of particularity for
7  certain of Plaintiff's trade secret designations was sufficient to allay Defendants' concern over the
8  scope of the designation. (See Docket Item No. 151.)

9  In their objection to RDO4, Defendants contend that Plaintiff's supplement to its prior
10 designations remains inadequate. (Objection at 1.) Plaintiff contends that Special Master's
11 determination that the supplemental list is sufficiently particular is not clearly erroneous or contrary
12 to law. (Plaintiff's Response to Defendants' Objection to RDO4 at 1, Docket Item No. 157.)

13 As stated in the Court's Order regarding RDO1, § 2019.210 provides that "the party alleging
14 the misappropriation shall identify the trade secret with reasonable particularity." However, this
15 does not require the party to "define every minute detail of its claimed trade secret at the outset of
16 the litigation." Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 835-36
17 (2005). Rather, the designation of trade secrets serves to limit the permissible scope of discovery by
18 distinguishing trade secrets "from matters of general knowledge in the trade or of special knowledge
19 of those persons ... skilled in the trade." IMAX Corp. v. Cinema Technologies, Inc., 152 F.3d 1161,
20 1165-66 (9th Cir. 1998).

21 In RDO4, the Special Master found that Plaintiff had adequately designated its trade secrets
22 in its Supplemental Identification of Trade Secrets. (RDO4 at 2.) The Special Master also noted
23 that RDO4 only becomes final when the source code referred to in designations #6 and #7 is lodged
24 with the Special Master. (Id. at 1-2.) The Court finds that the source code will provide sufficient
25 particularity to identify the trade secrets in designations #6 and #7 to proceed with discovery. See,
26 e.g., Advante Intern. Corp. v. Mintel Learning Technology, 2006 WL 3371576, at *2 (2006).

27
28                                                           2

Under designations #4 and #8, Plaintiff supplemented their disclosure to provide specific categories proprietary information. The Court finds that these categories of proprietary information are stated with sufficient particularity to proceed with discovery. However, consistent with the Special Master's comments in RDO1, the Court modifies Plaintiff's designations #4 and #8 to exclude the language "For example" and "Specific examples . . . include" as follows:[2]

The Court replaces "For example:"[3] with "Designation #4 is limited to the following:"

The Court replaces "Specific examples of the documents above include the following:"[4] with "Designation #8 is limited to the following:"

With these modifications, the Court finds that RDO4 is not contrary to the applicable law, nor is it clearly erroneous. Either party may seek amendment to Plaintiff's designation of trade secrets for good cause by appropriate motion before the Special Master.[5] Discovery shall proceed as ordered by the Special Master under the designations as modified by the Court.

Accordingly, the Court OVERRULES Defendants' objection to RDO4.

Dated: June 6, 2008

JAMES WARE
United States District Judge

---

[2] (See Declaration of Kenneth A. Kuwayti in Support of Defendants' Objection, hereafter, "Kuwayti Decl.," Ex. A at 3:10, 5:23-24.)

[3] (Kuwayti Decl., Ex. A at 3:10.)

[4] (Kuwayti Decl., Ex. A at 5:23-24.)

[5] The Special Master has provided that "[t]o the extent that defendants feel discovery is overly broad, oppressive, or constitutes a 'fishing expedition,' defendants may resort to the Special Master for protective orders or limiting orders." (RDO4 at 2.)

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Harold J. McElhinny HMcElhinny@mofo.com
Kenneth Alexander Kuwayti KKuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated:  June 6, 2008**                                          **Richard W. Wieking, Clerk**

                                                                  **By:   /s/ JW Chambers**
                                                                         **Elizabeth Garcia**
                                                                         **Courtroom Deputy**