Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC. <br><br> Defendants. | Case No. C07 05248 JW (PVT) <br><br> **REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO DISMISS THEIR COUNTERCLAIMS** <br><br> Date: June 23, 2008 <br> Time: 9:00 a.m. <br> Courtroom 8, 4th Floor |

Defendants' opposition rests on a gross mischaracterization of the language in Applied's employment agreements. According to defendants, the Presumption Provision in those agreements "requires a former employee who now works for a competitor of Applied to assign every invention he makes to Applied, not to his new employer, for a period of one year, even if the invention was the result of the independent research, development, and investment of the new employer." Opp. at 4. Defendants concoct this interpretation out of thin air. The Presumption Provision, under any reasonable reading, merely establishes a presumption that inventions disclosed by an employee within a year of his departure belong to Applied, provided that the invention relates to the employee's work at Applied. Such a provision is a legitimate attempt by Applied to protect its trade secrets, and defendants cite no legal authority to the contrary. *See Latona v. Aetna U.S. Healthcare Inc.*, 82 F. Supp. 2d 1089, 1096 (C.D. Cal. 1999) ("[e]mployment restrictions that serve to protect a former employer's trade secrets, proprietary information, and confidential information are valid in California"). Because defendants' argument — and thus their counterclaim itself — founders under the plain meaning of unambiguous language in the employment agreements, the counterclaim can be, and should be, dismissed as a matter of law. *See Int'l Ins. Co. v. Red & White Co.*, No. C-93-0659 MHP, 1994 WL 706361, at *13 (N.D. Cal. Dec. 14, 1994) (dismissing counterclaim for breach of contract where contract was unambiguous under California law).

### 1.  Defendants Mischaracterize the Presumption Provision

Applied's employment agreements are unremarkable.[1] Under them, the employee agrees "that all inventions . . . conceived, made or first actually reduced to practice by him solely or jointly with others during the period of his employment by [Applied] . . . shall belong to [Applied]." Yin Agreement ¶ 2. The language applies only to inventions that "grow out of Employee's work with [Applied], or are related in any manner to the business of [Applied]." *Id.* Another sentence at the end of the agreement makes crystal clear that the "invention" clause does not apply to inventions that fall under § 2870 of the California Labor Code, which prohibits an

---

[1] The Employment Agreement of Gerald Yin ("Yin Agreement") is attached as Exhibit 1 to the Declaration of Michael Strapp in Support of Applied's Motion to Dismiss.

employer from requiring an employee to assign to his employer inventions developed on the employee's own time. *Id.* at 3. Like all contracts, employment contracts are to be "interpreted to execute the mutual intent and purpose of the parties." *Chula Vista Police Officers' Ass'n v. Cole*, 107 Cal. App. 3d 242, 246 (1980).

The Presumption Provision in the Yin Agreement that is the basis for defendants' counterclaim reads in full as follows:

> In case any invention is described in a patent application or is disclosed to third parties by Employee within one (1) year after leaving the employ of Company, it is to be presumed that the invention was conceived or made during the period of his employment by Company, and the invention will belong to Company, provided it related to Employee's work with Company or to the business of Company or any of its subsidiaries.

Yin Agreement ¶ 2. The purpose of this provision is clear, and the language is unambiguous. It creates a reasonable and rebuttable presumption that an invention disclosed/patented by a former employee shortly after leaving Applied, relating to the employee's work at Applied, was in fact conceived while the employee worked at Applied. The provision simply assigns to the departed employee — who would be in exclusive possession of the relevant facts — the burden of showing that the disclosed invention has a source other than the employee's work at Applied. *See* BLACK'S LAW DICTIONARY 1223 (8th ed. 2004) (stating under definition of "presumption" that "[a] presumption shifts the burden of production or persuasion to the opposing party, who can then attempt to overcome the presumption.") *See also Poag v. Winston*, 195 Cal. App. 3d 1161, 1173 (1987) (in construing clause in a will, "it must be presumed [that] legal terms are used in their legal sense.")

Defendants argue that this language is "mandatory, not presumptive," and that it "requires ex-employees who apply for patents within one year of their departure to assign them to Applied." Opp. at 7. Not so. Defendants' argument on this point consists, in its entirety, of the following three sentences:

> This is not presumptive language. The clause provides that "the invention **will** belong to Company." (emphasis added). There is no

>> provision in the agreement for an employee to rebut any presumption.

*Id*. This argument ignores the plain meaning of the Presumption Provision. The structure of the Provision is plainly hypothetical, describing what "is to be presumed" in the event ("In case . . . .") the employee discloses an invention within a year after leaving Applied. The use of the term "will" in this context is simply a recognition of the potential consequences in the event that the employee's invention was made while the employer worked for Applied. If that is the case — if the employee cannot demonstrate that the invention has a different source — then the invention "will" belong to Applied. But the use of the word "will" does not in any way imply that the assignment is "mandatory," *i.e.*, that the employee cannot rebut the presumption.

Defendant's argument that "[t]here is no provision in the agreement for an employee to rebut any presumption," is equally misguided. *Id*. The Presumption Provision plainly contemplates a situation where Applied is attempting to enforce its rights under the employee agreements (*i.e.*, litigation) and the employee or other interested party would have ample opportunity in that context to make the appropriate factual showing. Indeed the Presumption Provision is analogous to other litigation-contemplating contractual provisions — for example, arbitration clauses, choice-of-law clauses, certain liquidated damages provisions — that are enforced by California courts.

