```
 1  HAROLD J. MCELHINNY (CA SBN 66781)
    HMcElhinny@mofo.com
 2  MORRISON & FOERSTER LLP
    425 Market Street
 3  San Francisco, California 94105-2482
    Telephone: 415.268.7000
 4  Facsimile: 415.268.7522

 5  KENNETH A. KUWAYTI (CA SBN 145384)
    KKuwayti@mofo.com
 6  MARC DAVID PETERS (CA SBN 211725)
    MDPeters@mofo.com
 7  MORRISON & FOERSTER LLP
    755 Page Mill Road
 8  Palo Alto, CA 94304-1018
    Telephone: 650-813-5600
 9  Facsimile: 650-494-0792

10  Attorneys for Defendants
    ADVANCED MICRO-FABRICATION EQUIPMENT, INC.
11  CHINA, ADVANCED MICRO-FABRICATION
    EQUIPMENT, INC. ASIA, AND ADVANCED
12  MICROFABRICATION EQUIPMENT INC.

13  ADDITIONAL COUNSEL LISTED ON CAPTION
    ATTACHMENT
```

**IT IS SO ORDERED**
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT INC. CHINA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT, INC., <br><br> Defendants. | Case No.  C07 05248 JW (PVT) <br><br> **STIPULATION REGARDING COURT'S JURISDICTION OVER AMEC, INC.** |

1  THOMAS F. FITZPATRICK
   TFitzpatrick@goodwinprocter.com
2  GOODWIN PROCTER LLP
   135 Commonwealth Drive
3  Menlo Park, CA 94025
   Telephone: 650-752-3144
4  Facsimile: 650-853-1038

5  JOHN C. ENGLANDER (*pro hac vice*)
   JEnglander@goodwinprocter.com
6  JAMES C. REHNQUIST (*pro hac vice*)
   JRehnquist@goodwinprocter.com
7  MICHAEL G. STRAPP (*pro hac vice*)
   MStrapp@goodwinprocter.com
8  GOODWIN PROCTER LLP
   53 State Street
9  Boston, MA 02109
   Telephone: 617-570-1000
10 Facsimile: 617-523-1231

11 Attorneys for Plaintiff
   APPLIED MATERIALS, INC.

WHEREAS, on February 29, 2008, the Court issued an Order Granting In Part And Denying In Part Defendants' Various Motions to Dismiss, which denied the motions to dismiss of defendants AMEC-Asia and AMEC-China on personal jurisdictional grounds pursuant to Federal Rule of Civil Procedure 12(b)(2) ("the February 29 Order");

WHEREAS, the February 29 Order deferred ruling on defendant AMEC, Inc.'s motion for personal jurisdiction, to permit plaintiff Applied Materials, Inc. ("Applied") to take certain discovery relating to the issue of whether defendant AMEC, Inc. has an alter ego or agency relationship with AMEC-Asia or AMEC-China ("the Alter Ego/Agency Issue");

WHEREAS, the parties have engaged in meet and confer discussions concerning this discovery under the supervision of Special Master Thomas Denver, and Defendants have been ordered to produce certain discovery pursuant to the Special Master's Discovery Order No. 2, and Applied contends that significant additional discovery into the Alter Ego/Agency Issue will be required;

WHEREAS, the discovery requested involves information that Defendants consider to be highly confidential and competitively sensitive and, in many cases to go beyond discovery that Applied would ordinarily be entitled to relating to the merits of the claims at issue in the action;

WHEREAS, Defendants believe that there is little benefit to continuing to litigate the Court's jurisdiction over AMEC, Inc. if the Court is permitting the action to go forward against AMEC-Asia and AMEC-China in any event;

WHEREAS, the parties dispute whether there is an alter ego or agency relationship between AMEC, Inc. and either AMEC-Asia or AMEC-China, but, without conceding the validity of the opposing party's position, wish to avoid the expense and burden of further discovery relating to the Alter Ego/Agency Issue;

THEREFORE, THE PARTIES STIPULATE AS FOLLOWS:

1. Defendant AMEC, Inc. stipulates that any decision or order of the Court finding personal jurisdiction (by a prima facie case standard, preponderance of the evidence standard or

otherwise) over AMEC-Asia or AMEC-China in this action, including the February 29 Order, shall be deemed to apply to AMEC, Inc. as well, and stipulates that, if the Court has jurisdiction over either AMEC-Asia or AMEC-China in this action, then the Court has personal jurisdiction over AMEC, Inc. in this action as well.

