IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS** |
| v. | |
| Advanced Micro-Fabrication Equipment (Shanghai) Co., et al., | |
| Defendants. | |

## I. INTRODUCTION

Applied Materials, Inc. ("Applied" or "Plaintiff") brings this diversity action against Advanced Mircro-Fabrication Equipment, Inc., ("AMEC Inc.") and its China and Asia subsidiaries (collectively, "Defendants"), alleging, *inter alia*, that Defendants misappropriated its trade secrets and engaged in unfair business practices in violation of California law.

Presently before the Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims. (hereafter, "Motion," Docket Item No. 136.) The Court found it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Plaintiff's Motion to Dismiss.

1

## II.  BACKGROUND

In an Answer and Counterclaim[1] filed on March 21, 2007, Defendants allege as follows:

AMEC Asia is a holding company incorporated in the Cayman Islands with its principal place of business in Shanghai, China.  (Asia Counterclaim ¶ 2.)  AMEC China is a cooperative joint venture between AMEC Asia and non-party Shanghai Capital, Co., organized under the laws of China and with its principal place of business in Shanghai, China.  (China Counterclaim ¶ 2.)  Plaintiff is a Delaware corporation with its principal place of business in Santa Clara, California.  (Id. ¶ 3.)

Plaintiff's employee agreements contain a provision (the "IP Clause"), which states that all inventions described in a patent application or disclosed to third parties within one year of the termination of employment with Applied are presumed to have been made at Applied and belong to Applied.  (Id. ¶ 1.)  Plaintiff filed suit against Defendants alleging claims of misappropriation of trade secrets, intentional interference with contractual relationships, conversion, and violation of the Unfair Competition Law.  (Id. ¶ 7.)  Plaintiff alleges in its Complaint that under the IP Clause, it has a contractual right to various patent applications assigned to Defendants and its entities.  (Id.)  The Complaint further alleges that Defendants induced several employees to breach the IP Clause by assigning patents to Defendants.  (Id.)  The IP Clause inhibits Plaintiff's former employees' mobility and, by Plaintiff's admission, is not designed to protect its trade secrets.  (Id. ¶ 8.)

On the basis of the allegations outlined above, Defendant alleges two counterclaims: (1) Declaration that the IP Clause is void; and (2) Violation of Cal. Bus. Prof. Code § 17200 *et seq*.

//

---

[1] AMEC China and AMEC Asia each filed an Answer and Counterclaim.  ("China Counterclaim," Docket Item No. 128; "Asia Counterclaim," Docket Item No. 129.)  With the exception of the Defendants' names, the contents of the Counterclaims are identical.  Thus, when the Court refers to "Both Counterclaims," it is referring to AMEC China's and AMEC Asia's Counterclaims simultaneously.

2

## III. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff moves to dismiss Defendants' counterclaims for declaratory relief and unfair competition on the ground that Defendants have failed to state claims upon which relief may be granted.[2]  (Motion at 4, 6.)  The Court considers each counterclaim in turn.

//

---

[2] Plaintiff has not raised the issue of whether Defendants have standing to challenge a contract to which they are not parties. In Application Group, Inc. v. Hunter Group, Inc., the California Court of Appeal found standing exists when a company seeks to challenge a non-compete clause in an employment agreement if there is a controversy over the clause and the clause restricts the company's ability to recruit employees. 61 Cal. App. 4th 881 (1998). Accordingly, the Court finds that for the purposes of this motion, Defendants have standing to challenge the legality of the IP Clause.

3

**A.    Declaratory Relief**

Plaintiff contends Defendants' counterclaims for a declaration that the IP Clause is void pursuant to Cal. Bus. & Prof. Code § 16600 should be dismissed because the claims are duplicative of Defendants' defenses. (Motion at 7.)

