Thomas F. Fitzpatrick
tfitzpatrick@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650-752-3144
Fax: 650-853-1038

John C. Englander (*pro hac vice*)
jenglander@goodwinprocter.com
James C. Rehnquist (*pro hac vice*)
jrehnquist@goodwinprocter.com
Michael G. Strapp (*pro hac vice*)
mstrapp@goodwinprocter.com
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Tel.: 617.570.1000
Fax: 617.523.1231

Attorneys for Applied Materials, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED MICRO-FABRICATION EQUIPMENT (SHANGHAI) CO., LTD., ADVANCED MICRO-FABRICATION EQUIPMENT INC., ASIA, ADVANCED MICRO-FABRICATION EQUIPMENT INC. <br><br> Defendants. | Case No. CV 07-05248 JW (PVT) <br><br> **PLAINTIFF'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANT ADVANCED MICRO-FABRICATION EQUIPMENT INC.** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff Applied Materials, Inc., ("Applied") answers the Counterclaims of Defendant Advanced Micro-Fabrication Equipment Inc. ("AMEC Inc." or "Defendant"), and in response to the corresponding numbered paragraphs of Defendant's Counterclaims states as follows (Applied has incorporated the headings as they appear in Defendant's Counterclaims for the convenience of the Court, but denies any factual allegations set forth in those headings):

## INTRODUCTION

1. Paragraph 1 of Defendant's Counterclaims sets forth introductory material to which no response is required. To the extent a response is required, Applied denies the averments in paragraph 1 of Defendant's Counterclaims.

2. Paragraph 2 of Defendant's Counterclaims sets forth introductory material to which no response is required. To the extent a response is required, Applied denies the averments in paragraph 2 of Defendant's Counterclaims.

## PARTIES

3. Applied admits, on information and belief, that Counterclaimant AMEC Inc. is a company incorporated in the Cayman Islands, with its principal place of business in Shanghai, China.

4. Applied admits that it is a Delaware corporation, with its principal place of business in Santa Clara, California.

## JURISDICTION AND VENUE

5. Applied admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2).

6. Applied admits that venue is proper in this district under 28 U.S.C. § 1391(a).

## APPLIED'S UNLAWFUL AND ANTICOMPETITIVE EMPLOYMENT AGREEMENTS

7. Applied denies the averments in paragraph 7 of Defendant's Counterclaims.

8. Applied states that its employment agreements speak for themselves, and thus no response is required. To the extent a response is required, Applied admits that the so-called "holdover clause" is not identical in each of Applied's employment agreements.

9. Applied states that its employment agreements speak for themselves, and thus no response is required.

10. Applied states that its employment agreements speak for themselves, and thus no response is required.

11. Applied states that its employment agreements speak for themselves, and thus no response is required.

12. Applied denies the averments in paragraph 12 of Defendant's Counterclaims.

13. Applied denies the averments in paragraph 13 of Defendant's Counterclaims.

14. Applied denies the averments in paragraph 14 of Defendant's Counterclaims.

15. Applied denies the averments in paragraph 15 of Defendant's Counterclaims.

## APPLIED'S UNLAWFUL AND ANTICOMPETITIVE BEHAVIOR

16. Applied states the First Amended Complaint ("FAC") speaks for itself, and thus no response is required.

17. Applied states the FAC speaks for itself, and thus no response is required.

18. Applied states the FAC speaks for itself, and thus no response is required.

19. Applied states the FAC speaks for itself, and thus no response is required.

20. Applied states that certain of its former employees, now employed by defendants, signed employment agreements with Applied. FAC at ¶ 9. Applied further states that its employment agreements speak for themselves. Applied denies the remaining averments in paragraph 20 of Defendant's Counterclaims.

21. Applied states that certain of its former employees, now employed by defendants, signed employment agreements with Applied. FAC at ¶ 9. Applied further states that its employment agreements speak for themselves. Applied denies the remaining averments contained in paragraph 21 of Defendant's Counterclaims.

