1  THOMAS HR DENVER (56872)
   Mediation Masters
2  96 North Third Street
   Suite 300
3  San Jose, CA 95112
4
   Telephone:  (408) 280-7883
5  Facsimile:   (408) 292-7868
6  Special Master
7
8              IN THE UNITED STATES DISTRICT COURT
9             FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                       SAN JOSE DIVISION
11 
   APPLIED MATERIALS, INC.,              No. C 07-05248 JW
12
              Plaintiff,
13                                       **DISCOVERY ORDER NO. 5**
      vs.
14
   ADVANCED MICRO-FABRICATION
15 EQUIPMENT, INC., et al.,
16
              Defendants.
17

18    Briefing having been submitted and oral argument having been heard on August 27,
19 2008,
20    IT IS ORDERED as follows:
21    *REGARDING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO*
22 *REQUESTS FOR PRODUCTION*: defendants have produced "final specifications and
23 assembly drawings that are responsive to [these] requests . . ." Plaintiff is directed to
24 review those documents which have been produced and then to meet and confer with
25 defense counsel to determine if more focused requests for these documents can be
26 generated and further responses obtained. Counsel are to report back to the Special
27 Master on **September 5, 2008**, at **8:30 a.m.**, by telephone to decide if any further briefing,
28

-1-
DISCOVERY ORDER NO. 5

argument or order will be required. While a response to Request No. 62 is not yet due, it, too, should be a subject of the meet and confer session.

Regarding Requests for Production 7, 34, and 35: defendants have lodged with the Special Master their source code and their source control database. Counsel have been directed to work out a protocol under which counsel for plaintiff and its designated expert(s) may review the source code and source control database. Once that review is complete, defendants may either renew the existing motion or direct further, more specifically focused requests to plaintiff. Counsel are to conduct their meet and confer on the same schedule as is set forth above.

*REGARDING DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO CERTAIN WRITTEN INTERROGATORIES AND DOCUMENT REQUESTS:*

<u>Interrogatories 13 and 14</u>: plaintiff must supplement its response to identify any and all facts and documents upon which they rely, including specific portions of any patent applications relied upon. Plaintiff is to respond to the best of its present ability and is to supplement its responses as more information becomes available through discovery. If documents may be efficiently and effectively identified by Bates number, as opposed to actual production, plaintiff may do so.

<u>Interrogatory 18</u>: plaintiff must provide more specific detail as to the dates and circumstances concerning when it first became aware of the alleged misappropriation.

<u>Interrogatory 8</u>: to the extent that any trade secret has been disclosed by plaintiff, as described in the interrogatory, plaintiff must identify to whom it has been disclosed and must identify any non-disclosure agreement associated with such disclosure. If plaintiff contends that a trade secret has been disclosed in a patent application, that patent application, including the specific sections implicated, must be identified.

<u>Interrogatory 5</u>: counsel are instructed to meet and confer, on the same schedule as set forth above, to see if the identification of a primary source of information on this subject can be agreed upon. It may be that the listing of individuals provided in response to Interrogatory 6 is sufficient, but that should be the subject of the meet and confer.

1     <u>Interrogatories 1, 2, and 3</u>: the existing responses are sufficient and no further
2 answer is required.

3     <u>Interrogatory 15</u>: the responsive documents must be identified with particularity.
4 Compliance with Rule 33(d) is not sufficient here, as defendants do not have an equal
5 ability to review nor interpret the documents in question.

6     <u>Interrogatory 17</u>: to the extend further detail as to the suspected methods is
7 available, plaintiff must set it out with specificity; as plaintiff gains information through
8 discovery, this response must be supplemented. An elaboration of that which is set out in
9 trade secret number 3 may be sufficient here, but should be elaborated upon if more
10 information is available.

11     <u>Interrogatories 10 and 11 and Request for Production 17 and 18</u>: counsel are
12 directed to meet and confer, on the schedule set forth above, to see if a workable
13 response, such as a statement of the number of employees involved and something like a
14 "policy" document in response to Request for Production 17 is available. As to Request for
15 Production 18, provision of the complaint and answer in the referenced litigation will be a
16 sufficient response.

17     <u>Interrogatory 20</u>: plaintiff must identify all versions of its employment agreements
18 which contain assignment of invention provisions, whether or not they incorporate the
19 "presumption provision." All such agreements dating back to 1991 should be included and
20 should be produced in response to Request for Production 34.

21     <u>Request for Production 39</u>: the documents sought are of questionable relevance
22 and, as set out in the existing response, privileged; no further production is required.

23     <u>Interrogatory 24 and Request for Production 36, 41, and 42</u>: to the extent a non-
24 privileged response is available, it must be provided, along with non-privileged documents.
25 However, given the nature of the inquiry, documents may well be privileged and, in that
26 case, no further response is required.

27     <u>Interrogatories 21 and 23</u>: responses must include all ownership and assignment
28 provisions, whether or not the "presumption provision" is included. While litigation in the

1  present matter will focus on the "presumption provision" discovery is broader than this and
2  the information sought has the likelihood of leading to relevant information.
3  <u>Request for Production 35, 37, 38, and 40</u>: if non-privilege responsive documents
4  exist, they must be produced.  If they do not exist, plaintiff must so state, explicitly.
5  The parties have ten days from the date of this order to file any objection.

7  Dated:  August 27, 2008.           /s/ Thomas HR Denver
                                       THOMAS HR DENVER