IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
| Plaintiff, | **ORDER SUSTAINING PLAINTIFF'S OBJECTION TO DISCOVERY ORDER NO. 13; OVERRULING AS MOOT PLAINTIFF'S OBJECTION TO DISCOVERY ORDER NO. 14** |
| v. | |
| Advanced Micro-Fabrication Equipment (Shanghai) Co., Ltd., et al., | |
| Defendants. | |

Applied Materials, Inc. ("Applied" or "Plaintiff") brings this diversity action against Advanced Mircro-Fabrication Equipment, Inc., ("AMEC Inc.") and its China and Asia subsidiaries (collectively, "Defendants"), alleging, *inter alia*, that Defendants misappropriated its trade secrets and engaged in unfair business practices in violation of California law.

Presently before the Court are Plaintiff's Objections to the Special Master's Recommended Discovery Order Nos. 13 and 14 ("RDO 13" and "RDO 14"). (hereafter, "Objection," Docket Item No. 229.) The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law. (See Order of Appointment, Docket Item No. 119.)

In RDO 13, the Special Master granted Defendants' motion to de-designate certain items produced by Plaintiff in discovery as "Highly Confidential - Attorney's Eyes Only." (RDO 13 at 1, Docket Item No. 210.) In particular, the Special Master considered two sets of emails concerning Plaintiff's internal strategy for reacting to the potential entry of AMEC into the market as a

1  competitor. The Special Master concluded that the documents at issue were not covered by either
2  the applicable Protective Order or Federal Rule of Civil Procedure 26(c), based on the reasoning that
3  Plaintiff has not met its burden of demonstrating "specific harm" that would result from release of
4  those documents.

5  In this case, the Protective Order states that "[d]isclosure and discovery activity in this action
6  are likely to involve production of confidential, proprietary, or private information for which special
7  protection from public disclosure and from use for any purpose other than prosecuting this litigation
8  would be warranted." (Docket No. 135 at 1.) The Protective Order limits the disclosure of
9  "confidential information," which is defined as:

> information . . . or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). The parties contemplate that such information includes, without limitation, information that would cause competitive injury to a party if said information were made public or revealed to a competitor, such as trade secrets, technical data, confidential research, development and manufacturing information, and financial and marketing information relating to the parties' respective products and technology.

14 (Id. at 2.)

15  As noted by the Special Master, Defendants' express goal in seeking to de-designate the
16  documents at issue is so that Defendants may "share these documents with [their] investors and
17  customers." (RDO 13 at 3.) The stated purpose of the Protective Order is to limit confidential and
18  private company documents from "use for *any purpose other than prosecuting this litigation*." As
19  such, the Court finds that Defendants' agenda would directly undermine the very reason for the
20  Protective Order.

21  In addition, the Court finds that the Special Master erroneously applied an overly narrow
22  construction of the term "confidential information." Even though the documents at issue do not
23  include trade secrets or technical data, the Court's review indicates that they do contain information
24  that "would cause competitive injury." Indeed, because these documents involve business strategy
25  exchanges among high-level Applied executives, they are within the meaning of confidential
26  information, as used in the Protective Order. Finally, the Court finds that the Special Master erred
27  by discounting Plaintiff's showing of the potential harm resulting from release of the documents.

28

Given that Defendants' stated goal was to reveal the documents to investors and customers, it can be inferred that Defendants sought to inflict competitive damage on Plaintiff.

Accordingly, the Court SUSTAINS Plaintiff's Objections to RDO 13.  The Court orders that document numbers AMAT03273574 and AMAT03274079-81 shall remain labeled "Highly Confidential - Attorney's Eyes Only."

Since RDO 14 relates to the issue of the Special Master having declined to reconsider RDO 13, the Court OVERRULES Plaintiff's Objection to RDO 14 as moot in light of the Court's conclusions with respect to RDO 13.

Dated:  March 11, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Colette R. Verkuil cverkuil@mofo.com
Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HmcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti Kkuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated:  March 11, 2009**                           **Richard W. Wieking, Clerk**


**By:      /s/ JW Chambers**
         **Elizabeth Garcia**
         **Courtroom Deputy**