1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | No. C 07-05248 JW |
| Plaintiff, | **PRELIMINARY PRETRIAL CONFERENCE** |
| | **SCHEDULING ORDER - (JURY TRIAL)** |
| v. | |
| Advanced Micro-Fabrication Equipment (Shanghai) Co., et al., | |
| Defendants. | |
| _____/ | |

On June 15, 2009, the Court conducted a case management conference. Counsel for the respective parties were present. The Special Master was also present. In light of the discussion at the conference, the Court orders as follows:

(1)    The close of discovery in this case is extended to **October 19, 2009**. In light of this change, the last date for *hearing* dispositive motions is extended to **November 16, 2009 at 9 a.m.**

(2)    The parties shall confer with the Special Master to determine a final list of trade secrets and procedure for tendering that list to the parties' experts;

(3)    The Court adopts the following modified trial schedule:

### TRIAL SCHEDULE

| | |
|---|---|
| **Final Pretrial Conference (¶4 )** | **December 15, 2009 at 11 a.m.** |

**United States District Court**
For the Northern District of California

| Joint Pretrial Conference Statement, *In Limine* Motions, and Proposed Jury Instructions Due (≈30 days before Final Pretrial Conference)<br><br>Once the in limine binders are lodged with the Court (¶3(b)), the Court will determine whether a hearing is necessary for the motions in advance of the Final Pretrial Conference and set the hearing accordingly. | **November 16, 2009** |
|---|---|
| **Jury Selection** | **January 19, 2010 at 9 a.m.** |
| **Jury Trial Date and Sessions[1]**<br>Sessions 1-3<br>Sessions 4-7<br>Sessions 8 - 11<br>Sessions 12 - 15<br>Sessions 16 -19<br>Sessions 20 - 23<br>Sessions 24 - 27 | **Jan. 20 - Jan. 22, 2010; 8 a.m. - 12 p.m.**<br>**Jan. 26 - Jan. 29, 2010; 8 a.m. - 12 p.m.**<br>**Feb. 2 - Feb. 5, 2010; 8 a.m. - 12 p.m.**<br>**Feb. 9 - Feb. 12, 2010; 8 a.m. - 12 p.m.**<br>**Feb. 16 - Feb. 19, 2010; 8 a.m. - 12 p.m.**<br>**Feb. 23 - Feb. 26, 2010; 8 a.m. - 12 p.m.**<br>**Mar. 2 - Mar. 5, 2010; 8 a.m. - 12 p.m.** |
| **Argue & Submit** | **March 9, 2010 at 8 a.m.** |
| **Jury Deliberations** | **March 10 - 12, 2010** |

### Meet and Confer Requirement

1.      No later than 30 days prior to the Final Pretrial Conference, the parties shall meet and confer with respect to the Joint Pretrial Conference Statement, submission of a joint list of witnesses, a joint list of trial exhibits and a joint list of discovery material which each party intends to offer in evidence as a part of its case-in-chief.  Unless objections are made in accord with this Order, all witnesses, exhibits and discovery material contained on the joint submission shall be deemed admissible into evidence by stipulation.

---

[1]     **Jury trials are held in afternoon sessions from 1:00pm to 4:00pm, Tuesdays through Fridays unless the Court otherwise specifies.  At the Final Pretrial Conference, the Court reserves the right to fold the afternoon sessions into morning sessions (9:00 a.m. - 12:00 p.m.) thus creating full days for trial.  The final trial schedule will be confirmed at the Final Pretrial Conference.**

2

**United States District Court**
For the Northern District of California

1

**Objections and Lodging Disputed Material with the Court**

2      2.      If a party objects to receipt into evidence of a witness, exhibits or discovery response,

3  the party shall advise all opposing parties during the conference described in Paragraph 1, and

4  attempt to resolve the dispute.  If the parties are unsuccessful in resolving the dispute, any party

5  wishing to object to receipt of the testimony of any witness, any exhibit or discovery response into

6  evidence shall lodge with Chambers a copy of the disputed material at the commencement of trial.

