IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
| Plaintiff, | **ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S DISCOVERY ORDER NO. 23** |
| v. | |
| Advanced Micro-Fabrication Equipment (Shanghai) Co., et al., | |
| Defendants. | |

On June 30, 2009, the Special Master issued Discovery Order No. 23, in which he granted Defendants' motion to take the deposition of Plaintiff's CEO, Michael Splinter ("Splinter"). (hereafter, "RDO 23," Docket Item No. 346.) In RDO 23, the Special Master determined that Splinter had unique personal knowledge relating to Defendants' unclean hands defense. The Special Master also found that, despite the discovery protections sometimes granted to high-level executives, Splinter's unique knowledge was a sufficient ground to permit Defendants to take his deposition.

Presently before the Court is Plaintiff's Objection to Discovery Order No. 23 Regarding the Deposition of Applied's CEO Michael Splinter. (hereafter, "Objections," Docket Item No. 358.) The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law. (See Order of Appointment, Docket Item No. 119.)

Plaintiff's principal objection to RDO 23 is that Defendants' unclean hands defense fails, as a matter of law, and that, as a consequence, the information sought from Splinter cannot be reasonably calculated to lead to the discovery of admissible evidence. (Objections at 1.) In addition, Plaintiff contends, as it did before the Special Master, that Splinter should be shielded from deposition on account of his position as an "apex" executive of the company. (Id.) Indeed, Plaintiff goes so far as to claim that Splinter's deposition is the "discovery equivalent of nuclear war." (Id.)

Upon review, however, the Court is unpersuaded that the Special Master erred in permitting Splinter's deposition. First, the Court notes that Plaintiff concedes that Splinter does, in fact, have unique knowledge of particular communications that Defendants wish to explore in connection with their unclean hands defense. (Objections at 1.) This concession cannot be ignored simply because Plaintiff introduces the caveat that "this isolated event" is "remote[] . . . from the relevant facts and issue in this case." (Id.)

Second, all parties agree, including the Special Master, that under certain circumstances, "apex" executives should be shielded from burdensome discovery. See Celerity, Inc. v. Ultra Clean Holding, Inc., No. C 05-4374 MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Nevertheless, the Court is satisfied that the Special Master has weighed the burden to Defendants against the need for the sought discovery in reaching his conclusion.

Third, it appears that Plaintiff is attempting to substantively challenge the sufficiency of the allegations underlying the unclean hands defense, with the consequence being that the deposition of Splinter could not lead to the discovery of evidence germane to that defense. To sustain Plaintiff's objections, therefore, would require the Court to determine, as a matter of law, that Defendants have no viable unclean hands defense. The Court is satisfied, however, that Plaintiff will have ample opportunity to challenge the legal sufficiency of this defense before this litigation comes to a close.

Accordingly, the Court OVERRULES Plaintiff's Objections to Discovery Order No. 23.

Dated: August 3, 2009

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Paul Gearing bgearing@mofo.com
Colette R. Verkuil cverkuil@mofo.com
D. Stuart Bartow sbartow@goodwinprocter.com
Daryl Stuart Bartow sbartow@goodwinprocter.com
Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HmcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti Kkuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Paul Forrest Coyne pcoyne@mofo.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated: August 3, 2009**                                    **Richard W. Wieking, Clerk**

                                                             **By:    /s/ JW Chambers**
                                                                  **Elizabeth Garcia**
                                                                  **Courtroom Deputy**