IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
| Plaintiff, | **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO DISCOVERY ORDERS NO. 29 & 38; OVERRULING PLAINTIFF'S OBJECTION TO DISCOVERY ORDER NO. 32** |
| v. | |
| Advanced Micro-Fabrication Equipment (Shanghai) Co., et al., | |
| Defendants. | |

On August 17, 2009, the Special Master issued Discovery Order No. 29, in which he denied Defendants' motion to de-designate a certain email authored by Plaintiff's CEO, Mike Splinter ("Splinter"). (hereafter, "RDO 29," Docket Item No. 378.) In RDO 29, the Special Master determined that the email is both "confidential" and "commercial" within the meaning of Fed. R. Civ. P. 26(c)(1)(G), and thus falls under the parties' protective order.

On August 20, 2009, the Special Master issued Discovery Order No. 32, in which he denied Plaintiff's request to submit certain privileged materials *in camera* in relation to its opposition to Defendants' motion for sanctions. (hereafter, "RDO 32," Docket Item No. 392.) In RDO 32, the Special Master determined that Plaintiff did not have to rely on privileged matter to defend the motion for sanctions because the employees who conducted the search for the email at issue may simply set out in declarations what they did.

On September 18, 2009, the Special Master issued Discovery Order No. 38, in which he denied Defendants' motion to strike and exclude expert testimony from Plaintiff's expert witnesses

Cecchi and Sawin with respect to the issue of whether Plaintiff's claimed trade secrets were "generally known." (hereafter, "RDO 38," Docket Item No. 449.) In RDO 38, the Special Master determined that Plaintiff's expert reports adequately addressed documents relating to the "generally known" issue, especially when considering the supplemental reports which provided greater detail on the basis for the experts' opinions.

Presently before the Court are Defendants' Objection to RDO 29,[1] Plaintiff's Objection to RDO 32,[2] and Defendants' Objection to RDO 38.[3]

The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law. (See Order of Appointment, Docket Item No. 119.) The Court considers each of the objections in turn.

**A.     RDO 29**

Defendants contend that the email correspondence from Splinter should be de-designated as "confidential information" so that Defendants may disclose it to government authorities to carry out an investigation and so that Defendants may use it in other private litigation against Plaintiff. (Defendants' Objection No. 1 at 1.) Defendants further contend that the email is neither "confidential" nor "commercial" within the meaning of Fed. R. Civ. P. 26(c)(1)(G), and thus does not fall within the scope of the parties' protective order.

Fed. R. Civ. P. 26(c)(1)(G) provides that "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

---

[1] (hereafter, "Defendants' Objection No. 1," Docket Item No. 401.)

[2] (hereafter, "Plaintiff's Objection," Docket Item No. 427.)

[3] (hereafter, "Defendants' Objection No. 2," Docket Item No. 467.)

2

Here, the parties' protective order defines "confidential" information as that which "qualif[ies] for protection under standards developed under Fed. R. Civ. P. 26(c)," and states that such information warrants "special protection from public disclosure and from use for any purpose other than prosecuting this litigation." (Stipulated Protective Order as Modified by the Court ¶¶ 1-2, hereafter, "Protective Order," Docket Item No. 135.)

The Special Master made specific findings that "[t]he email is 'commercial' by any reasonable standard," and that the email "was marked confidential and has been treated as confidential." To support their contention that these findings are contrary to law, Defendants cite a West Virginia district court case which defines "confidential commercial information" for purposes of Fed. R. Civ. P. 26(c) as "information which, if disclosed would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." (Defendants' Objection No. 1 at 10 (citing Massey Coal Servs., Inc. V. Victualic Co. Of Am., 249 F.R.D. 477 (S.D. W. Va. 2008).) The Court declines to adopt this narrow interpretation of Fed. R. Civ. P. 26(c) from another jurisdiction. Instead, the Court relies on the broader Ninth Circuit interpretation of the rule which "gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information." Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002).

> Rule 26(c) authorizes the district court to issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden.' The Supreme Court has interpreted this language as conferring 'broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'

Id. (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984)). Furthermore, Defendants' admission that it plans to use the email to encourage a government investigation of Plaintiff's conduct and to potentially bring further lawsuits against Plaintiff demonstrates that specific prejudice or harm will result if no protective order is granted. Thus, the Court finds that RDO 29 is not contrary to law or clearly erroneous.

Accordingly, the Court OVERRULES Defendants' Objection to RDO 29. The Splinter email shall remain labeled as "Confidential."

3

**B.** <u>**RDO 32**</u>

Plaintiff contends that in order to fully defend Defendants' motion for sanctions, it must utilize materials that fall within the protection of the attorney-client privilege and work-product doctrine. (Plaintiff's Objection at 2.) Plaintiff further contends that the Federal Rules of Civil Procedure allow for *in camera* review of privileged documents when a party is forced to respond to a sanctions motion. (<u>Id.</u> at 6.)

