IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
|         Plaintiff,<br>  v. | **ORDER OVERRULING OBJECTION TO DISCOVERY ORDER NO. 43** |
| Advanced Micro-Fabrication Equipment (Shanghai) Co., et al., | |
|         Defendants. | |

On October 5, 2009, the Special Master issued Discovery Order No. 43, in which he denied AMEC's motion to clarify or modify the Protective Order[1] to allow it to present material in two expert reports to some of its employees or former employees. (hereafter, "RDO 43," Docket Item No. 476.) In RDO 43, the Special Master determined that: (1) the plain language of the Protective Order allows AMEC to "show confidential documents referenced in expert report to employees who are alleged to have authored or received them"; but (2) there is no basis upon which to modify the Protective Order to allow AMEC to "discuss any non-documentary confidential information referenced in the reports with employees who allegedly created the information or with whom Applied alleges that such information previously was shared." (RDO 43 at 2.)

Presently before the Court is AMEC's Objection to Discovery Order No. 43 Regarding Rights Under Protective Order. (hereafter, "Objection," Docket Item No. 571.) The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or

---

[1] (See Docket Item No. 135.)

pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law. (See Order of Appointment, Docket Item No. 119.)

Defendants object to RDO 43 on the grounds that: (1) they will be hampered in their ability to prepare adequately for trial unless they can disclose non-documentary confidential information to employees or former employees who are referenced in the expert reports; and (2) the Special Master erred in ruling that AMEC failed to show that it would be prejudiced if prevented from sharing such confidential information with employees and former employees. (Objection at 5-8.)

In Brown Bag Software v. Symantec Corp., the Ninth Circuit found that when facing a protective order dispute in a trade secrets case, courts should balance the risk of inadvertent disclosure of trade secrets to competitors against the risk that protection of trade secrets will impair prosecution of the plaintiff's claims. 960 F.2d 1465, 1470 (9th Cir. 1992); see also Nutratech, Inc. v. Syntech Int'l Inc., 242 F.R.D. 552, 555 (C.D. Cal. 2007). "To modify a protective order a party must establish good cause by demonstrating how the protective order will prejudice the party's case." Intel Corp. v. VIA Technologies, Inc., 198 F.R.D. 525, 528 (N.D. Cal. 2000).

Here, the Special Master specifically found that AMEC failed to articulate how it would be prejudiced in its ability to defend itself if denied the opportunity to disclose non-documentary confidential information to employees and former employees named in the expert reports. (RDO 43 at 3.) The Special Master further found that the Protective Order "was the product of substantial negotiation between counsel," and sufficiently balances the respective interests of both sides. (RDO 43 at 2, 4.) Allowing for disclosure of vaguely defined "non-documentary Confidential Information" would lead to a "very slippery slope in terms of how confidential information would be handled." (RDO at 3.) Under the circumstances, where the parties are "present day competitors in a highly competitive industry, dissemination of 'Confidential Information more broadly than already allowed by the Protective Order is very easily subject to abuse." (Id.)

The Court finds that the Special Master did not commit clear error when he found that AMEC did not adequately demonstrate how it would be prejudiced in defending itself at trial if prevented from disclosing non-documentary confidential information contained in the expert reports.

1  As the Special Master pointed out, AMEC remains free to disclose confidential documents to
2  authors and recipients of those documents, and AMEC can apprise employees of the nature of the
3  allegations being made as long as it does not refer to specific confidential information included in
4  the reports. (See RDO at 3.)  The Court is not persuaded that AMEC cannot adequately prepare for
5  trial without discussing with employees the particulars of non-documentary confidential information
6  contained in the expert reports.

7  Furthermore, AMEC provides no legal authority that would require a contrary finding.
8  Besides Brown Bag Software, Nutratech, and Intel Corp., which the Special Master directly
9  addressed in RDO 43,[2] AMEC relies on Medtronic Sofamore Danek, Inc. v. Michelson,[3] an
10 unreported Tennessee case not binding on this Court, to support its contention that denying a party's
11 access to confidential information may impair its ability to defend a lawsuit.  In that case, the district
12 court balanced the respective interests of the parties to determine that prohibiting a party's access to
13 certain confidential *documents* would greatly impair his ability to defend himself in the lawsuit. Id.
14 at *15.  Since Medtronics only found that it was necessary for the opposing party to disclose
15 confidential documents, that case does not support AMEC's contention that disclosing non-
16 documentary confidential information is necessary to adequately defend itself here.  Thus, the
17 Special Master's finding that AMEC's ability to disclose to authors and recipients documentary
18 information sufficiently protects its due process rights was not contrary to law.

19 Accordingly, the Court OVERRULES AMEC's Objection to Discovery Order No. 43.

21 Dated: November 13, 2009

JAMES WARE
United States District Judge

---

[2] (RDO at 3.)

[3] 2002 U.S. Dist. LEXIS 27981 (W.D. Tenn. 2002).

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Paul Gearing bgearing@mofo.com
Colette R. Verkuil cverkuil@mofo.com
D. Stuart Bartow sbartow@goodwinprocter.com
Daryl Stuart Bartow sbartow@goodwinprocter.com
Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HMcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti KKuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Marc J. Pernick mpernick@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Paul Forrest Coyne pcoyne@mofo.com
Richard Steven Ballinger RBallinger@mofo.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated: November 13, 2009**         **Richard W. Wieking, Clerk**

                                      **By:    /s/ JW Chambers**
                                           **Elizabeth Garcia**
                                           **Courtroom Deputy**

**United States District Court**
For the Northern District of California