IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
|         Plaintiff,<br>  v. | **ORDER OVERRULING OBJECTION TO DISCOVERY ORDER NO. 36** |
| Advanced Micro-Fabrication Equipment (Shanghai) Co., et al., | |
|         Defendants. / | |

On September 11, 2009, the Special Master issued Discovery Order No. 36, in which he denied Defendants motion to require Plaintiff to narrow its trade secret list. (hereafter, "RDO 36," Docket Item No. 443.) In RDO 36, the Special Master determined that: (1) the existing trade secret list accomplishes its necessary purposes of limiting and defining discovery, and of informing Defendants of the subject matters which Plaintiff asserts to be at issue, and (2) there is no legal authority to support Defendants' contention that Plaintiff must narrow its trade secret list. (Id. at 6-7.)

Presently before the Court is AMEC's Objection to Discovery Order No. 36 Regarding Limiting Trade Secret List. (hereafter, "RDO 36 Objection," Docket Item No. 458.) The Court reconsiders a recommendation of the Special Master pertaining to a non-dispositive motion or pretrial discovery matter only where the Special Master's recommendation is clearly erroneous or contrary to law. (See Order of Appointment, Docket Item No. 119.)

Defendants contend that Plaintiff's trade secret list is too voluminous to allow Defendants to address it meaningfully and to prepare adequately for trial. (RDO 36 Objection at 1.) Defendants further contend that the Court should use its inherent authority to manage its affairs "so as to achieve the orderly and expeditious disposition of cases" to order Plaintiff to pare down its list. (Id. at 4 (citing Link v. Wabash R.R., 370 U.S. 626, 640-31 (1962)).)

In support of their contention that courts may pare down claims in the interest of case management, Defendants cite several patent cases. (RDO Objection at 4-5.) Although Defendants are correct that courts frequently limit the number of claims that each party may present for claim construction in patent infringement litigation,[1] this is not a patent infringement case. Rather, Plaintiff has asserted trade secret misappropriation claims. In order for the Court to award the injunctive relief that Plaintiff seeks, Plaintiff bears the burden of proving that each document in Defendants' possession that Plaintiff wishes to have returned and enjoined from further use is in fact a trade secret. The Court finds that it would be improper to prevent Plaintiff from presenting to the jury all of the evidence that it believes necessary, within the time limits already established, to obtain the relief that it seeks.

Thus, the Court finds that the Special Master's Recommendation is not clearly erroneous or contrary to law. However, the Court acknowledges that the length of the trade secret list as it now stands poses some challenges to Defendants in preparing for trial. It is obvious that due to the finite time period for trial that the parties have agreed to, it will be necessary for Plaintiff to take some sort of categorical approach to proving its claims. The Court leaves to Plaintiff the decision as to how best to utilize the limited time that it has to present its case to the jury. In order to eliminate any possibility of surprise to Defendants in the approach that Plaintiff takes in presenting its case at trial, the Court directs Plaintiff to disclose to Defendants the order and method of proof that it plans to

---

[1] See Patent L.R. 4-3(b). In some instances, courts have limited the number of patent claims that may be asserted at trial. See e.g., Verizon California Inc. v. Ronald A. Katz Technology Licensing, P.A., 326 F. Supp. 2d 1060, 1066 (C.D. Cal. 2003) (citing Fed. R. Civ. P. 1); Hearing Components, Inc. v. Shure, Inc., No. 9:07CV104, 2008 WL 2495426, at *1 (E.D. Tex. Jun. 13, 2008).

2

1 present. Thus, the Court finds that Defendants will not be unduly prejudiced by the length of
2 Plaintiff's current trade secret list.
3     Accordingly the Court OVERRULES AMEC's Objection to Discovery Order No. 36
4 Regarding Limiting Trade Secret List. On or before **January 4, 2010**, Plaintiff shall disclose to the
5 Court and Defendants the order and methods of proof that it plans to present at trial.

7 Dated: December 14, 2009

                                     JAMES WARE
                                     United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Paul Gearing bgearing@mofo.com
Colette R. Verkuil cverkuil@mofo.com
D. Stuart Bartow sbartow@goodwinprocter.com
Daryl Stuart Bartow sbartow@goodwinprocter.com
Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HMcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti KKuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Marc J. Pernick mpernick@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Paul Forrest Coyne pcoyne@mofo.com
Richard Steven Ballinger RBallinger@mofo.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated:  December 14, 2009**                         **Richard W. Wieking, Clerk**

                                                      **By:      /s/ JW Chambers**
                                                             **Elizabeth Garcia**
                                                             **Courtroom Deputy**