THOMAS HR DENVER (56872)
Mediation Masters
96 North Third Street
Suite 300
San Jose, CA 95112

Telephone: (408) 280-7883
Facsimile: (408) 292-7868

Special Master

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLIED MATERIALS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>ADVANCED MICRO-FABRICATION EQUIPMENT, INC., et al.,<br><br>  Defendants. | No. C 07-05248 JW<br><br>**DISCOVERY ORDER NO. 45** |

Defendant AMEC's motion for sanctions came on for hearing on December 11, 2009. Substantial briefing having been reviewed and oral argument heard,

IT IS ORDERED as follows:

The motion is GRANTED, as set forth more fully below.

**REASONS FOR DECISION**

Defendant AMEC's motion for sanctions is predicated upon plaintiff Applied's belated production of a certain e-mail authored by plaintiff's CEO, Michael Splinter, in December of 2007. That e-mail was produced by plaintiff on July 10, 2009. Defendant had made elaborate efforts in discovery to obtain this e-mail. In particular, its requests for production of documents 8 and 26 clearly call for production of the e-mail in question and

-1-
DISCOVERY ORDER NO. 45

1 written interrogatory 36 inquired specifically about it. Further, Recommended Discovery
2 Order 16 (document 274) dated April 9, 2009, directs plaintiff to provide a further response
3 to request for production 26 and directs plaintiff to search for and produce, at its own
4 expense, "any responsive documents which have been deleted and which can be
5 restored." Plaintiff failed to respond with regard to the subject e-mail to the relevant
6 requests for production and Recommended Discovery Order 16 in a timely fashion.

7     Plaintiff's failure to produce the e-mail in question is all the more troubling in that
8 defense counsel had provided significant detail as to the document sought in the course of
9 this litigation. Defense counsel described to plaintiff's counsel an e-mail or letter, authored
10 by plaintiff's CEO, Mr. Splinter, and directed to a representative of potential customer
11 TSMC. As defendant's efforts to obtain the specified e-mail went forward, defense counsel
12 identified, with great specificity, the time frame in which the e-mail would have been
13 created, for example, stating that it would have been in "the first two weeks of 2007."
14 Despite having a very specific identification of the document requested, the time frame in
15 which it would have been generated, the author and the potential recipient, plaintiff failed to
16 produce the document within a reasonable time.

17     Mr. Splinter's December 6, 2007, e-mail, the subject of this motion, sets out in its
18 subject line the word "AMEC." AMEC is referred to in the body of the e-mail and the e-mail
19 makes reference to the present litigation. Thus, the document is clearly responsive to the
20 above-described requests for production of documents. Any reasonably organized
21 electronic search should have identified this document, resulting in its production.

22     Plaintiff acknowledges, in its opposition to this motion, that Mr. Splinter was one of
23 several Applied employees whose files were on a "litigation hold." That litigation hold was
24 established prior to the date of the subject e-mail.

25     In its opposition, plaintiff's counsel asserts that a thorough search was made of the
26 appropriate files and documents and that the subject e-mail was missed through
27 inadvertence. It is to be noted that the opposition does not contain affidavits or
28 declarations from any of those personnel directly involved in the purported search for this

document, nor does it have a declaration from Mr. Splinter, the author of the document. Plaintiff's counsel had sought leave to file various declarations in camera to support their opposition. Such leave was denied in Recommended Discovery Order 32 (document 392). In that order, the Special Master set out that:

> ". . . the Applied employees who conducted the search may simply set out, in declaration form, what they *did*. If Applied's attorneys performed the physical search, they may provide similar declarations."

Applied has provided no such declarations.

Applied's primary argument in opposition to this motion is that the subject e-mail was missed because documents were initially searched in a date range that concluded in October of 2007, a date before which the e-mail was generated. Applied's counsel go on to suggest that subsequent searches, through miscommunication or inadvertence, did not cover the appropriate date range either. Even accepting these hearsay statements, it is difficult to understand why so limited a date range was used. The only explanation given by Applied is that restoration and search of back-up tapes is expensive. However, Recommended Discovery Order 16 (document 274) specifically directs plaintiff to incur this expense. Further, plaintiff's recitation of the actual expense involved, while it describes a substantial number, does not set out an expense which is disproportionate to litigation of this magnitude. Simply stated, the alleged expense involved is not a justification for an inadequate search.

Plaintiff, in opposition, states that Mr. Splinter's files were searched by his assistant for responsive e-mails. They assert, further, that the assistant informed them that nothing responsive was found. No declaration of that assistant is provided and no explanation as to why the document, which was eventually found, was not found.

While no appropriately supported description as to why the e-mail was not present in Mr. Splinter's records is provided, the Special Master concludes, on the basis of everything submitted, that Mr. Splinter, despite the litigation hold, most likely deleted the subject e-mail at or about the time it was created. Mr. Splinter either ignored appropriate advice regarding

the litigation hold or such advice was not given. No declaration from Mr. Splinter, in this regard, is provided.

Plaintiff sets out that, having received sufficient particulars regarding the subject e-mail from defense counsel, it eventually recognized that it had not searched in the correct date range, conducted such a search and promptly produced the e-mail. It is to be noted that the e-mail was produced, without any special identification, as part of a 5,000 page production. Given the elaborate history of the defendant's request for this document and the motion practice surrounding it, a more straightforward production would have been appropriate. Defendant, in its moving papers, does not cite to any legal authority for the proposition that the subject e-mail had to be produced separately, but given the good faith obligations under the Federal Rules and the circumstances here, its production should have been more straightforward.

