IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Applied Materials, Inc., | NO. C 07-05248 JW |
| Plaintiff, | **ORDER DENYING THE PARTIES' MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION** |
| v. | |
| Advanced Micro-Fabrication Equipment (Shanghai) Co, et al., | |
| Defendants. | |

Presently before the Court are Defendants' Motion for Leave to Seek Reconsideration of Order Denying Defendants' Motion for Summary Judgment[1] and Plaintiff's Motion for Leave to File Motion for Reconsideration or, in the Alternative, Renewed Motion for Summary Judgment on Defendants' Counterclaims.[2] The Court considers each Motion in turn.

**A.    Standard**

Civil Local Rule 7-9(a) provides as follows:

> Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in the case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that Judge on any ground set forth in Civil L.R. 7-9(b).  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion.

---

[1] (hereafter, "Defendants' Motion," Docket Item No. 858.)

[2] (hereafter, "Plaintiff's Motion," Docket Item No. 856.)

In doing so, the moving party must specifically show the following:

(1) That at the time of filing the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not repeat any oral or written argument previously made with respect to the interlocutory order that the party now seeks to have reconsidered. Civ. L.R. 7-9(c). "A party who violates this restriction shall be subject to appropriate sanctions." Id.

**B.** **Defendants' Motion**

Defendants move for leave to seek reconsideration of the Court's December 14, 2009 Order Denying Defendants' Motion for Summary Judgment. (See Docket Item No. 842.) Defendants contend that the Court erred when it found a triable issue of fact regarding whether Plaintiff has an ownership interest in trade secrets which are the property of its wholly-owned subsidiaries. (Defendants' Motion at 2.) In support of their contention, Defendants point out that neither of the two cases relied on by Plaintiff to establish that a parent corporation has an ownership interest in the trade secrets of its wholly-owned subsidiary are binding authority. (Id. at 4-7.) Defendants further point to a number of out-of-jurisdiction district court cases for the proposition that the "[m]ere ownership of a subsidiary [] does not confer standing onto the parent [corporation] to sue for infringement of the subsidiary's parents,"[3] as well as to a Ninth Circuit case which held that copyright ownership by a subsidiary does not confer ownership on the parent corporation.[4]

---

[3] (Id. at 8 (quoting Bushnell, Inc. v. Brunton Co., 2009 U.S. Dist. LEXIS 79729, at *17 (D. Kan. Sept. 3, 2009).)

[4] (Id. at 9 (citing Disenos Artisticos E Industriales, S.A. v. Lladro USA, Inc., 97 F.3d 377, 380 (9th Cir. 1996).)

2

The Court finds that Defendants have not shown that the Court manifestly failed to consider material facts or dispositive legal arguments which were presented to the Court. First, the out-of-jurisdiction district court cases which Defendants cite are not binding on the Court. Second, the Ninth Circuit case that Defendants cite is distinguishable because it was decided in the copyright context rather than the trade secret context. Even if it is analogous, however, Disenos Artisticos stands only for the proposition that a parent corporation does not automatically own the intellectual property of its subsidiary. See 97 F.3d at 380. Thus, assuming that Disenos Artisticos extends beyond the copyright context, a fact-finder must still make a determination as to whether Plaintiff has an ownership interest in the trade secrets of its wholly-owned subsidiaries based on their particular relationship.

Accordingly, the Court DENIES Defendants' Motion.

**C.  Plaintiff's Motion**

Plaintiff moves for leave to file a motion for reconsideration of the Court's November 30, 2009 Order[5] on the basis that (1) the Court relied in part on the fact that the parties had not yet completed discovery, and (2) the Court did not explicitly address whether the allegedly libelous statement at the heart of Defendant AMEC China's counterclaims was a statement of opinion or fact. (See Plaintiff's Motion at 1.) In the alternative, Plaintiff moves the Court to treat Plaintiff's Motion as a renewed motion for summary judgment. (Id.)

Upon review of Plaintiff's Motion, the Court finds that reconsideration is not warranted. First, although the Court mentioned in its November 30, 2009 Order that discovery was ongoing, this was not the primary basis for the Court's decision. Rather, the Court primarily relied on the existence of genuine disputes of material facts. (November 30, 2009 Order at 4.) Furthermore, Plaintiff has not shown that it discovered any new material facts that the Court failed to consider. Thus, reconsideration is not appropriate on this ground.

---

[5]  (hereafter, "November 30, 2009 Order," Docket Item No. 755 at 4; Docket Item No. 624.)

3

Second, implicit in the Court's November 30, 2009 Order finding genuine disputes of material facts was that a fact-finder could reasonably construe the allegedly libelous statement as either a statement of opinion or a statement of fact (*i.e.*, the statement unambiguously constitutes neither fact nor opinion). In such circumstances, it is for the jury to decide how the statement should be characterized. See Good Gov't Group of Seal Beach, Inc. v. Super. Ct., 22 Cal. 3d 672, 682 (Cal. 1978); Ferlauto v. Hamsher, 74 Cal. App. 4th 1394, 1401 (Cal. Ct. App. 1999). Thus, reconsideration is not appropriate on this ground.

Finally, the Court declines to treat Plaintiff's Motion as a renewed motion for summary judgment. Plaintiff's Motion essentially repeats grounds previously considered and rejected by the Court.

Accordingly, the Court DENIES Plaintiff's Motion.

**D.  Conclusion**

The Court DENIES the parties' Motions for Leave to file Motions for Reconsideration.

Dated: January 4, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Paul Gearing bgearing@mofo.com
Colette R. Verkuil cverkuil@mofo.com
D. Stuart Bartow sbartow@goodwinprocter.com
Daryl Stuart Bartow sbartow@goodwinprocter.com
Douglas C Doskocil ddoskocil@goodwinprocter.com
Harold J. McElhinny HMcElhinny@mofo.com
James C. Rehnquist jrehnquist@goodwinprocter.com
John C. Englander jenglander@goodwinprocter.com
Kenneth Alexander Kuwayti KKuwayti@mofo.com
Marc David Peters mdpeters@mofo.com
Marc J. Pernick mpernick@mofo.com
Michael G. Strapp mstrapp@goodwinprocter.com
Paul Forrest Coyne pcoyne@mofo.com
Richard Steven Ballinger RBallinger@mofo.com
Thomas F. Fitzpatrick tfitzpatrick@goodwinprocter.com
Thomas H R Denver tdenver@mediationmasters.com

**Dated:  January 4, 2010**              **Richard W. Wieking, Clerk**

                                          **By:     /s/ JW Chambers**
                                                **Elizabeth Garcia**
                                                **Courtroom Deputy**

*United States District Court*
For the Northern District of California