Because the Presumption Provision is not mandatory, defendants' reliance on case law invalidating employment restrictions purporting to require an employee to turn over to his own inventions to his former employer is inapt. *See, e.g.*, *Id*. at 6. And because the Presumption Provision is an employment restriction that serves to protect *only* Applied's trade secrets, proprietary information, and confidential information, it is a valid, enforceable provision and does not violate Section 16600 or 17200 of the California Business and Professions Code. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 992 (N.D. Cal. 2006) (upholding as enforceable assignment provision in employment agreement requiring employees to assign and transfer all rights, title and interest in all inventions to company during their employment except to the extent Section 2870 prohibited assignment); *Cadence Design Sys., Inc. v. Bhandari*, No. C 07-00823 MHP, 2007 WL

3343085, at *5 (N.D. Cal. Nov. 8, 2007) (enforcing assignment provision in employment agreement because it incorporated by reference Section 2870).

### 2. The Presumption Provision Is Not Ambiguous and Is Not an "Unreasonable Restraint on Trade"

Defendants argue in the alternative that the Presumption Provision, if not mandatory, is ambiguous. Opp. at 1, 8. Their argument is entirely conclusory: they do not point to a single word or phrase in the Presumption Provision that is unclear or capable of different interpretations. As explained above, there is nothing ambiguous about the term "will" when the structure and context of the Presumption Provision is taken into account. That defendants have conjured up a fanciful reading of the Presumption Provision does not make it ambiguous. *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 2000) ("The fact that the parties dispute a contract's meaning does not establish that the contract is ambiguous; it is only ambiguous if reasonable people could find its terms susceptible to more than one interpretation."). Accordingly, defendants' calls for "extrinsic evidence" are misplaced. *See Healy v. MCI Worldcom Network Serv., Inc.*, No. Civ. S-02-1575 LKK/DAD, 2005 WL 1837148, at *9 (E.D. Cal. Aug. 2, 2005) (quoting *Pacific Gas and Elec. Co. v. G.W. Thomas Drayage & Rigging*, 69 Cal. 2d 33, 40 (1968)) ("extrinsic evidence is not admissible to add to, detract from, or vary the terms of a written contract" where there is "nothing ambiguous or uncertain about the terms").

Defendants cite not a shred of legal authority to support their argument that the Presumption Provision is an illegal "restraint on trade." And their rhetorical appeals — the provision creates "a significant disincentive to subsequent employers of Applied personnel" and an "unlawful restriction on employee mobility," Opp. at 9 — are not only misguided but superbly ironic. It is undisputed that the Presumption Provision has not served as a disincentive to defendants' rampant hiring of former Applied employees, nor has it restricted the mobility of those employees from leaving Applied and joining defendants. Indeed, as Applied alleges and defendants admit, defendants have seeded their companies with a multitude of former Applied employees, ranging from Applied corporate vice presidents to technologists and engineers. *See* First Amended Complaint (D.I. No. 31) at ¶ 6; AMEC Asia and AMEC China Answer and

Counterclaims at ¶ 6 (D.I. Nos. 128, 129).  Defendants' equally hysterical warning that the Presumption Provision "would turn trade secret law on its head" is undermined by defendants' failure to cite even one single case to support their legal position.

### 3. Defendants' Claim for Declaratory Relief Should Be Dismissed

As a general rule, the Court should exercise its discretion to not award a declaratory judgment where the judgment "will neither aid in clarifying and settling legal relations in issue nor terminate the proceedings and afford the parties relief from the uncertainty and controversy they faced." *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1112 (9th Cir.1987).  Here, this Court should dismiss defendants' counterclaim for declaratory judgment because, as defendants essentially concede in their Opposition, the counterclaim restates what is nothing more than a defense to Applied's intentional interference claim, and it is coextensive with defendants' affirmative defenses.

In a thorough and recent decision of this Court, not cited by defendants, Judge Henderson noted that "[d]istrict courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses."  *Stickrath v. Globalstar, Inc.*, No. C 07-1941 TEH, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008).  In *Stickrath*, this Court exercised its discretion to strike a counterclaim seeking a declaratory judgment because there was an identity of factual and legal issues between the counterclaim and affirmative defenses and the counterclaim had no "useful purpose."  *Id.* at *5.  Here, as in *Stickrath*, the judgment defendants seek in the counterclaim would serve no useful purpose.  Apart from the involvement of the Presumption Provision in Applied's claims in this suit, defendants have no legitimate interest in, or standing to challenge, the Presumption Provision in the abstract.  *See id.* at *6 (defendant is not entitled to an "abstract declaration," as the Court may only issue a declaratory judgment where there is an actual controversy").

### CONCLUSION

For all the reasons set forth in Applied's opening brief and herein, Applied respectfully moves for an order under Rule 12(b)(6) dismissing defendants' counterclaim for failure to state

| | |
|---|---|
| 1 | any claim upon which relief can be granted. |

| | | |
|---|---|---|
| 2 | Dated: June 9, 2008 | Respectfully submitted, |
| 3 | | Applied Materials, Inc. |
| 4 | | By its attorneys, |
| 5 | | |
| 6 | | /s/ Thomas F. Fitzpatrick |
| 7 | | Thomas F. Fitzpatrick<br>tfitzpatrick@goodwinprocter.com<br>GOODWIN PROCTER LLP |
| 8 | | 135 Commonwealth Drive<br>Menlo Park, CA 94025 |
| 9 | | Tel.: 650-752-3144<br>Fax: 650-853-1038 |
| 10 | | |
| 11 | | John C. Englander (*pro hac vice*)<br>jenglander@goodwinprocter.com |
| 12 | | James C. Rehnquist (*pro hac vice*)<br>jrehnquist@goodwinprocter.com |
| 13 | | Michael G. Strapp (*pro hac vice*)<br>mstrapp@goodwinprocter.com |
| 14 | | GOODWIN PROCTER LLP<br>53 State Street |
| 15 | | Boston, Massachusetts 02109<br>Tel.: 617.570.1000 |
| 16 | | Fax: 617.523.1231 |