2. Since the Court has denied the motions to dismiss of AMEC-Asia and AMEC-China on personal jurisdiction grounds, AMEC, Inc. agrees to withdraw its pending motion to dismiss on personal jurisdiction grounds, and to file an answer to Applied's First Amended Complaint on or before June 6, 2008.

3. Applied agrees that all of its existing discovery requests that relate solely to the Alter Ego/Agency Issue are hereby deemed to be withdrawn. Applied further agrees not to seek any further discovery that relates solely to the Alter Ego/Agency Issue. The parties agree further that Defendants are not required to provide any information or documents in response to Discovery Order No. 2 other than as agreed to by the parties in writing.

4. The parties agree that nothing in this Stipulation shall be construed to prevent Applied from seeking or obtaining any discovery it is otherwise entitled to under Fed. R. Civ. P. 26 because such discovery is related to, or overlaps with, the discovery it has sought or could have sought on the Alter Ego/Agency Issue, provided such discovery is conducted in good faith and not for the purpose of circumventing this Stipulation.

5. The parties agree that nothing in this Stipulation shall be construed to be a waiver of any rights that defendants have to appeal from any decision or order of this Court finding personal jurisdiction (by a prima facie case standard, preponderance of the evidence standard or otherwise); provided, however, that AMEC, Inc. stipulates that any determination by an appellate court that this Court properly exercised jurisdiction over either AMEC-Asia or AMEC-China shall be deemed to apply to AMEC, Inc. as well. Should the appellate court determine that this Court did not have jurisdiction over both AMEC-Asia and AMEC-China, the parties agree that this determination shall be deemed to apply to AMEC, Inc. as well.

6. Nothing in this Stipulation shall abridge, enlarge or otherwise modify any obligation defendants may have to further litigate the issue of personal jurisdiction in order to preserve the issue for appeal on a preponderance of the evidence standard.

7. This Stipulation applies only to this action, and to any appeal from this action, and shall not be construed as consent to jurisdiction in any other action or proceeding.

Dated: May 28 2008

HAROLD J. MCELHINNY
KENNETH A. KUWAYTI
MARC DAVID PETERS
MORRISON & FOERSTER LLP

By: _____
Kenneth A. Kuwayti
Attorneys for Defendants

Dated: May __ 2008
June 2

JOHN C. ENGLANDER
JAMES C. REHNQUIST
MICHAEL G. STRAPP
THOMAS F. FITZPATRICK
GOODWIN PROCTER LLP

By: _____
James C. Rehnquist
Attorneys for Plaintiff Applied Materials, Inc.

LIBA/1888544.2

**ATTESTATION**

I, Marc David Peters, am the ECF User whose ID and password are being used to file this STIPULATION REGARDING COURT'S JURISDICTION OVER AMEC, INC. In compliance with General Order 45, X.B., I hereby attest that James Rehnquist has concurred in this filing.

Dated: June 11, 2008          MORRISON & FOERSTER LLP

                              By:   /s/ Marc David Peters
                                    Marc David Peters

                              Attorneys for Defendants
                              ADVANCED MICRO-FABRICATION
                              EQUIPMENT, INC. CHINA, ADVANCED
                              MICRO-FABRICATION EQUIPMENT, INC.
                              ASIA, and ADVANCED MICRO-FABRICATION
                              EQUIPMENT INC.