Under the Declaratory Judgment Act, "[i]n a case of actual controversy . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought . . . ." 28 U.S.C. § 2201. There was once some question as to whether a counterclaim for declaratory relief based upon facts already at issue in a case should be dismissed or stricken as redundant. See, e.g., Scruggs v. Casco Corp., 32 F. Supp. 625 (D. Conn. 1940); Forstner Chain Corp. v. Gemex Co., 1 F.R.D. 115 (D.N.J. 1940). However, such a counterclaim may be useful in protecting the defendant from harassment by dismissal of the action, and as such, counterclaims of this kind are now commonly allowed. Maulsby v. Conzevoy, 161 F.2d 165, 167 (9th Cir. 1947). Thus, a declaratory counterclaim may proceed as if it is justiciable unto itself. See Altvater v. Freeman, 319 U.S. 359, 363-364 (1943); Int'l Woodworkers of Am., Local 6-64, CIO v. McCloud River Lumber Co., 119 F. Supp. 475 (N.D. Cal. 1953).

Section 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600. California law allows a party to bring a claim for declaratory relief that a contract which violates § 16600 is void and therefore unenforceable. See, e.g., Kelton v. Stravinsky, 138 Cal. App. 4th 941, 946-47 (2006).

In this case, Defendants allege as follows:

> Defendants were required to sign a contract before starting employment, which provided that their inventions patented within a year of leaving Applied were presumptively the property of the company. (Both Counterclaims ¶¶ 1, 6, 8.) Declaratory judgment on the validity of this clause of the contract is necessary in order to resolve Defendants' rights and obligations regarding employment of individuals hired by Defendants who were previously employed by Plaintiff. (Id. ¶ 13.)

4

These allegations sufficiently state that the IP Clause violates § 16600 and thus, provide a basis for Defendants' declaratory relief counterclaims. (See, e.g., Both Counterclaims ¶ 6; Defendants' Opposition to Motion to Dismiss their Counterclaims at 14, hereafter "Opposition," Docket Item No. 158.) Under California law, it is appropriate for Defendants to seek declaratory relief to determine whether the IP Clause is void once it has been put at issue by the parties. While the declaratory relief claim in this case may be duplicative of Defendants' affirmative defenses, preserving the issue as a counterclaim will allow the Court to make a determination as to the enforceability of the IP Clause regardless of the merits of Plaintiff's claims.

Accordingly, the Court DENIES Plaintiff's motion to dismiss Defendants' declaratory relief counterclaims.

**B.     Violation of § 17200**

Plaintiff contends that Defendants' unfair competition counterclaims should be dismissed because Defendants fail to explain how the IP Clause is unlawful, unfair or fraudulent. (Motion at 7.)

Unfair competition includes any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Where the employer's policy or practice is forbidden . . . it may also be held to constitute an 'unlawful business practice' subject to redress under [§ 17200]." Application Group, Inc., 61 Cal. App. 4th 881 at 907. The California Court of Appeal has applied this reasoning to contractual provisions found to violate §16600. Id. at 907-08.

In this case, Defendants allege as follows:

> Plaintiff has engaged in a practice of requiring its employees to agree to an IP Clause as a condition of their employment. (Both Counterclaims ¶ 15.) Because the IP Clause is void and unenforceable under § 16600, it is unlawful and unfair within the meaning of § 17200. (Id.) Defendants seek an injunction prohibiting Plaintiff from enforcing the Provision. (Id. ¶ 17.)

Defendants' § 17200 allegations are essentially a challenge to the enforceability of the IP Clause pursuant to § 16600. Since violation of § 16600 is considered a unfair business practice under California law, Defendants have adequately stated § 17200 claims for unfair competition.

5

Accordingly, the Court DENIES Plaintiff's motion to dismiss Defendants' unfair competition counterclaims.

### V.  CONCLUSION

The Court DENIES Plaintiff's Motion to Dismiss Defendants' Counterclaims.

The hearing on the motion currently set for June 23, 2008 is VACATED.

Dated:  June 19, 2008

*James Ware*
JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HMcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti KKuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated: June 19, 2008**             **Richard W. Wieking, Clerk**

                                     **By:   /s/ JW Chambers**
                                     **Elizabeth Garcia**
                                     **Courtroom Deputy**