22. Applied states that Applied's Opposition to AMEC China and AMEC Asia's Motions to Dismiss speaks for itself. Applied denies the remaining averments contained in paragraph 22 of Defendant's Counterclaims.

23. Applied states that the transcript of the hearing on the Motion to Dismiss speaks for itself. Applied denies the remaining averments contained in paragraph 23 of Defendant's Counterclaims.

24. Applied denies the averments in paragraph 24 of Defendant's Counterclaims.

25. Applied denies the averments in paragraph 25 of Defendant's Counterclaims.

26. Applied denies the averments in paragraph 26 of Defendant's Counterclaims.

27. Applied denies the averments in paragraph 27 of Defendant's Counterclaims.

## COUNT I

### (Declaratory Relief)

28. Applied incorporates its answers to paragraphs 1-27 above as if fully set forth herein.

29. Applied denies the averments in paragraph 29 of Defendant's Counterclaims.

30. Applied denies the averments in paragraph 30 of Defendant's Counterclaims.

31. Applied denies the averments in paragraph 31 of Defendant's Counterclaims.

32. Applied denies the averments in paragraph 32 of Defendant's Counterclaims.

## COUNT II

### (Violation of Cal. Bus. & Prof. Code § 17200 *et. seq*.)

33. Applied incorporates its answers to paragraphs 1-32 above as if fully set forth herein.

34. Applied denies the averments in paragraph 34 of Defendant's Counterclaims.

35. Applied denies the averments in paragraph 35 of Defendant's Counterclaims.

36. Applied denies the averments in paragraph 36 of Defendant's Counterclaims.

37. Applied denies the averments in paragraph 37 of Defendant's Counterclaims.

38. Applied denies the averments in paragraph 38 of Defendant's Counterclaims.

## PRAYER FOR RELIEF

Applied denies that Defendant is entitled to any of the relief requested in its prayers for relief.

## FIRST DEFENSE

The Counterclaims are barred insofar as the declaratory judgment Defendant seeks would serve no useful purpose.

## SECOND DEFENSE

The Counterclaims fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Counterclaims are barred in whole or in part by the applicable statutes of limitations.

## FOURTH DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of laches.

## FIFTH DEFENSE

The Counterclaims are barred in whole or in part by the doctrines of waiver, estoppel, consent, and ratification.

## SIXTH DEFENSE

The Counterclaims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH DEFENSE

Defendant is not entitled to injunctive relief because it has an adequate remedy at law.

## EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over the Counterclaims because there is no case or controversy.

## NINTH DEFENSE

Defendant lacks standing to pursue its Counterclaims.

## TENTH DEFENSE

The Counterclaims are not ripe for adjudication.

## ELEVENTH DEFENSE

The Counterclaims are improper because they serve no useful purpose.

## TWELFTH DEFENSE

Defendant's own acts or omissions caused or contributed to Defendant's alleged injury.

| | |
|---|---|
| Dated: July 10, 2008 | Respectfully submitted, |
| | Applied Materials, Inc. |
| | By its attorneys, |
| | /s/ Thomas F. Fitzpatrick |
| | Thomas F. Fitzpatrick |
| | tfitzpatrick@goodwinprocter.com |
| | GOODWIN PROCTER LLP |
| | 135 Commonwealth Drive |
| | Menlo Park, CA 94025 |
| | Tel.: 650-752-3144 |
| | Fax: 650-853-1038 |
| | |
| | John C. Englander |
| | James C. Rehnquist |
| | Michael G. Strapp |
| | GOODWIN PROCTER LLP |
| | 53 State Street |
| | Boston, Massachusetts 02109 |
| | Tel.: 617.570.1000 |
| | Fax: 617.523.1231 |
| | jenglander@goodwinprocter.com |
| | jrehnquist@goodwinprocter.com |
| | mstrapp@goodwinprocter.com |