7  Attached to the submission shall be a brief statement of the objection and any response by the

8  proffering party.  The Court will indicate on the submitted copy whether the objection is overruled

9  or sustained and return the material to counsel.

10      **Lodging Joint Pretrial Conference Statement, *In Limine* Motions**

11      **and Proposed Jury Instructions**

12      3.      Pursuant to the date set forth in the Case Schedule, the parties shall file and lodge

13  with Chambers the following:

14      a.      Joint Pretrial Conference Statement: The parties shall file a joint pretrial

15              statement which shall contain the following information:  (1) a brief

16              description of the substance of claims and defenses which remain to be

17              decided; (2) a detailed statement of all the relief claimed, particularly

18              itemizing all elements of damages claimed as well as witnesses, documents or

19              other evidentiary material to be presented concerning the amount of those

20              damages; (3) a plain and concise statement of all relevant facts not reasonably

21              disputable, as well as which facts the parties will stipulate for incorporation

22              into the trial record without the necessity of supporting testimony or exhibits;

23              (4) a plain and concise statement of all disputed factual issues which remain

24              to be decided; (5) a statement assessing whether all or part of the action may

25              be presented upon an agreed statement of facts; (6) a statement of stipulations

26              requested or proposed for pretrial or trial purposes; (7) without extended legal

27              argument, a concise statement of each disputed point of law concerning

28

3

**United States District Court**
For the Northern District of California

1    liability or relief, citing supporting statutes and decisions; (8) a list of all

2    witnesses likely to be called at trial; (9) a list of evidence the parties intend to

3    present at trial through use of excerpts from depositions, from interrogatory

4    answers, or from responses to requests for admission; and (10) any other

5    subjects relevant to the trial of the action, or material to its just, speedy and

6    inexpensive determination.  **Counsel are directed to meet and confer in**

7    **advance of the date for submission of pretrial material with respect to the**

8    **pretrial conference statement.**

9    b.    <u>*In Limine* Motions</u>:  Any *In limine* motions shall be filed in writing and

10    submitted along with the Joint Final Pretrial Conference Statement.  Any

11    opposition shall be filed in writing and served no later than ten (10) days after

12    the opening briefs have been filed and served.  **Fifteen (15)** days before the

13    date of the Final Pretrial Conference, the parties shall organize their **in limine**

14    motions as follows:

15    (1)    Each side shall be responsible for producing a combined folder with all of *their* in limine motions, oppositions to their motions (if any), and replies (if any), respectively.  The motion papers shall be clearly marked and separated in one single binder.  The binder shall contain a table of contents, listing each motion with a short sentence regarding the grounds for in limine and a short sentence regarding the opposition; all statements must be supported by proper citations to the motions.  **The table of contents shall also be saved on a 3½ floppy disk or a CD in MS Word or WordPerfect format to be attached inside the binder.**

16

17

18

19

20    (2)    Please note that this binder is not a substitute for filing the motions and related papers via ECF; it is designed for the Court to evaluate the motions.

21    Two copies of the binder shall be delivered to the Court (by way of the Clerk's Office) no later than **fifteen (15) days before the date of the Final Pretrial Conference by 3 PM.**  The parties must also bring the binder to the Final Pretrial Conference for their own references.

22

23

24    (3)    These motions will be deemed submitted without oral argument, unless the Court orders otherwise.

25    c.    <u>Proposed Jury Instructions:</u>    The parties shall filed their Proposed Jury

26    Instructions thirty (30) days before the date of the Final Pretrial Conference**.**

27    **The parties shall bring to the Final Pretrial Conference their Proposed**

28

**Jury Instructions on a 3½ floppy disk or a CD in MS Word or WordPerfect format.**

### Final Pretrial Conference

4.       The Court will conduct a Final Pretrial Conference on the date set forth in the <u>Case Schedule</u>.  The trial attorneys must attend the conference.  At the final pretrial conference, the Court will consider issues raised in the Final Pretrial Conference Statement, motions *in limine* and discuss the procedures for trial of the case.