The Advisory Committee's Notes on the 1983 amendments to Fed. R. Civ. P. 26 provide that a party is not required "to disclose privileged communications in order to show that a discovery request, response or objection is substantially justified. The provisions of Rule 26(c), including appropriate orders after *in camera* inspection by the court, remain available to protect a party claiming privilege or work product protection."

Here, the Special Master relied on Magistrate Judge Seeborg's decision in an analogous case to find that Plaintiff need not support its opposition to the motion for sanctions with privileged material. (RDO 32 at 2 (citing <u>Google, Inc. v. American Blind and Wallpaper Factory, Inc.</u>, No. C 03-5340 (N.D. Cal. Apr. 27, 2007)).) Instead, Plaintiff may submit declarations of the employees who conducted the email search describing their actions in response to Defendants' discovery request. (<u>Id.</u>) In any case, Plaintiff is under no obligation to submit privileged materials and effect a waiver of the privilege. Thus, the Special Master's finding accords with a recent analogous case from this jurisdiction addressing the same issue.

Further, while the 1983 Advisory Committee Notes to Fed. R. Civ. P. 26 provide some support for *in camera* review of privileged materials where a party's response to discovery is challenged, as here, they certainly do not mandate such review. *Ex parte* proceedings remain "the disfavored exception" in our adversarial system. <u>United States v. Thompson</u>, 827 F.2d 1254, 1257 (9th Cir. 1987). There is no basis upon which to find that the Special Master acted erroneously or contrary to law when he denied Plaintiff's request to make an *ex parte* submission in conjunction with an opposition addressing the merits of Defendants' motion for sanctions. Thus, the Court finds that RDO 32 is not contrary to law or clearly erroneous.

1 Accordingly, the Court overrules Plaintiff's Objection to RDO 32.

**C. <u>RDO 38</u>**

Defendants contend that the opening expert reports of Cecchi and Sawin fail to meet the requirement under Fed. R. Civ. P. 26(a)(2)(B)(I) that expert reports must provide the underlying "basis and reasons" for the conclusions asserted. (Defendants' Objection No. 2 at 2-3.) Defendants further contend that by providing only bare-bones opening expert reports, Plaintiff unfairly denied Defendants' experts the opportunity to fully respond to Plaintiff's experts' conclusions in their rebuttal reports and diminished the amount of time Plaintiff had to prepare to depose Plaintiff's experts on the "generally known" issue. (<u>Id.</u> at 5-6.)

As the Special Master noted in his decision, "[a]n expert is not required to 'recite each minute fact or piece of scientific information that might be elicited on direct examination to establish the admissibility of expert opinion under <u>Daubert</u>.'" (RDO 38 at 3 (quoting <u>Single Chip Sys. Corp. v. Intermec PC Corp.</u>, 495 F. Supp. 2d 1066, 1075 (S.D. Cal. 2007)).) In a circumstance where Plaintiff's experts reviewed more than 150 documents, publications, and patents, it would be unrealistic to expect a detailed analysis of each individual piece of evidence. Thus, the Court finds that RDO 38 is not contrary to law or clearly erroneous.

Since Plaintiff's experts did eventually flesh out the reasoning underlying their conclusions in subsequent supplemental reports and rebuttal reports, any prejudice to Defendants appears to be solely a matter of timing. Defendants did not have the benefit of Plaintiff's experts' full explanations of their conclusions until significantly later than initially contemplated in the parties' agreed upon schedule. As Defendants point out, their preparation time for expert witness depositions and dispositive motions has been constricted. (Defendants' Objection No. 2 at 5-6.) To balance any prejudice that Defendants may have experienced, Defendants may request from the Special Master additional depositions with these experts in preparation for trial.

**D. Conclusion**

The Court overrules Defendants' Objection to RDO 29. The Court overrules Defendants' Objection to RDO 38, however, in preparation for trial, Defendants may request from the Special Master additional depositions. The Court overrules Plaintiff's Objection to RDO 32.

Dated: October 22, 2009

JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Paul Gearing bgearing@mofo.com
Colette R. Verkuil cverkuil@mofo.com
D. Stuart Bartow sbartow@goodwinprocter.com
Daryl Stuart Bartow sbartow@goodwinprocter.com
Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HmcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti Kkuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Marc J. Pernick mpernick@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Paul Forrest Coyne pcoyne@mofo.com
Richard Steven Ballinger Rballinger@mofo.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com


**Dated: October 22, 2009**                **Richard W. Wieking, Clerk**


**By:      /s/ JW Chambers
          Elizabeth Garcia
          Courtroom Deputy**