Despite a very poorly supported opposition, lacking in affidavits or declarations from knowledgeable witnesses, based on the entire record, including oral argument by counsel, the Special Master is satisfied that the failure to produce the subject e-mail was the product of negligence, as opposed to a willful act. Further, given that the subject e-mail appears relevant to defendant's counterclaims, as opposed to plaintiff's case in chief, it does not appear that it should have been produced, at the outset, pursuant to FRCP 26. At the same time, given the very elaborate efforts made by defendant to secure the subject e-mail and the fact that that e-mail should have been readily found with a reasonable search, the conduct here is subject to sanction. FRCP 37(c). This is particularly so in view of Recommended Discovery Order 16, referred to above. Sanctions may be imposed even for negligent failures to provide discovery. Fjelstad vs. Am. Honda Motor Co., 762 F.2d 1334, 1343 (9th Cir. 1985). Plaintiff's counsel and plaintiff's personnel seem not to have taken sufficiently seriously their obligation to search for and produce the subject e-mail, particularly in view of all of the information regarding it that was provided to them in the course of discovery in this matter. The imposition of sanctions lies within the discretion of the court. Payne vs. Exxon Corp., 121 F.3d 503, 510 (9th Cir. 1997).

Moving party need not demonstrate prejudice, under circumstances such as these, in order to obtain an award of sanctions. <u>Torres vs. City of Los Angeles</u>, 548 F.3d 1197, 1213 (9th Cir. 2008). At the same time, a showing of prejudice can be taken into account in determining appropriate sanctions. Here, moving party AMEC asserts that it has been prejudiced by the late production of this e-mail. It cites prejudice under two theories: first, that it has incurred significant expense in seeking the document and, second, that it has been handicapped in its discovery efforts by the late production.

Taking the second argument first, no prejudice to the discovery process appears. As set forth in its own moving papers, AMEC was aware of the communication between Mr. Splinter and TSMC no later than August of 2008 (Exhibit "I" to AMEC's motion). AMEC had the opportunity to conduct discovery regarding this communication, even in the absence of the actual document and chose not to do so. Further, and more importantly, as set forth in Discovery Report No. 4 (document 454) dated September 24, 2009, counsel for the parties worked with the Special Master in arriving at a schedule for discovery related to AMEC's counterclaims. Working with the Special Master, the parties *stipulated* to discovery regarding the counterclaims and that discovery went forward. [Note that defendant has deposed Mr. Splinter and provides no evidence that Mr. Splinter was questioned, in any detail, about the absence of this e-mail in his records.] AMEC has not demonstrated that it was prejudiced with regard to these discovery efforts.

AMEC seeks, by this motion, an award of "its costs and fees for Applied's violations." AMEC sets out those costs as being those associated with filing a second motion to compel the deposition of Mr. Splinter (predicated on the production of the subject e-mail by plaintiff in July, 2008) and the cost of filing the present motion. AMEC also seeks certain non-monetary sanctions.

Dealing with the monetary sanctions first, AMEC has set out a claim for the sum of $25, 777.50. AMEC has suggested, in its moving papers, that it will provide invoices supporting that figure to the Special Master, on an in camera basis. AMEC is directed to provide those invoices within ten days of the date that this order becomes final. Local Rule

1  37(b)(3).  Once the Special Master has reviewed those invoices, he will set out a specific
2  monetary sanction.  The parties should take into account, in deciding whether to challenge
3  this order,  the Special Master's impression based on the material provided by AMEC in its
4  moving papers, that the figure sought appears to be reasonable.
5        Defendant AMEC seeks an order requiring Applied to supplement certain of its
6  discovery responses.  Plaintiff asserts, in its opposition, that it has supplemented all of its
7  discovery responses to take into account its discovery and production of the subject e-mail.
8  Plaintiff is ordered to review its discovery responses, including, in particular, its
9  interrogatory responses, to be certain that they have been appropriately supplemented in
10  light of the subject e-mail.  Any appropriate supplementation should be provided within ten
11  days of the date this order becomes final.
12        Finally, AMEC seeks an order requiring plaintiff Applied to "submit detailed affidavits
13  regarding the document searches that it has undertaken."  The Special Master declines to
14  issue such an order.  While Applied's opposition is not as well supported as it should be, on
15  the weight of all of the evidence provided to the Special Master, including oral argument, it
16  is his conclusion that the failure to produce the subject e-mail was as a result of negligence.
17  Moving party AMEC has not made any showing that plaintiff has failed to conduct an
18  adequate search in any other particular or that other documents have been inappropriately
19  withheld.  The Special Master also notes that, while Applied now seeks "detailed affidavits"
20  with regard to Applied's document searches, AMEC has made it clear throughout its
21  discovery motion practice before the Special Master that it will seek to exploit any possible
22  suggestion of waiver of the attorney-client privilege by Applied.  In the absence of a
23  satisfactory demonstration that Applied has failed to meet its discovery obligations in any
24  particular other than the subject e-mail, the Special Master declines to require affidavits that
25  might, themselves, be the subject of the elaborate and unfruitful practice.
26        The monetary sanctions set forth above is ordered as against both Applied and its
27  counsel, as it is not clear from the opposition just who is responsible for the failure to
28  produce the subject e-mail in a timely fashion.  There is a clear suggestion Mr. Splinter

failed to meet his document retention obligations and a clear indication that counsel were less careful than they might have been in designing and supervising the document search. The monetary sanction ordered shall be paid within ten days of the date that this order becomes final.

The Special Master will set out a specific monetary sanction as promptly as possible once the invoices described above have been provided by defendant's counsel. He will then file a supplemental order, setting forth that amount. The parties will have ten days from the date of that supplemental order to file any objection.

Dated: December 18, 2009.                    /s/ Thomas HR Denver
                                             THOMAS HR DENVER