### <u>Lodging Witness Lists and Exhibit Lists</u>

5.       At the Final Pretrial Conference, the parties shall lodge with Chambers the joint list of  witnesses, and a joint list of exhibits. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

6.       To accommodate consideration of electronic exhibits, as the trial progresses, the parties will load images of the admitted exhibits onto a stand alone hard drive or CD or DVD in "pdf" format.  The parties shall ensure that, apart from whatever technical material is necessary to operate the system, the CD, DVD or hard drive contains only the items specified in this order and nothing else.  The images will be placed in a folder labeled "Admitted Exhibits" that shall contain all trial exhibits received into evidence.  In addition to the exhibits, themselves, the folder shall contain a file labeled "List of Admitted Exhibits by Exhibit Number."  The "List" shall list in numerical order by Trial Exhibit Number, each admitted exhibit, along with the date of the document (where available), and a brief description of the exhibit.  To the extend practicable, the "List" shall be text searchable and hyperlinked to the Exhibits, themselves.  The folder shall contain a second filed labeled "List of Admitted Exhibits by Date."  This second "List" shall contain the same information, except that the exhibits will be listed in chronological order, according to the date the document was prepared.  The external stand alone hard drive or CD or DVD and a printed copy of the exhibit lists will be marked as exhibits and placed in evidence as demonstrative exhibits.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

7.      Before the case is submitted for decision, each party will be deemed to have had an opportunity to review the material described in the previous paragraph to ensure their accuracy. Unless a party objects before the case is submitted for decision to the judge or jury, the party will be deemed to have waived any and all objections to the submitted materials.

8.      To accommodate review of electronic exhibits, the parties will jointly provide the jury with the following equipment: a laptop computer, the external stand alone hard drive, CD or DVD, a printer (and, if practicable, an LCD projector).

9.      During its closing instructions, the Court will advise the jury of the form in which exhibits will be submitted to them.  The jury will also be instructed that, unless impracticable, upon a juror's written request, a printed copy of any exhibit received in evidence will be provided to the jury.  Before the jury retires to deliberate, the parties will provide a tutorial to the jurors on how to operate the equipment, how to view the exhibits, and how to print the exhibits if the jury wishes to do so.  A written set of instructions on operations of the equipment will be sent into the jury room.

10.     When the jury is deliberating, at least one lawyer for each side shall remain in close proximity to the courtroom.  In the event of any technical problem, or if the jurors have questions about how to operate the equipment, the jurors shall pass a note to the clerk, just as with any other questions they may have.  The Court will read the note to the lawyers.  Those lawyers shall consult with each other and with their respective technicians, and propose to the Court how they wish to address the technical problem.

11.     The parties shall maintain a backup laptop computer and a backup hard drive with identical images and data at the courthouse such that, in the event of a technical problem that cannot be quickly and easily remedied, the equipment can be replaced.

12.     Unless the Court orders otherwise for good cause shown, the expense of the equipment and the costs of preparation of the Lists and Exhibits will be shared equally among the parties.

13.     This Standing Order also applies to cases tried to the Court sitting without a jury, except that paragraphs 8-11 do not apply.

6

14.     The parties are ordered to meet and confer in advance of trial to establish a procedure for complying with this Order with respect to electronic exhibits.

15.     Upon request, in non-complex cases the Court will excuse the parties from using electronic formatted documents.  In that event on the first day of trial, the parties shall submit exhibits as follows:

      a.     A copy for the trial judge;

      b.     A copy for the witness stand.

      c.     No duplicates of a document shall be submitted, unless the duplicate copy has independent evidentiary value to prove some disputed issue of material fact (e.g., date stamp to prove receipt on a particular date, where date of receipt is a disputed issue of a material fact).

## Jury Trial Schedule

16.     The time allowed for trial shall be divided equally between the plaintiff's side and the defendant's side.  Co-parties are ordered to meet, confer and agree to an allocation among themselves.  A party may spend its allocated time presenting its own case or on cross-examination of witnesses called by other parties or for presentation of a counterclaim.  When a party's allocated time period has expired, unless otherwise ordered for good cause shown, no further time will be allowed to that party if it would interfere with the ability of the opposing party to present its case.

## Trial Procedure

17.     In opening statements, counsel shall not express personal knowledge or opinion concerning any matter in issue.

18.     Counsel must question witnesses from the podium, using the microphone.  Without requesting permission, counsel may approach witnesses for any proper purposes.

19.     Address all remarks to the Court, not to opposing counsel.

20.     Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

**United States District Court**
For the Northern District of California

7

**United States District Court**
For the Northern District of California

21.     In examining a witness, counsel shall not repeat or echo the answer given by the witness.

22.     <u>Counsel must stand when making an objection.</u>

23.     Conferences at the bench or sidebar are not favored by the Court.  Any sidebar conferences which are allowed will be off the record.  If any counsel wishes to place matters on the record, he or she may so request, and the Court will make a responsive order.

24.     Counsel have full responsibility to arrange for the appearance of witnesses during the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been placed on call by counsel.

25.     Unless an agreement to the contrary is entered into by opposing counsel, all nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying.   When a witness has completed his or her testimony, the witness is excused unless counsel indicates that he or she wishes the witness to remain subject to being recalled.  Any witness who has been excused from further testimony may remain as a spectator.  It will be the responsibility of counsel to make an announcement at the time the witness steps down that he or she should remain in the environs of the Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

26.     Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

27.     Witness examination shall consist of direct examination, cross-examination and re-direct examination.  No recross-examination will be allowed without prior approval of the Court specifically indicating the area for recross-examination.  When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses.  If one counsel conducts the direct examination of a witness, that same

8

1   counsel must make objections when the witness is cross-examined.  Counsel who will conduct the

2   cross-examination should object while the witness is on direct.

3        28.    After the commencement of trial testimony, upon request of co-parties, any objection,

4   motion or other application for relief made by any co-party, orally or in writing, shall be deemed to

5   be adopted and joined in by every other co-party, without announcement by counsel to that effect,

6   and the rulings of the Court shall be deemed applicable to each party unless otherwise stated at the

7   time the ruling is made.  Accordingly, it shall be regarded as unnecessary and improper for counsel

8   to rise to "join in" an objection or motion.  Rather, counsel should rise to be heard only for the

9   purpose of expressly opting out of an objection or motion if that is his or her position.

10        29.    Counsel are directed to deliver to opposing counsel at the end of each trial day (if not

11   earlier) a list of witnesses counsel anticipates calling the next trial day.

12        30.    Counsel calling a non-client witness to testify should have no further discussions with

13   that witness concerning the case or any aspect of his or her testimony after the witness has been

14   tendered for cross-examination and until such time as the witness has been tendered back for redirect

15   examination.  At all other times, within the bounds of governing ethics and the law, counsel may

16   engage in discussions with witnesses during trial.

17        31.    Any time taken away from presentation of evidence to the trier of fact due to, for

18   example, lengthy legal motions made during the time allocated to the presentation of evidence, or

19   delays in the commencement of proceedings due to circumstances within the control of counsel, will

20   be deducted from the time allocated for the presentation of evidence.  Upon timely application based

21   upon good cause, the Court may relieve a party of its stipulation to the agreed schedule.

22        32.    It is the practice of the Court periodically to inform counsel of the Court's record of

23   how much time each side has remaining for the presentation of evidence based upon the stipulated

24   trial schedule.

25

26   Dated: June 16, 2009

27   JAMES WARE
    United States District Judge

28

**United States District Court**
For the Northern District of California

9

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Paul Gearing bgearing@mofo.com
Colette R. Verkuil cverkuil@mofo.com
D. Stuart Bartow sbartow@goodwinprocter.com
Daryl Stuart Bartow sbartow@goodwinprocter.com
Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HmcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti Kkuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Paul Forrest Coyne pcoyne@mofo.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated: June 16, 2009**                                      **Richard W. Wieking, Clerk**

                                                              **By:   /s/ JW Chambers**
                                                                     **Elizabeth Garcia**
                                                                     **Courtroom Deputy**

10